SHORT RECORD
NO. 23-2135
FILED 06/07/2023

APPEAL,ATTYOPEN,CLOSED,CONSENT,PROTO

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CIVIL DOCKET FOR CASE #: <u>2:20−cv−01660−NJ</u>

Aaron et al v. Ratkowski et al
Assigned to: Magistrate Judge Nancy Joseph
Cause: 42:1983 Civil Rights Act

Date Filed: 11/02/2020
Date Terminated: 05/08/2023
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

<u>**Plaintiff**</u>

**Kathryn Knowlton**
*TERMINATED: 03/13/2023*

represented by **Edward Milo Schwab**
Ascend Counsel, LLC
2401 S Downing
Denver, CO 80210
303−888−4407
Fax: 303−292−1956
Email: <u>milo@ascendcounsel.co</u>
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
Motley Legal Services
PO Box 1433
United States
28106
Matthews, NC 28106
704−765−4887
Fax: 704−582−6229
Email: <u>kcymotley@gmail.com</u>
*ATTORNEY TO BE NOTICED*

**William F Sulton**
The Sulton Law Firm LLC
2745 N Dr Martin Luther King Jr Dr − Ste
202
Milwaukee, WI 53212
414−477−0088
Fax: 414−250−7676
Email: <u>william@sultonlaw.com</u>
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
Knowlton Law Group LLC
7219 W Center St
Milwaukee, WI 53210
414−202−2444
Fax: 414−939−8830
Email: <u>kate@knowltonlawgroup.com</u>

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dana McCormick**
*TERMINATED: 03/13/2023*

represented by **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrew Aaron**

represented by **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kamila Ahmed**

represented by **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Agnew**                    represented by    **Edward Milo Schwab**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kimberley C Motley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William F Sulton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn L Knowlton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Isiah Baldwin**                   represented by    **Edward Milo Schwab**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kimberley C Motley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William F Sulton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn L Knowlton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jacqueline Bogenberger**          represented by    **Edward Milo Schwab**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kimberley C Motley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William F Sulton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn L Knowlton**
                                                      (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lavita Booker**                    represented by   **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rebecca Burrell**                  represented by   **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raine Cich**                       represented by   **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tahudah Cole**                                    represented by     **Edward Milo Schwab**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kimberley C Motley**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **William F Sulton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kathryn L Knowlton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Taleavia Cole**                                  represented by     **Edward Milo Schwab**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kimberley C Motley**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **William F Sulton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kathryn L Knowlton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tracy Cole**                                     represented by     **Edward Milo Schwab**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kimberley C Motley**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **William F Sulton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kathryn L Knowlton**
                                                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Khalil Coleman**                                     represented by    **Edward Milo Schwab**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Kimberley C Motley**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **William F Sulton**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Kathryn L Knowlton**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven Conklin**                                    represented by    **Edward Milo Schwab**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Kimberley C Motley**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **William F Sulton**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Kathryn L Knowlton**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lauryn Cross**                                      represented by    **Edward Milo Schwab**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Kimberley C Motley**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **William F Sulton**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Kathryn L Knowlton**
                                                                      (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Rachel Dulay** | represented by | **Edward Milo Schwab**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kimberley C Motley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **William F Sulton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kathryn L Knowlton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Anne Delessio−Parson**<br>*TERMINATED: 12/05/2022* | represented by | **Edward Milo Schwab**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kimberley C Motley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **William F Sulton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kathryn L Knowlton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Erik Fanning** | represented by | **Edward Milo Schwab**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kimberley C Motley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **William F Sulton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kathryn L Knowlton**<br>(See above for address) |

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jessica Fenner**                          represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jill Ferguson**                           represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Breon Foster**                            represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joanna Geisler**                     represented by    **Edward Milo Schwab**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kimberley C Motley**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William F Sulton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kathryn L Knowlton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christine Groppi**                   represented by    **Edward Milo Schwab**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kimberley C Motley**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William F Sulton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kathryn L Knowlton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gaige Grosskreutz**                  represented by    **Edward Milo Schwab**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kimberley C Motley**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William F Sulton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kathryn L Knowlton**
                                                          (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Hayes**                    represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Percy Hayes**                     represented by    **Edward Milo Schwab**
*TERMINATED: 12/19/2022*                             (See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Destiney Jones**                  represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adante Jordan**                  represented by  **Edward Milo Schwab**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Kimberley C Motley**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **William F Sulton**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Kathryn L Knowlton**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary Kachelski**                 represented by  **Edward Milo Schwab**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Kimberley C Motley**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **William F Sulton**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Kathryn L Knowlton**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sean Kafer**                     represented by  **Edward Milo Schwab**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Kimberley C Motley**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **William F Sulton**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Kathryn L Knowlton**
                                                 (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joey Koepp**                    represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Larry**                    represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alex Larson**                   represented by    **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sonora Larson**                                    represented by     **Edward Milo Schwab**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kimberley C Motley**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **William F Sulton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kathryn L Knowlton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Holly Lavora**                                     represented by     **Edward Milo Schwab**
*TERMINATED: 12/19/2022*                                               (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kimberley C Motley**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **William F Sulton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kathryn L Knowlton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lazarito Matheu**                                  represented by     **Edward Milo Schwab**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kimberley C Motley**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **William F Sulton**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kathryn L Knowlton**
                                                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vaun Mayes**                    represented by    **Edward Milo Schwab**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kimberley C Motley**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **William F Sulton**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kathryn L Knowlton**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Molly Nilssen**                 represented by    **Edward Milo Schwab**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kimberley C Motley**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **William F Sulton**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kathryn L Knowlton**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shawn Page**                    represented by    **Edward Milo Schwab**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kimberley C Motley**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **William F Sulton**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kathryn L Knowlton**
                                                    (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carmen Palmer**                              represented by    **Edward Milo Schwab**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kimberley C Motley**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William F Sulton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kathryn L Knowlton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Juvenile Palmer 1**                          represented by    **Edward Milo Schwab**
*TERMINATED: 03/13/2023*                                        (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kimberley C Motley**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William F Sulton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kathryn L Knowlton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Juvenile Palmer 2**                          represented by    **Edward Milo Schwab**
*TERMINATED: 03/13/2023*                                        (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kimberley C Motley**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William F Sulton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kathryn L Knowlton**
                                                                (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leah Porter**                      represented by    **Edward Milo Schwab**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kimberley C Motley**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **William F Sulton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathryn L Knowlton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aidali Rivera**                    represented by    **Edward Milo Schwab**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kimberley C Motley**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **William F Sulton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathryn L Knowlton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Rivera**                   represented by    **Edward Milo Schwab**
*TERMINATED: 03/13/2023*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kimberley C Motley**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **William F Sulton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathryn L Knowlton**
                                                        (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hector Rodriguez**                         represented by    **Edward Milo Schwab**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kimberley C Motley**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William F Sulton**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kathryn L Knowlton**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose Hernandez Ramirez**                   represented by    **Edward Milo Schwab**
*TERMINATED: 03/13/2023*                                       (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kimberley C Motley**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William F Sulton**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kathryn L Knowlton**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Oscar Concepcion Rodriguez**               represented by    **Edward Milo Schwab**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kimberley C Motley**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William F Sulton**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kathryn L Knowlton**
                                                               (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosalind Rogers**                    represented by    **Edward Milo Schwab**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Kimberley C Motley**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **William F Sulton**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Kathryn L Knowlton**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nathan Sabel**                       represented by    **Edward Milo Schwab**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Kimberley C Motley**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **William F Sulton**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Kathryn L Knowlton**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Schroeder**                  represented by    **Edward Milo Schwab**
*TERMINATED: 03/13/2023*               (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Kimberley C Motley**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **William F Sulton**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Kathryn L Knowlton**
                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mariah Smith**                            represented by   **Edward Milo Schwab**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kimberley C Motley**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William F Sulton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kathryn L Knowlton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Peter Sparks**                            represented by   **Edward Milo Schwab**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kimberley C Motley**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William F Sulton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kathryn L Knowlton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tiffany Stark**                           represented by   **Edward Milo Schwab**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kimberley C Motley**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William F Sulton**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kathryn L Knowlton**
                                                            (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Angel Vega**                represented by  **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christina Vitolo−Haddad**    represented by  **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gabriella Vitucci**        represented by  **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tristiana Walls**                                                     represented by   **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Oscar Walton**                                                     represented by   **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jayden Welch**                                                     represented by   **Edward Milo Schwab**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberley C Motley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Sulton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn L Knowlton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Britta Welch**                              represented by    **Edward Milo Schwab**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kimberley C Motley**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William F Sulton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kathryn L Knowlton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Suzanne Wells**                             represented by    **Edward Milo Schwab**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kimberley C Motley**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William F Sulton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kathryn L Knowlton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brandon Wilborn**                           represented by    **Edward Milo Schwab**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kimberley C Motley**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William F Sulton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kathryn L Knowlton**
                                                                (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Trisha Wilson**                    represented by   **Edward Milo Schwab**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kimberley C Motley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William F Sulton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn L Knowlton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Katelyn Wojnar**                   represented by   **Edward Milo Schwab**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kimberley C Motley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William F Sulton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn L Knowlton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sonja Worthy**                     represented by   **Edward Milo Schwab**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kimberley C Motley**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William F Sulton**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn L Knowlton**
                                                      (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Members of the People's Revolution an**          represented by    **Edward Milo Schwab**
**Unincorporated Entity**                                           (See above for address)
*TERMINATED: 03/13/2023*                                            *ATTORNEY TO BE NOTICED*

                                                                   **Kimberley C Motley**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **William F Sulton**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Kathryn L Knowlton**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Wauwatosa**                               represented by    **Ann C Wirth**
*TERMINATED: 03/13/2023*                                            Wirth & Baynard
                                                                   9898 W Bluemound Rd − Ste 2
                                                                   Wauwatosa, WI 53226
                                                                   414−291−7979
                                                                   Email: acw@wbattys.com
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Gregg J Gunta**
                                                                   Wirth + Baynard
                                                                   9898 W Bluemound Rd − Ste 2
                                                                   Wauwatosa, WI 53226
                                                                   414−291−7979
                                                                   Fax: 414−291−7960
                                                                   Email: gjg@guntalaw.com
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Jasmyne M Baynard**
                                                                   Wirth + Baynard
                                                                   9898 W Bluemound Rd − Ste 2
                                                                   Wauwatosa, WI 53226
                                                                   414−291−7979
                                                                   Fax: 414−291−7960
                                                                   Email: jmb@wbattys.com
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **John A Wolfgang**
                                                                   Wirth + Baynard
                                                                   9898 W Bluemound Rd − Ste 2

Wauwatosa, WI 53226
414−291−7979
Fax: 414−291−7960
Email: jaw@guntalaw.com
*TERMINATED: 02/19/2021*

**Joseph M Wirth**
Wirth & Baynard
9898 W Bluemound Rd − Ste 2
Wauwatosa, WI 53226
414−291−7979
Email: jmw@wbattys.com
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
Crivello Carlson SC
710 N Plankinton Ave − Ste 500
Ste 500
Milwaukee, WI 53203
414−290−7508
Fax: 414−271−4438
Email: kzellner@crivellocarlson.com
*TERMINATED: 03/02/2023*

**Kyle R Moore**
Wirth & Baynard
9898 W Bluemound Rd − Ste 2
Wauwatosa, WI 53226
414−291−7979
Fax: 414−291−7960
Email: krm@wbattys.com
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Barry Weber**                         represented by   **Ann C Wirth**
*TERMINATED: 08/25/2022*                                 (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Gregg J Gunta**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jasmyne M Baynard**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **John A Wolfgang**
                                                         (See above for address)
                                                         *TERMINATED: 02/19/2021*

                                                         **Kiley Beth Zellner**
                                                         (See above for address)

*TERMINATED: 03/02/2023*

**Kyle R Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dennis McBride**                    represented by    **Ann C Wirth**
*TERMINATED: 03/13/2023*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gregg J Gunta**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jasmyne M Baynard**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John A Wolfgang**
                                                        (See above for address)
                                                        *TERMINATED: 02/19/2021*

                                                        **Joseph M Wirth**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

                                                        **Kyle R Moore**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Maria Arbiter**                     represented by    **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                Wirth & Baynard
                                                        9898 W Bluemound Rd − Ste 2
                                                        Wauwatosa, WI 53226
                                                        414−291−7979
                                                        Fax: 414−291−7960
                                                        Email: jmb@wbattys.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

**Defendant**

                                      represented by

**Jeffrey Farina**
*TERMINATED: 03/13/2023*

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Defendant**

**Joseph Lewandowski**
*TERMINATED: 08/25/2022*

represented by **Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Defendant**

**Daniel Mitchell**
*TERMINATED: 08/25/2022*

represented by **Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Defendant**

**George Opelt**
*TERMINATED: 08/25/2022*

represented by **Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Defendant**

**Robert Piehl**
*TERMINATED: 08/25/2022*

represented by **Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Defendant**

**Dominick Ratkowski**

represented by

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Defendant**

**Russell Richardson**                          represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                         (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kiley Beth Zellner**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/02/2023*

**Defendant**

**Joseph Roy**                                  represented by   **Jasmyne M Baynard**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Joseph M Wirth**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kiley Beth Zellner**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/02/2023*

**Defendant**

**George Schimmel**                             represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                         (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kiley Beth Zellner**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/02/2023*

**Defendant**

**James Short**                                 represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                         (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kiley Beth Zellner**
                                                                 (See above for address)

*TERMINATED: 03/02/2023*

**Defendant**

**Brian Skornia**                      represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

**Defendant**

**Luke Vetter**                        represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

**Defendant**

**Timothy Warren**                     represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

**Defendant**

**Shane Wrucke**                       represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

**Defendant**

**Kelly Zielinski**                    represented by   **Jasmyne M Baynard**
*TERMINATED: 08/25/2022*                                (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

**Defendant**

**John Does Police Officers 1−100**

*TERMINATED: 08/25/2022*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/02/2020 | 1 | | COMPLAINT with Jury Demand; against All Defendants by Kathryn Knowlton, Dana McCormick. ( Filing Fee PAID $400 receipt number AWIEDC−3623993) (Attachments: # 1 Civil Cover Sheet, # 2 Summons for efile return)(Knowlton, Kathryn) |
| 11/02/2020 | | | NOTICE Regarding assignment of this matter to Judge Brett Ludwig; Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days; the consent/refusal form is available here. Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (jcl) |
| 11/03/2020 | | | Summons Issued as to All Defendants (vkb) |
| 11/24/2020 | 2 | | NOTICE of Appearance by Jasmyne M Baynard on behalf of City of Wauwatosa, Dennis McBride, Barry Weber. Attorney(s) appearing: John A. Wolfgang, Gregg J. Gunta, Ann C. Wirth and Jasmyne M. Baynard (Baynard, Jasmyne) |
| 11/24/2020 | 3 | | ANSWER to 1 Complaint, by City of Wauwatosa, Dennis McBride, Barry Weber.(Baynard, Jasmyne) |
| 11/24/2020 | 4 | | NOTICE of Appearance by Gregg J Gunta on behalf of City of Wauwatosa, Dennis McBride, Barry Weber. Attorney(s) appearing: John A. Wolfgang, Gregg J. Gunta, Ann C. Wirth and Jasmyne M. Baynard (Gunta, Gregg) |
| 11/24/2020 | 5 | | NOTICE of Appearance by Ann C Wirth on behalf of City of Wauwatosa, Dennis McBride, Barry Weber. Attorney(s) appearing: John A. Wolfgang, Gregg J. Gunta, Ann C. Wirth and Jasmyne M. Baynard (Wirth, Ann) |
| 11/24/2020 | 6 | | NOTICE of Appearance by John A Wolfgang on behalf of City of Wauwatosa, Dennis McBride, Barry Weber. Attorney(s) appearing: Gregg J. Gunta, Ann C. Wirth and Jasmyne M. Baynard (Wolfgang, John) |
| 11/24/2020 | 7 | | DISCLOSURE Statement by City of Wauwatosa, Dennis McBride, Barry Weber. (Baynard, Jasmyne) |
| 11/25/2020 | 8 | | Magistrate Judge Jurisdiction Form filed by All Plaintiffs. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Knowlton, Kathryn) |
| 11/25/2020 | | | NOTICE from the clerk to DEFENDANTS requesting that the Consent/Refusal form to Magistrate Judge Nancy Joseph be filed within 21 days; the form is available here. (kah) |
| 12/07/2020 | 9 | | Magistrate Judge Jurisdiction Form filed by All Defendants. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Baynard, Jasmyne) |
| 12/08/2020 | 10 | | ORDER REASSIGNING CASE ON CONSENT. Case reassigned to Magistrate Judge Nancy Joseph for all further proceedings. Judge Brett Ludwig no longer assigned to case signed by Judge Brett Ludwig on 12/8/20. (cc: all counsel) (MP) |

| 12/09/2020 | 11 | | NOTICE of Hearing: Rule 16 Scheduling Conference set for 1/6/2021 at 10:00 AM via Zoom Video Conference before Magistrate Judge Nancy Joseph. The parties are to file their Rule 26(f) Report no later than 12/30/2020. (cc: all counsel)(asc) |
|---|---|---|---|
| 12/09/2020 | | | ZOOM INFORMATION for Rule 16 Scheduling Conference set for January 6, 2021 at 10:00 AM before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 160 686 9270** and **Password: 575346** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (asc) |
| 12/14/2020 | 12 | | NOTICE of Appearance by Kimberley C Motley on behalf of All Plaintiffs. Attorney(s) appearing: Kimberley Cy. Motley (Motley, Kimberley) |
| 12/15/2020 | | | NOTICE of Electronic Filing Error re 12 Notice of Appearance filed by Kathryn Knowlton, Dana McCormick ; All documents must contain an electronic signature. You must RE−FILE this document.; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (asc) |
| 12/15/2020 | 13 | | NOTICE OF APPEARANCE ~~MOTION to Appoint Counsel~~ *Kimberley Cy. Motley* by All Plaintiffs. (Motley, Kimberley) Modified on 12/15/2020 (mlm). |
| 12/24/2020 | 14 | | NOTICE of Appearance by Edward Milo Schwab on behalf of Kathryn Knowlton, Dana McCormick. Attorney(s) appearing: E. Milo Schwab (Schwab, Edward) |
| 12/28/2020 | 15 | | *Joint* REPORT of Rule 26(f) Plan by All Defendants. (Baynard, Jasmyne) |
| 01/06/2021 | 16 | | Minute Entry for Rule 16 Scheduling Conference held on 1/6/2021 before Magistrate Judge Nancy Joseph: Discussion as to background of case, and scope of discovery.The court adopts the parties proposed dates. (Court Reporter Zoom Audio) (asc) |
| 01/06/2021 | 17 | | SCHEDULING ORDER signed by Magistrate Judge Nancy Joseph. IT IS HEREBY ORDERED that Rule 26(a) Disclosures to be exchanged by 2/6/2021; Amended Pleadings due by 2/15/2021; Plaintiffs Expert Witness List due by 5/7/2021 Defendants Expert Witness List due by 7/9/2021; Discovery due by 8/27/2021; Motions due by 9/10/2021. (cc: all counsel)(asc) |
| 02/05/2021 | 18 | | NOTICE by City of Wauwatosa, Dennis McBride, Barry Weber *of Withdrawal of Counsel* (Wirth, Ann) |
| 02/11/2021 | 19 | | Unopposed MOTION to Amend/Correct 17 by All Plaintiffs. (Schwab, Edward) |
| 02/11/2021 | 20 | | ORDER signed by Magistrate Judge Nancy Joseph on 2/11/2021 granting 19 Motion to Amend/Correct. Amended Pleadings due by 2/26/2021. (cc: all counsel)(sf) |
| 02/12/2021 | | | Set/Reset Deadlines: Amended Pleadings due by 2/26/2021 (rcm) |
| 02/18/2021 | | | ZOOM INFORMATION for Status Conference (COUNSEL ONLY) set for 2/19/2021 at 1:30PM before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 763 8297** and **Password: 299838** |

| | | | |
|---|---|---|---|
| | | | Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 02/19/2021 | 21 | | Minute Entry for Status Conference via Zoom held before Magistrate Judge Nancy Joseph. Parties discussed discovery. (Court Reporter Zoom Audio) (rcm) |
| 02/19/2021 | 22 | | Second MOTION to Amend/Correct Scheduling Order − ECF #17 by All Plaintiffs. (Motley, Kimberley) |
| 02/19/2021 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 2/19/2021 granting 22 Motion to Amend/Correct. Amended Pleadings due by 3/5/2021. (cc: all counsel)(sf) |
| 03/05/2021 | 23 | | DISREGARD; SEE 24 AMENDED COMPLAINT ~~AMENDED COMPLAINT with Jury Demand against All Plaintiffs filed by Kathryn Knowlton. (Attachments: # 1 Exhibit Exhibit #1)~~(Motley, Kimberley) Modified on 3/8/2021 (asc). |
| 03/06/2021 | 24 | | AMENDED COMPLAINT with Jury Demand against All Plaintiffs filed by Kathryn Knowlton. (Attachments: # 1 Exhibit DA Ops Plan − WPD, # 2 Exhibit Protestor List Email, # 3 Exhibit Emergency Proclamation, # 4 Exhibit Weber Transcript)(Motley, Kimberley) |
| 03/09/2021 | 25 | | NOTICE of Appearance by Kyle R Moore on behalf of City of Wauwatosa, Dennis McBride, Barry Weber. Attorney(s) appearing: Kyle R. Moore, Ann C. Wirth, Gregg J. Gunta, Jasmyne M. Baynard (Moore, Kyle) |
| 03/15/2021 | 26 | | MOTION for Extension of Time to File Answer *or Otherwise Respond to Plaintiffs' First Amended Complaint and Request for a New Scheduling Order Pursuant to Civil L. R. 7(h)* by All Defendants. (Baynard, Jasmyne) |
| 03/18/2021 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 3/18/2021 granting 26 Motion for Extension of Time to Answer. Answer due April 19, 2021. (cc: all counsel)(sf) |
| 04/16/2021 | 27 | | ANSWER to 24 Amended Complaint, by All Defendants.(Baynard, Jasmyne) |
| 04/22/2021 | 28 | | Rule 7(h) Expedited MOTION to Seal *All Discovery Materials* by All Defendants. (Baynard, Jasmyne) Modified on 4/23/2021 (rcm). |
| 04/22/2021 | 29 | | DECLARATION of Jasmyne M. Baynard *In Support of Defendants' Motion to Seal Discovery Documents* (Attachments: # 1 Baynard Declaration Exhibit A − April 7, 2021 Email, # 2 Baynard Declaration Exhibit B − April 9, 2021 Email, # 3 Baynard Declaration Exhibit C − April 22, 2021 Email)(Baynard, Jasmyne) |
| 04/23/2021 | | | NOTICE of Hearing: Status Conference set for 4/23/2021 at 1:00 PM via Zoom before Magistrate Judge Nancy Joseph. Zoom information to follow. (cc: all counsel)(rcm) |
| 04/23/2021 | | | ZOOM INFORMATION for Status Conference set for 4/23/2021 at 1:00pm before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 785 0501**and **Password: 424983** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 04/23/2021 | 30 | | Minute Order for Status Conference held before Magistrate Judge Nancy Joseph on 4/23/2021. Court DENIES Motion to Seal 28 as premature. Court |

| | | | |
|---|---|---|---|
| | | | ORDERS parties to confer regarding a new Rule 26(f) Plan and to discuss discovery issues. Court ORDERS parties to complete and file a new Rule 26(f) Plan by 5/3/2021. Scheduling Conference set for 5/7/2021 at 9:00 AM via Zoom before Magistrate Judge Nancy Joseph. Zoom information to follow. (Court Reporter Zoom Audio.) (rcm) (Entered: 04/26/2021) |
| 04/26/2021 | | | ZOOM INFORMATION for Scheduling Conference set for 5/7/2021 at 9:00am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 160 818 2070**and **Password: 926493** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 04/26/2021 | | | Set/Reset Deadlines: Rule 26(f) Report due by 5/3/2021 (rcm) |
| 04/26/2021 | 31 | | MOTION for Sanctions by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Schwab, Edward) |
| 04/27/2021 | | | NOTICE of Electronic Filing Error re 31 MOTION for Sanctions filed by Kathryn Knowlton, Dana McCormick ; You must put a brief description with exhibits when attaching them. THIS DOCUMENT DOES NOT NEED TO BE REFILED. (rcm) |
| 05/04/2021 | 32 | | *Defendants' AMENDED* REPORT of Rule 26(f) Plan by All Defendants. (Moore, Kyle) |
| 05/07/2021 | 33 | | Minute Entry for Scheduling Conference held before Magistrate Judge Nancy Joseph on 5/7/2021. Amended Pleadings due by 7/31/2021, Discovery due by 12/31/2021, Dispositive Motions due by 1/31/2022. (Court Reporter Zoom Audio) (rcm) |
| 05/11/2021 | 34 | | AMENDED SCHEDULING ORDER signed by Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |
| 05/17/2021 | 35 | | BRIEF in Opposition filed by All Defendants re 31 MOTION for Sanctions . ~~This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document~~(Wirth, Ann) Modified on 6/1/2021 (rcm). |
| 05/18/2021 | | | NOTICE of Electronic Filing Error re 35 Brief in Opposition to Motion, filed by City of Wauwatosa, Dennis McBride, Barry Weber ; Pursuant to General Local Rule 79, the Court will consider all documents to publicly filed unless a separate motion to seal or restrict is filed. You should file your motion to seal or restrict document immediately; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 05/28/2021 | 36 | | LETTER from Defendants' Atty. Ann C. Wirth regarding sealed status of 35 . (Wirth, Ann) Modified on 6/2/2021 (rcm). |
| 07/07/2021 | 37 | | MOTION to Compel by All Plaintiffs. (Attachments: # 1 Exhibit A − Plaintiff Req. for Production 010521, # 2 Exhibit B − Email of June 21, 2021, # 3 Exhibit C − Dennis McBride email to Barry Weber re: Groppi 101120, # 4 Exhibit D − Dominick Ratkowski Protestor List Email 071420, # 5 Exhibit E − |

| | | |
|---|---|---|
| | | Ratkowski, Dominick Protestor List (Restricted), # 6 Exhibit F − Dominick Ratokowski Depo pg. 42 of 6/23/21)(Motley, Kimberley) |
| 07/12/2021 | | NOTICE of Hearing: Status Conference set for 7/13/2021 at 11:30 AM in via Zoom before Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |
| 07/12/2021 | | ZOOM INFORMATION for Status Conference set for 7/13/2021 at 11:30am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 032 2454**and **Password: 999558** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 07/12/2021 | | NOTICE of Electronic Filing Error re 37 MOTION to Compel filed by Kathryn Knowlton, Dana McCormick ; Pursuant to General Local Rule 79, the Court will consider all documents to be publicly filed unless a separate motion to seal or restrict is filed, including any attachments. You should file your motion to seal or restrict document immediately; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 07/13/2021 | 38 | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph. Parties discussed discovery issues. Parties are to confer regarding protective orders and any outstanding issues and submit an update to the court by Friday, July 23, 2021. (Court Reporter Zoom Audio) (rcm) |
| 07/23/2021 | 39 | LETTER from Attorney Jasmyne M. Baynard re outstanding issues and protective order. (Attachments: # 1 ~~Information Sheet~~ Proposed Protective Order)(Baynard, Jasmyne) Modified on 7/26/2021 (rcm). |
| 07/23/2021 | 40 | LETTER from Plaintiff Counsel *KLK* re outstanding issues and discovery issues. (Knowlton, Kathryn) Modified on 7/26/2021 (rcm). |
| 07/29/2021 | | NOTICE of Hearing: Status Conference set for 7/29/2021 at 11:00 AM via Zoom before Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |
| 07/29/2021 | | ZOOM INFORMATION for Status Conference set for 7/29/2021 at 11:00am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 980 2795**and **Password: 781173** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 07/29/2021 | 41 | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph. Defendants to file motion for protective order by 8/6/2021. Amended complaint due 8/20/2021. Responses due 9/10/2021. (Court Reporter Zoom Audio) (rcm) |
| 07/29/2021 | 42 | SECOND AMENDED SCHEDULING ORDER signed by Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |
| 08/06/2021 | 43 | MOTION for Protective Order by All Defendants. (Baynard, Jasmyne) |
| 08/11/2021 | 44 | BRIEF in Opposition filed by All Plaintiffs re 43 MOTION for Protective Order *KLK*. (Knowlton, Kathryn) |
| 08/20/2021 | | NOTICE of Hearing: Status Conference set for 8/23/2021 at 9:00 AM via Zoom before Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |

| 08/20/2021 | | | ZOOM INFORMATION for Status Conference set for 8/23/2021 at 9:00am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 306 8556**and **Password: 050550** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
|---|---|---|---|
| 08/20/2021 | 45 | | LETTER from Jasmyne M. Baynard . (Attachments: # 1 Index of Documents Produced, # 2 Email, # 3 Notice of Deposition − Causier, # 4 Notice of Deposition − Schimmel, # 5 Email referencing Rule 30)(Baynard, Jasmyne) |
| 08/20/2021 | 46 | | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 8/20/2021 granting 31 Motion for Sanctions. The plaintiffs must submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with the April 23, 2021 deposition and the instant sanctions motion by August 30, 2021. Defendant McBride will have until September 9, 2021 to respond. (cc: all counsel)(llc) |
| 08/21/2021 | 47 | | AMENDED COMPLAINT against All Plaintiffs by Kathryn Knowlton. ( ~~Filing Fee PAID $402 receipt number AWIEDC−3899298)n~~ (Attachments: # 1 Exhibit #1 − DA Anno, # 2 Exhibit #2 − Joseph Roy 010721 Email, # 3 Exhibit #3 − Ratkowski 071420, # 4 Exhibit 4 − Emer. Proc., # 5 Exhibit #4 − Barry Weber Trans 092120)(Motley, Kimberley) Modified on 8/30/2021 (rcm). |
| 08/22/2021 | 48 | | MOTION for Sanctions by All Plaintiffs. (Attachments: # 1 Email of July 14, 2021, # 2 Email July 14, 2021 from Def. Counsel, # 3 email July 14, 2021 to Def. Counsel inquiry, # 4 Email July 14 2021 from Def. Counsel confirms no appear, # 5 email July 14 2021 to Def. Counsel to accomodate, # 6 email July 16, 2021 to Def. confirming no show, # 7 email July 16 2021 from Def. Counsel confirm no show, # 8 email July 16 2021 to Def. Counsel summary with req to correct, # 9 email Aug 6, 2021 email to Def. Counsel req new dates, # 10 email Aug 9, 2021 email from Def. Counsel collecting dates, # 11 email Aug 11, 2021 email from Def. Counsel confirm no cont depo for KC, # 12 email Aug 11, 2021 email to Def Counsel with formal notice for Aug 19, # 13 email Aug 12 2021 email from Def. counsel with Rule 30 ref, # 14 email Aug 13 2021 email to Def. Counsel expecting Aug 19 appear, # 15 email Aug 17 2021 email to Def. counsel to confirm Aug 19 appeara)(Knowlton, Kathryn) |
| 08/22/2021 | 49 | | LETTER from Plaintiff Counsel *KLK*. (Knowlton, Kathryn) |
| 08/23/2021 | 50 | | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph on 8/23/2021. Parties discussed status of discovery. Court makes orders as stated on the record. (Court Reporter Zoom Audio) (rcm) |
| 08/25/2021 | 51 | | LETTER from Defendants' Atty. Jasmyne M. Baynard re discovery . (Wirth, Ann) Modified on 8/26/2021 (rcm). |
| 08/25/2021 | 52 | | REPLY BRIEF in Support filed by All Defendants re 43 MOTION for Protective Order . (Wirth, Ann) |
| 08/26/2021 | | | NOTICE of Electronic Filing Error re 51 Letter ; All documents should contain the s/signature of the attorney who files the document. **This document does not need to be re−filed**; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |

| | | | |
|---|---|---|---|
| 08/30/2021 | 53 | | AFFIDAVIT of Plaintiffs' Counsel *re: Costs and Fees* (see 46 ). (Knowlton, Kathryn) Modified on 8/31/2021 (rcm). |
| 08/30/2021 | 54 | | NOTICE by All Plaintiffs *of Errata* (Attachments: # 1 Third Amended Complaint)(Schwab, Edward) |
| 08/31/2021 | | | NOTICE of Electronic Filing Error re 54 Notice filed by Kathryn Knowlton, Dana McCormick ; The Amended Complaint attachment to this document should have been filed as separate entry. **This document does not need to be re−filed** ; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 09/08/2021 | 55 | | NOTICE by All Plaintiffs *2nd Notice of Errata* (Motley, Kimberley) |
| 09/08/2021 | 56 | | AMENDED COMPLAINT *Corrected 3rd Amended Complaint* with Jury Demand against All Defendants filed by Kathryn Knowlton, Dana McCormick.(Motley, Kimberley) |
| 09/09/2021 | 57 | | RESPONSE filed by City of Wauwatosa, Dennis McBride, Barry Weber re 53 Affidavit (Moore, Kyle) |
| 09/09/2021 | 58 | | DECLARATION of Kyle R. Moore (Attachments: # 1 Westlaw Litigation History Report, # 2 Pages from McBride Deposition Testimony)(Moore, Kyle) |
| 09/09/2021 | 59 | | UNPUBLISHED Decision filed by City of Wauwatosa, Dennis McBride, Barry Weber (Moore, Kyle) |
| 09/09/2021 | 60 | | UNPUBLISHED Decision *Mehringer v Village of Bloomingdale* filed by City of Wauwatosa, Dennis McBride, Barry Weber (Moore, Kyle) |
| 09/10/2021 | 61 | | NOTICE of Appearance by Kiley Beth Zellner on behalf of All Defendants. Attorney(s) appearing: Kiley B. Zellner (Zellner, Kiley) |
| 09/10/2021 | 62 | | MOTION to Strike *Plaintiffs' (3rd) Third Amended Complaint* 56 by All Defendants. (Zellner, Kiley) Modified on 9/14/2021 (rcm). |
| 09/10/2021 | 63 | | BRIEF in Support filed by All Defendants re 62 MOTION to Strike *Plaintiffs' (3rd) Third Amended Complaint* . (Zellner, Kiley) |
| 09/10/2021 | 64 | | DECLARATION of Kiley B. Zellner (Attachments: # 1 Exhibit A − Email Thread)(Zellner, Kiley) |
| 09/10/2021 | 65 | | ANSWER to 56 Amended Complaint with Jury Demand by All Defendants.(Zellner, Kiley) |
| 09/13/2021 | 66 | | RESPONSE to Motion filed by All Defendants re 48 MOTION for Sanctions . (Baynard, Jasmyne) |
| 09/13/2021 | 67 | | DECLARATION of Jasmyne M. Baynard (Attachments: # 1 Exhibit A − Plaintiffs' 08/24/2021 Letter, # 2 Exhibit B − Notice of Continued Deposition of Kathy Causier, # 3 Exhibit C − Notice of Deposition of Kathy Causier, # 4 Exhibit D − Deposition Transcript of Kathy Causier, # 5 Exhibit E − Email Correspondence RE Causier's Continued Deposition Notice, # 6 Exhibit F − Email Correspondence RE Causier not appearing for Cont. Deposition, # 7 Exhibit G − Plaintiffs' Letter to Shane Wrucke)(Baynard, Jasmyne) |
| 09/14/2021 | 68 | | MOTION to Clarify by All Defendants. (Moore, Kyle) |

| 09/16/2021 | 69 | REPLY filed by All Plaintiffs re 57 Response (Non−Motion) to 53 Affidavit. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Unpublished Case, # 9 Unpublished Case)(Schwab, Edward) Modified on 9/17/2021 (rcm). |
| 09/17/2021 | | NOTICE of Electronic Filing Error re 69 Reply (Non−Motion), filed by Kathryn Knowlton, Dana McCormick ; All documents should contain the s/signature of the attorney who files the document. **This document does not need to be re−filed**; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 09/17/2021 | 70 | LETTER from Plaintiff's Counsel *Update & Discovery Issues*. (Motley, Kimberley) |
| 09/21/2021 | 71 | LETTER from Kiley B. Zellner re Discovery Issues. (Attachments: # 1 Audio of Meet & Confer (Flash Drive), # 2 Plaintiffs' List of Depositions, # 3 Agenda for Meet and Confer)(Zellner, Kiley) Modified on 9/22/2021 (rcm). |
| 09/22/2021 | 72 | LETTER from Atty. Kiley Zellner transmitting flash drive containing the Audio of Counsel's September 16, 2021 Meet and Confer. (FLASH DRIVE IN CLERK'S OFFICE) (Attachments: # 1 Envelope)(rcm) |
| 09/22/2021 | 73 | MOTION to Strike *Plaintiffs' Response for Attorneys' Costs and Fees (Dkt 69 )* by All Defendants. (Moore, Kyle) Modified on 9/23/2021 (rcm). |
| 09/22/2021 | 74 | BRIEF in Support filed by All Defendants re 73 MOTION to Strike *Plaintiffs' Response for Attorneys' Costs and Fees (Dkt 69 )* . (Moore, Kyle) Modified on 9/23/2021 (rcm). |
| 09/22/2021 | 75 | NOTICE by All Plaintiffs (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schwab, Edward) |
| 09/23/2021 | | NOTICE of Electronic Filing Error re 75 Notice filed by Kathryn Knowlton, Dana McCormick ; All documents should contain the s/signature of the attorney who files the document. **This document does not need to be re−filed**; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 09/24/2021 | 76 | LETTER from Attorney Kiley B. Zellner *(Discovery Update)*. (Zellner, Kiley) |
| 09/24/2021 | 77 | ORDER signed by Magistrate Judge Nancy Joseph on 9/24/2021 granting in part and denying in part 43 Motion for Protective Order. (cc: all counsel)(sf) |
| 09/24/2021 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 9/24/2021 finding as moot 68 Motion to clarify per Docket # 77. (cc: all counsel)(sf) |
| 09/28/2021 | 78 | LETTER from Plaintiff's Counsel in response to 71 and 76 regarding discovery. (Attachments: # 1 Exhibit 1 − 091621 Email, # 2 Exhibit 2 − Plaintiff's 1st Request for Production of Documents, # 3 Exhibit 3 − Response by Defendants Plaintiff's 1st Request, # 4 Exhibit 4 − 091321 Plaintiff Deposition List)(Motley, Kimberley) Modified on 9/29/2021 (rcm). |
| 09/30/2021 | 79 | MOTION to Quash *Plaintiffs' Notice of Deposition Served on George Schimmel* by All Defendants. (Moore, Kyle) |
| 09/30/2021 | 80 | BRIEF in Support filed by All Defendants re 79 MOTION to Quash *Plaintiffs' Notice of Deposition Served on George Schimmel and for a Protective Order*. |

| | | | (Moore, Kyle) |
|---|---|---|---|
| 09/30/2021 | 81 | | DECLARATION of Kyle R. Moore *in Support of Defendants' Motion to Quash Plaintiffs' Notice of Deposition Served on George Schimmel* (Attachments: # 1 Plaintiffs' Notice of Deposition, # 2 Defendants' Notice of Objection, # 3 Plaintiffs' Email Response to Defendants' Notice of Objection)(Moore, Kyle) |
| 09/30/2021 | 82 | | DECLARATION of George M. Schimmel *in Support of Defendants' Motion to Quash Plaintiffs' Notice of Deposition* (Attachments: # 1 Email and Stipulation and Order to Amend the Curfew Violations)(Moore, Kyle) |
| 09/30/2021 | 83 | | MOTION to Stay *Proceedings* by All Defendants. (Zellner, Kiley) |
| 09/30/2021 | 84 | | BRIEF in Support filed by All Defendants re 83 MOTION to Stay *Proceedings* . (Zellner, Kiley) |
| 09/30/2021 | 85 | | DECLARATION of George M. Schimmel *in Support of Defendants' Motion to Stay Proceedings* (Attachments: # 1 Order to Stay Proclamation of Emergency Curfew Restriction Citations of Plaintiffs)(Zellner, Kiley) |
| 09/30/2021 | 86 | | MOTION to Quash *Causier Notice of Deposition*, MOTION to Strike *Deposition Transcript* by All Defendants. (Zellner, Kiley) |
| 09/30/2021 | 87 | | BRIEF in Support filed by All Defendants re 86 MOTION to Quash *Causier Notice of Deposition* MOTION to Strike *Deposition Transcript* . (Zellner, Kiley) |
| 09/30/2021 | 88 | | DECLARATION of Kiley B. Zellner *In Support of Motion to Quash Causier* (Attachments: # 1 Exhibit A−Notice of Deposition, # 2 Exhibit B−Emails with Court Reporter, # 3 Exhibit C−Notice of Objection, # 4 Exhibit D−Motley Response to Objection, # 5 Exhibit E−Emails Audio and Notices)(Zellner, Kiley) |
| 10/01/2021 | | | NOTICE of Hearing: Status Conference set for 10/1/2021 at 2:00 PM via Zoom before Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |
| 10/01/2021 | | | ZOOM INFORMATION for Status Conference set for 10/1/2021 at 2:00pm before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 407 5063**and **Password: 707145** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 10/01/2021 | 89 | | RESPONSE to Motion filed by All Plaintiffs re 62 MOTION to Strike *Plaintiffs' (3rd) Third Amended Complaint* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Schwab, Edward) |
| 10/01/2021 | 90 | | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph on 10/1/2021: Parties held discussions as to discovery. Court set deadlines as stated on the record. Status Conference set for 10/15/2021 at 1:30 PM via Zoom before Magistrate Judge Nancy Joseph. (Court Reporter Zoom Audio) (rcm) (Entered: 10/04/2021) |
| 10/04/2021 | | | ZOOM INFORMATION for Status Conference set for 10/15/2021 at 1:30pm before Magistrate Judge Nancy Joseph. |

| | | |
|---|---|---|
| | | Click here to Join ZoomGov Meeting<br>**Meeting ID: 161 875 3861**and **Password: 254958**<br>Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 10/04/2021 | 91 | LETTER from Kiley B. Zellner *regarding Causier deposition recording*. (Zellner, Kiley) (Main Document 91 replaced on 10/4/2021) (rcm). |
| 10/06/2021 | 92 | BRIEF in Opposition filed by All Plaintiffs re 86 MOTION to Quash *Causier Notice of Deposition* MOTION to Strike *Deposition Transcript* . (Attachments: # 1 Exhibit A (June 30−July 1 2021 email) to Plaintiffs' Opposition Brief, # 2 Exhibit B (p. 93 of KC transcript) to Plaintiffs' Opposition Brief)(Knowlton, Kathryn) |
| 10/08/2021 | 93 | ~~First MOTION for Discovery~~ *Proposed Discovery Plan* by All Plaintiffs. (Motley, Kimberley) Modified on 10/19/2021 (rcm). |
| 10/08/2021 | 94 | LETTER from Kiley B. Zellner *Defendants' Discovery Plan*. (Attachments: # 1 Defendants' Deficiency Letter, # 2 Plaintiffs' Response to Cure)(Zellner, Kiley) |
| 10/14/2021 | 95 | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 10/14/2021 denying 62 Motion to Strike. (cc: all counsel)(sf) |
| 10/15/2021 | 96 | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph on 10/15/2021: Parties discussed discovery. Court made orders as stated on the record. Status Conference set for 10/27/2021 at 9:00 AM via Zoom before Magistrate Judge Nancy Joseph. (Court Reporter Zoom Audio.) (rcm) (Entered: 10/18/2021) |
| 10/18/2021 | | ZOOM INFORMATION for Status Conference set for 10/27/2021 at 9:00am before Magistrate Judge Nancy Joseph.<br>Click here to Join ZoomGov Meeting<br>**Meeting ID: 160 931 7949**and **Password: 208977**<br>Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 10/18/2021 | 97 | LETTER from Kimberley Cy. Motley . (Attachments: # 1 Information Sheet Missing Discovery)(Motley, Kimberley) |
| 10/19/2021 | 98 | ORDER REGARDING OUTSTANDING DISCOVERY signed by Magistrate Judge Nancy Joseph on 10/19/2021. (cc: all counsel)(rcm) |
| 10/19/2021 | 99 | DISCOVERY PLAN AND ORDER signed by Magistrate Judge Nancy Joseph on 10/19/2021. (cc: all counsel)(rcm) |
| 10/19/2021 | | NOTICE of Hearing: Status Conference RESCHEDULED for 11/1/2021 at 10:00 AM via Zoom before Magistrate Judge Nancy Joseph. Parties are to use the zoom information previously published. (cc: all counsel)(rcm) |
| 10/20/2021 | 100 | REPLY BRIEF in Support filed by All Defendants re 86 MOTION to Quash *Causier Notice of Deposition* MOTION to Strike *Deposition Transcript* . (Zellner, Kiley) (Entered: 10/21/2021) |
| 10/21/2021 | 101 | RESPONSE to Motion filed by All Plaintiffs re 83 MOTION to Stay *Proceedings* . (Attachments: # 1 Exhibit A − Municipal Court Order − 7/28/21, # 2 Exhibit B − Declaration of Kimberley Cy. Motley)(Motley, Kimberley) |
| 10/29/2021 | 102 | LETTER from Kiley B. Zellner *regarding outstanding discovery requests*. (Attachments: # 1 Table of Outstanding Discovery)(Zellner, Kiley) |

| 10/29/2021 | 103 | | LETTER from Attorney Zellner Response to Discovery Chart of Plaintiffs . (Zellner, Kiley) |
|---|---|---|---|
| 11/01/2021 | 104 | | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph on 11/1/2021: Parties discussed outstanding discovery issues. Status Conference set for 12/6/2021 at 10:00 AM via Zoom before Magistrate Judge Nancy Joseph. (Court Reporter Zoom Audio) (rcm) |
| 11/01/2021 | | | ZOOM INFORMATION for Status Conference set for 12/6/2021 at 10:00am before Magistrate Judge Nancy Joseph.<br>Click here to Join ZoomGov Meeting<br>**Meeting ID: 161 874 2364**and **Password: 342422**<br>Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 11/04/2021 | 105 | | REPLY BRIEF in Support filed by All Defendants re 83 MOTION to Stay *Proceedings* . (Zellner, Kiley) |
| 11/04/2021 | 106 | | DECLARATION of George Schimmel (Attachments: # 1 Exhibit A − Email Correspondence)(Zellner, Kiley) |
| 11/05/2021 | 107 | | MOTION to SUPPLEMENT Plaintiff response to Defendant's Motion to Stay the Proceedings 101 by All Plaintiffs . (Attachments: # 1 Exhibit A)(Motley, Kimberley) Modified on 11/8/2021 (rcm). |
| 11/08/2021 | | | NOTICE of Electronic Filing Error re 107 MOTION to Supplement filed by Kathryn Knowlton, Dana McCormick ; The incorrect event was chosen. Please choose a motion event when filing a motion. **This does not need to be re−filed.**; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 11/08/2021 | | | NOTICE of Hearing: Status Conference RESCHEDULED for 12/7/2021 at 10:00 AM via Zoom before Magistrate Judge Nancy Joseph. Parties to use the previously published zoom information. (cc: all counsel)(rcm) |
| 11/15/2021 | 108 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by All Defendants. (Zellner, Kiley) |
| 11/15/2021 | 109 | | BRIEF in Support filed by All Defendants re 108 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Zellner, Kiley) |
| 11/15/2021 | 110 | | ANSWER to 56 Amended Complaint with Jury Demand by All Defendants.(Zellner, Kiley) |
| 11/19/2021 | 111 | | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 11/19/2021. IT IS ORDERED that Plaintiffs are awarded $8,800.00 in attorney's fees and $716.67 in costs. Defendant McBride and counsel are ordered to pay Plaintiffs $9,516.67 no later than 30 days from the date of this Order. IT IS FURTHER ORDERED that Defendants' motion to strike (Docket # 73) is DENIED. (cc: all counsel)(sf) |
| 11/23/2021 | 112 | | LETTER from Kiley B. Zellner *regarding Discovery Update*. (Zellner, Kiley) |
| 12/05/2021 | 113 | | LETTER from Plaintiff's Update Regarding Discovery . (Attachments: # 1 Exhibit A − Plaintiffs Table of Requested Discovery)(Motley, Kimberley) (Main Document 113 replaced on 12/15/2021) (rcm). (Additional attachment(s) added on 1/3/2022: # 2 Unredacted Letter) (rcm). (Attachment 1 |

| | | |
|---|---|---|
| | | replaced on 1/4/2022) (rcm). (Additional attachment(s) added on 1/4/2022: # 3 Unredacted Exhibit A − Plaintiffs Table of Requested Discovery) (rcm). |
| 12/05/2021 | 114 | RESPONSE to Motion filed by All Plaintiffs re 108 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Motley, Kimberley) |
| 12/06/2021 | | NOTICE of Hearing: The Status Conference previously set for December 6, 2021 **HAS BEEN RESCHEDULED FOR 12/21/2021 AT 10:00 AM** via Zoom Video Conference before Magistrate Judge Nancy Joseph. Parties to use the previously published zoom information. (cc: all counsel)(asc) |
| 12/09/2021 | 115 | MOTION to Restrict Document *No. 113* by All Defendants. (Attachments: # 1 Redacted Version of Letter)(Zellner, Kiley) |
| 12/15/2021 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 12/15/2021 granting 115 MOTION to Restrict Document *No. 113*. (cc: all counsel)(sf) |
| 12/15/2021 | 116 | MOTION ~~to Expedite~~ *for Protective Order* by All Defendants. (Baynard, Jasmyne) Modified on 12/16/2021 (rcm). |
| 12/15/2021 | 117 | DECLARATION of Kiley B. Zellner (Attachments: # 1 Ex. A Plaintiffs' Discovery Documents, # 2 Ex. B Proposed Stip & Order for Protective Order, # 3 Ex. C Search parameters, # 4 Ex. D Email (Search parameters), # 5 Ex. E Email, # 6 Ex. F Email from Plaintiffs' Counsel, # 7 Ex. G Email regarding Search parameters, # 8 Ex. H Email Vetter to Clarke, # 9 Ex. I Email from Motley)(Baynard, Jasmyne) |
| 12/15/2021 | 118 | DECLARATION of Christine M. Montgomery (Baynard, Jasmyne) |
| 12/17/2021 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 12/17/2021. To allow the court time to address the outstanding motions, the court will cancel the status conference scheduled for December 21, 2021 and reschedule it after issuing its decision on the outstanding motions. (cc: all counsel)(sf) |
| 12/17/2021 | 119 | REPLY BRIEF in Support filed by All Defendants re 108 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Zellner, Kiley) |
| 12/17/2021 | | NOTICE of Cancellation of Hearing. Status Conference for December 21, 2021 has been removed from the court's calendar. (cc: all counsel) (rcm) |
| 12/22/2021 | 120 | MOTION for Relief by All Defendants. (Moore, Kyle) |
| 12/22/2021 | 121 | DECLARATION of Kyle R. Moore (Attachments: # 1 Exhibit A − 11−22−2021 Email, # 2 Exhibit B − 12−06−2021 Email, # 3 Exhibit C − 12−06−2021 Email, # 4 Exhibit D − 12−07−2021 Email, # 5 Exhibit E − 12−09−2021 Email, # 6 Exhibit F − 12−16−2021 Email, # 7 Exhibit G − 12−17−2021 Email)(Moore, Kyle) |
| 12/22/2021 | 122 | BRIEF in Support filed by All Defendants re 120 MOTION for Relief . (Moore, Kyle) |
| 12/23/2021 | 123 | RESPONSE to Motion filed by All Plaintiffs re 120 MOTION for Relief *and Objections*. (Motley, Kimberley) |
| 12/23/2021 | 124 | |

|  |  | STRICKEN; FILED IN ERROR RESPONSE to Motion filed by All Plaintiffs re 120 MOTION for Relief Declaration. (Motley, Kimberley) Modified on 12/27/2021 (rcm). |
|---|---|---|
| 12/23/2021 | 125 | DECLARATION of Kimberley Cy. Motley Plaintiff's Response to Defendant's Motion for Relief (Motley, Kimberley) |
| 01/02/2022 | 126 | RESPONSE to Motion filed by Kathryn Knowlton, Dana McCormick re 116 MOTION for Protective Order . (Attachments: # 1 Exhibit A − (ECF 113) Plaintiff's Letter Re: Discovery 120521, # 2 Exhibit B − (ECF 113−1) Plaintiffs Table of Discovery 120521)(Motley, Kimberley) |
| 01/03/2022 |  | NOTICE of Electronic Filing Error re 126 Response to Motion, filed by Kathryn Knowlton, Dana McCormick ; All documents should contain the s/signature of the attorney who files the document. This document does not need to be re−filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 01/03/2022 | 127 | RESPONSE to Motion filed by All Plaintiffs re 115 MOTION to Restrict Document No. 113 Plaintiff's Response to Def Motion to Restrict. (Attachments: # 1 Exhibit A − 06/25/21 Plaintiffs Request for Admissions & Interrogatories, # 2 Exhibit B − 11/16/21 Def Amended Resp to Pltf 1st FRA)(Motley, Kimberley) (Additional attachment(s) added on 1/4/2022: # 3 Unredacted Response, # 4 Unredacted Exhibit A, # 5 Unredacted Exhibit B) (rcm). |
| 01/05/2022 | 128 | REPLY BRIEF in Support filed by All Defendants re 120 MOTION for Relief . (Moore, Kyle) |
| 01/06/2022 | 129 | RESPONSE to Motion filed by All Plaintiffs re 115 MOTION to Restrict Document No. 113 Supplementary Response to Plaintiffs Reply to Defendants Motion to Seal or Restrict. (Attachments: # 1 Exhibit A − 010522 Def. Amended Resp to Plaintiffs 1st Interrogatory (redacted))(Motley, Kimberley) |
| 01/06/2022 | 130 | RESPONSE to Motion filed by All Plaintiffs re 115 MOTION to Restrict Document No. 113 Plaintiffs Supplemental Response to Def. Motion to Restrict or Seal. (Attachments: # 1 Exhibit A − 010522 Def. Amended Resp to Plaintiffs 1st Interrogatory)This document and/or certain attachments are SEALED and only viewable by permission of the court(Motley, Kimberley) |
| 01/17/2022 | 131 | MOTION to Compel Discovery by All Defendants. (Zellner, Kiley) |
| 01/17/2022 | 132 | BRIEF in Support filed by All Defendants re 131 MOTION to Compel Discovery . (Zellner, Kiley) |
| 01/17/2022 | 133 | DECLARATION of Kiley B. Zellner (Attachments: # 1 Exhibit A (Part 1) − Discovery Responses, # 2 Exhibit A (Part 2) − Discovery Resonses, # 3 Exhibit A (Part 3) − Discovery Responses, # 4 Exhibit A (Part 4) − Discovery Responses, # 5 Exhibit A (Part 5) − Discovery Responses, # 6 Exhibit A (Part 6) − Discovery Responses, # 7 Exhibit B − Plaintiffs' Response to Cure)(Zellner, Kiley) |
| 01/17/2022 | 134 | REPLY BRIEF in Support filed by All Defendants re 116 MOTION for Protective Order . (Zellner, Kiley) |
| 01/17/2022 | 135 |  |

| | | |
|---|---|---|
| | | REPLY filed by All Defendants re 115 MOTION to Restrict Document *No. 113* . (Zellner, Kiley) |
| 01/21/2022 | 136 | MOTION for Sanctions *Plaintiffs Motion for Sanctions for FRCP Rule 37 Violations* by All Plaintiffs. (Motley, Kimberley) |
| 01/21/2022 | 137 | BRIEF in Support filed by All Plaintiffs re 136 MOTION for Sanctions *Plaintiffs Motion for Sanctions for FRCP Rule 37 Violations Plaintiffs Brief in Support of Motions for Sanctions*. (Attachments: # 1 EXHIBIT 1 − 10/11/20 − Knowlton Notice to Preserve to WPD and City.pdf, # 2 Exhibit 2 − 10/13/20 Alan Kesner Email, # 3 Exhibit 3 − 10/9/20 − Preservation Letter − WPD.pdf, # 4 Exhibit 4 − 01/13/21 − Motley Preservation Letter 2021.pdf, # 5 Exhibit 5 − 07:03:21 Motley Preservation Letter City & WPD, # 6 Exhibit 6 − 12:16:21 − Ali, Jalal Deposition Transcript, # 7 Exhibit 7 − 05:13:21 − Weber, Barry Deposition pgs 108 − 109, # 8 Exhibit 8 − 05:13:21 − Weber, Barry Deposition, # 9 Exhibit 9 − 06:23:21− Ratkowski, Dominick − Deposition pg. 26, # 10 Exhibit 10 − 06:23:21− Ratkowski, Dominick Deposition pg. 42, # 11 Exhibit 11 − 07:26:21 − Roy, Joseph Deposition pg. 62, # 12 Exhibit 12 − 08:19:21 − Keck, Martin pg 79.pdf, # 13 Exhibit 13 − Keck, Martin 08:19:2021 Deposition pg. 14.pdf, # 14 Exhibit 14 − Keck, Martin 08:19:2021 pg. 107.pdf, # 15 Exhibit 15 − Wrucke, Shane 08:20:21 pg. 115 & 116.pdf, # 16 Exhibit 16 − 01/20/22 Motley, Kimberley Declaration.pdf, # 17 Exhibit 17 − Missing Discovery based on PL RFP.pdf, # 18 Exhibit 18 − Plaintiffs (4) Interrogatories.pdf)(Motley, Kimberley) |
| 01/24/2022 | 138 | CIVIL L. R. 7(h) EXPEDITED NON−DISPOSITIVE MOTION to Amend/Correct Scheduling Order by All Defendants. (Zellner, Kiley) Modified on 1/25/2022 (rcm). |
| 01/24/2022 | 139 | DECLARATION of Kiley B. Zellner *In Support of Expedited Motion to Amend Scheduling Order* (Attachments: # 1 Exhibit A − Email, # 2 Exhibit B − 01.21.2022 Letter from Plaintiffs)(Zellner, Kiley) |
| 01/25/2022 | 140 | BRIEF in Opposition filed by All Plaintiffs re 138 CIVIL L. R. 7(h) EXPEDITED NON−DISPOSITIVE MOTION to Amend/Correct Scheduling Order *Plaintiffs Objection to Expedited Non−dispositive Motion to Amend Scheduling Order*. (Motley, Kimberley) Modified on 1/26/2022 (rcm). |
| 01/25/2022 | 141 | DECLARATION of Kimberley Cy. Motley (Attachments: # 1 Exhibit A − 01/21/22 − Gunta Law − Zoom Invite Re− Protective Order)(Motley, Kimberley) |
| 01/26/2022 | 142 | ~~Expedited~~ MOTION for Protective Order *for Nonparty Personal Identifiers* by All Defendants. (Zellner, Kiley) Modified on 1/27/2022 (rcm). |
| 01/26/2022 | 143 | DECLARATION of Kiley B. Zellner *In Support of Motion for Protective Order (Nonparty Personal Identifiers)* (Attachments: # 1 Exhibit A − Discovery Response, # 2 Exhibit B − Email from Plaintiffs Counsel, # 3 Exhibit C − Emails RE Protective Order, # 4 Exhibit D − Stipulation and Protective Order)(Zellner, Kiley) |
| 01/27/2022 | 144 | TRANSCRIPT of Status Conference held on 11/1/2021 before Judge Nancy Joseph Court Reporter/Transcriber Thomas Malkiewicz, Contact at 414−290−2642. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE** |

| | | | |
|---|---|---|---|
| | | | **REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 2/22/2022. Redacted Transcript Deadline set for 3/3/2022. Release of Transcript Restriction set for 5/2/2022. (Malkiewicz, Thomas) |
| 01/28/2022 | 145 | | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 1/28/2022 denying 83 Motion to Stay. (cc: all counsel)(llc) |
| 01/28/2022 | 146 | | RESPONSE to Motion filed by All Plaintiffs re 142 Expedited MOTION for Protective Order *for Nonparty Personal Identifiers Plaintiffs Objection to Expedited Motion for Nonparty Personal Identifiers*. (Motley, Kimberley) |
| 01/28/2022 | 147 | | DECLARATION of Kimberley Cy. Motley *in Relation to Plaintiffs Objection to Expedited Motion for Nonparty Personal Identifiers (ECF #145)* (Motley, Kimberley) |
| 01/29/2022 | 148 | | TRANSCRIPT of Status Conference held on 10/15/2021 before Judge Nancy Joseph Court Reporter/Transcriber Thomas Malkiewicz, Contact at 14142902642. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 2/25/2022. Redacted Transcript Deadline set for 3/4/2022. Release of Transcript Restriction set for 5/2/2022. (Malkiewicz, Thomas) |
| 01/31/2022 | 149 | | MOTION for Leave to File *Reply In Support of Motion to Amend Scheduling Order* by All Defendants. (Attachments: # 1 Reply in Support of Expedited Motion to Amend Scheduling Order, # 2 Declaration of Kiley B. Zellner, # 3 Exhibit A to Zellner Declaration − Email, # 4 Exhibit B to Zellner Declaration − Audio of Meet and Confer)(Zellner, Kiley) |
| 01/31/2022 | 150 | | MOTION for Partial Summary Judgment by All Plaintiffs. (Motley, Kimberley) |
| 01/31/2022 | 151 | | ~~REPLY~~ BRIEF in Support filed by All Plaintiffs re 150 MOTION for Partial Summary Judgment *on Liability*. (Attachments: # 1 Exhibit A, October 7, 2020 Emergency Proclamation, # 2 Exhibit B, 072621 Defendants Resp to Plaintiffs 1st Request for Admissions & Interrogatories, pg. 1, # 3 Exhibit C, email dated October 6, 2020 from McBride to Barrett, # 4 Exhibit D, October 6, 2020 6:00p.m. Common Council Committee of the Whole Agenda, # 5 Exhibit E, 10/06/20 at 7:30pm. Common Council Regular Meeting Agenda, # 6 Exhibit F, June 23, 2021 Deposition of Dennis McBride, p. 44, # 7 Exhibit G, July 26, 2021 Deposition of Dennis McBride, p. 79, # 8 Exhibit H, July 26, 2021 Deposition of Dennis McBride, p. 80, # 9 Exhibit I, July 26, 2021 Deposition of Dennis McBride, p. 130, # 10 Exhibit J, July 26, 2021 Deposition of Dennis McBride, p. 161, # 11 Exhibit K, October 6, 2020, 7:30p.m. Minutes of the Wauwatosa Common Council, # 12 Exhibit L, July 26, 2021 Deposition of Dennis McBride, p. 70, # 13 Exhibit M, June 23, 2021 Deposition of Dennis McBride, p.76)(Motley, Kimberley) Modified on 2/1/2022 (rcm). |
| 02/01/2022 | 152 | 75 | |

| | | | |
|---|---|---|---|
| | | | ORDER signed by Magistrate Judge Nancy Joseph on 2/1/2022 granting <u>108</u> Motion to Dismiss for Failure to State a Claim. NOW, THEREFORE, IT IS ORDERED that defendants' motion to dismiss (Docket # <u>108</u> ) is GRANTED. Count Twelve is dismissed with prejudice. The remaining counts are dismissed without prejudice. Plaintiffs will have fourteen (14) days from the date of this decision and order in which to file an amended complaint. Failure to timely file an amended complaint consistent with this decision and order will result in the case being dismissed with prejudice. (cc: all counsel)(sf) |
| 02/01/2022 | <u>153</u> | | ORDER signed by Magistrate Judge Nancy Joseph on 2/1/2022. NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Docket # <u>150</u> ) is DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED that Defendants' Motion to Amend the Scheduling Order (Docket # <u>138</u> ) is GRANTED. A new scheduling order will not be addressed, however, until the filing of Plaintiffs' amended complaint and Defendants' response. IT IS FURTHER ORDERED that Defendants' Motion to File a Reply (Docket # <u>149</u> ) and Plaintiffs' Motion to Supplement (Docket # <u>107</u> ) are DISMISSED AS MOOT. (cc: all counsel)(sf) |
| 02/15/2022 | <u>154</u> | | DISREGARD; SEE 155 ~~AMENDED COMPLAINT~~ *~~Fourth Amended Complaint − Parties Added Timothy Warren, Russell Richardson, Maria Arbiter, Daniel Mitchell, Robert Piehl, James Short, Brian Skornia, Kelly Zielinski, and George Opelt~~* ~~with Jury Demand against All Defendants filed by Kathryn Knowlton.~~(Motley, Kimberley) Modified on 2/16/2022 (asc). |
| 02/15/2022 | <u>155</u> | | AMENDED COMPLAINT *Fourth Amended Complaint − Parties Added Timothy Warren, Russell Richardson, Maria Arbiter, Daniel Mitchell, Robert Piehl, James Short, Brian Skornia, Kelly Zielinski, and George Opelt* with Jury Demand against All Defendants filed by Kathryn Knowlton.(Motley, Kimberley) |
| 02/16/2022 | | | Case Opening Modification(s); The following modification(s) have been made to your case entry: You MUST add any new parties when you file an Amended Complaint ; Please refer to the <u>attorney case opening instructions</u>, the <u>summons instructions</u> and the <u>party name guidelines found in the user manual</u> for further guidance (rcm) |
| 02/17/2022 | | | NOTICE from the clerk to All Plaintiffs AND Defendants requesting that the Consent/Refusal form to Magistrate Judge Nancy Joseph be filed within 21 days; the form is available <u>here</u>. (rcm) |
| 02/18/2022 | <u>156</u> | | DISCLOSURE Statement by All Plaintiffs. (Motley, Kimberley) |
| 02/18/2022 | <u>157</u> | | DISCLOSURE Statement by All Plaintiffs. (Motley, Kimberley) |
| 02/18/2022 | <u>158</u> | | WAIVER OF SERVICE Returned Executed by Maria Arbiter − Waiver sent on 2/17/2022. (Motley, Kimberley) |
| 02/18/2022 | <u>159</u> | | WAIVER OF SERVICE Returned Executed by Jeffrey Farina − Waiver sent on 2/17/2022. (Motley, Kimberley) |
| 02/18/2022 | <u>160</u> | | WAIVER OF SERVICE Returned Executed by Joseph Lewandowski − Waiver sent on 2/17/2022. (Motley, Kimberley) |
| 02/18/2022 | <u>161</u> | | WAIVER OF SERVICE Returned Executed by Daniel Mitchell − Waiver sent on 2/17/2022; George Opelt − Waiver sent on 2/17/2022; Robert Piehl − |

| | | |
|---|---|---|
| | | Waiver sent on 2/17/2022; Dominick Ratkowski − Waiver sent on 2/17/2022. (Attachments: # 1 Summons Executed Waiver of Service of Summons, # 2 Summons Executed Waiver of Service of Summons, # 3 Summons Executed Waiver of Service of Summons)(Motley, Kimberley) |
| 02/18/2022 | 162 | WAIVER OF SERVICE Returned Executed by Joseph Roy − Waiver sent on 2/17/2022; George Schimmel − Waiver sent on 2/17/2022; James Short − Waiver sent on 2/17/2022; Brian Skornia − Waiver sent on 2/17/2022; Luke Vetter − Waiver sent on 2/17/2022; Timothy Warren − Waiver sent on 2/17/2022. (Attachments: # 1 Summons Executed Waiver of Service of Summons, # 2 Summons Executed Waiver of Service of Summons, # 3 Summons Executed Waiver of Service of Summons, # 4 Summons Executed Waiver of Service of Summons, # 5 Summons Executed Waiver of Service of Summons)(Motley, Kimberley) |
| 02/18/2022 | 163 | WAIVER OF SERVICE Returned Executed by Shane Wrucke − Waiver sent on 2/17/2022; Kelly Zielinski − Waiver sent on 2/17/2022. (Attachments: # 1 Summons Executed Waiver of Service of Summons)(Motley, Kimberley) |
| 02/21/2022 | 164 | Magistrate Judge Jurisdiction Form filed by All Plaintiffs. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Motley, Kimberley) |
| 02/21/2022 | 165 | WAIVER OF SERVICE Returned Executed by City of Wauwatosa − Waiver sent on 2/17/2021. (Motley, Kimberley) |
| 02/21/2022 | 166 | WAIVER OF SERVICE Returned Executed by Dennis McBride − Waiver sent on 2/17/2022. (Motley, Kimberley) |
| 02/21/2022 | 167 | WAIVER OF SERVICE Returned Executed by Barry Weber − Waiver sent on 2/17/2022. (Motley, Kimberley) |
| 02/21/2022 | 168 | WAIVER OF SERVICE Returned Executed by Russell Richardson − Waiver sent on 2/17/2022. (Motley, Kimberley) |
| 03/22/2022 | 169 | MOTION for Default Judgment as to Defendants City of Wauwatosa, Dennis McBride, and Barry Weber by All Plaintiffs. (Attachments: # 1 Exhibit A − Plaintiffs 1st Complaint filed 11/2/20, # 2 Exhibit B − Defendants Answer to Plaintiffs Third Amended Complaint 9/10/21, # 3 Exhibit C DKT 155 Plaintiffs 4th Complaint filed 2/15/22, # 4 Exhibit D − DKT 155 Pl 4th Amended Complaint pg. 104, # 5 Exhibit E DKT 155 Pl 4th Amended Complaint pg. 109, # 6 Exhibit F DKT 155 Pl 4th Amended Complaint pg. 116 117, # 7 Exhibit G DKT 155 Pl 4th Amended Complaint pg. 118, # 8 Exhibit H DKT 155 Pl 4th Amended Complaint pg. 129, # 9 Exhibit I 03/21/22 Plaintiffs email communications with Defendants Counsel regarding motion for entry of default, # 10 Affidavit of Kimberley Cy. Motley)(Motley, Kimberley) |
| 03/28/2022 | 170 | BRIEF in Opposition filed by City of Wauwatosa, Dennis McBride, Barry Weber re 169 MOTION for Default Judgment as to Defendants City of Wauwatosa, Dennis McBride, and Barry Weber . (Zellner, Kiley) |
| 03/28/2022 | 171 | DECLARATION of Kiley B. Zellner (Attachments: # 1 Exhibit A − Email, # 2 Exhibit B − Email 02.21.2022, # 3 Exhibit C − Emails 03.2022)(Zellner, Kiley) |
| 04/14/2022 | 172 | ORDER signed by Magistrate Judge Nancy Joseph on 4/14/2022 denying 169 Motion for Default Judgment. (cc: all counsel)(sf) |

| 04/15/2022 | 173 | | MOTION for Extension of Time to File Answer by City of Wauwatosa, Dennis McBride, Barry Weber. (Zellner, Kiley) |
|---|---|---|---|
| 04/15/2022 | 174 | | LETTER from Jasmyne M. Baynard *(Firm Name Change)*. (Baynard, Jasmyne) |
| 04/15/2022 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 4/15/2022 granting 173 Motion for Extension of Time to Answer. (cc: all counsel)(sf) |
| 04/18/2022 | 175 | | NOTICE of Appearance by Jasmyne M Baynard on behalf of Maria Arbiter, Jeffrey Farina, Joseph Lewandowski, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Shane Wrucke, Kelly Zielinski. Attorney(s) appearing: JASMYNE M. BAYNARD (Baynard, Jasmyne) |
| 04/18/2022 | 176 | | NOTICE of Appearance by Kiley Beth Zellner on behalf of Maria Arbiter, Jeffrey Farina, Joseph Lewandowski, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Shane Wrucke, Kelly Zielinski. Attorney(s) appearing: Kiley B. Zellner (Zellner, Kiley) |
| 04/18/2022 | 177 | | MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* by Maria Arbiter, City of Wauwatosa, Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski. (Zellner, Kiley) |
| 04/18/2022 | 178 | | BRIEF in Support filed by Maria Arbiter, City of Wauwatosa, Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski re 177 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* . (Zellner, Kiley) |
| 04/20/2022 | 179 | | MOTION for Sanctions by Maria Arbiter, City of Wauwatosa, Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski. (Zellner, Kiley) |
| 04/20/2022 | 180 | | BRIEF in Support filed by Maria Arbiter, City of Wauwatosa, Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski re 179 MOTION for Sanctions . (Zellner, Kiley) |
| 04/20/2022 | 181 | | DECLARATION of George M. Schimmel *in Support of Motion for Sanctions* (Attachments: # 1 Ex A − Vitucci Court Record, # 2 Ex B − Coleman Court Record, # 3 Ex C − Wilborn Court Record, # 4 Ex D − Rogers Court Record, # 5 Ex E − Baldwin Court Record, # 6 Ex F − A. Rivera Court Record, # 7 Ex G − Geiser Court Record, # 8 Ex H − Schroeder Court Record, # 9 Ex I − M. |

| | | |
|---|---|---|
| | | Smith Court Record, # <u>10</u> Ex J − M. Smith Court Record, # <u>11</u> Ex K − 07.20 Email and Stipulation, # <u>12</u> Ex L − Fanning Court Record)(Zellner, Kiley) |
| 04/20/2022 | <u>182</u> | DECLARATION of Kiley B. Zellner *in Support of Motion for Sanctions* (Attachments: # <u>1</u> Ex A − Safe Harbor Letter to Plaintiffs, # <u>2</u> Ex B − Defendants' Motion for Sanctions, # <u>3</u> Ex C − Cole Phone Search Warrant and Affidavit)(Zellner, Kiley) |
| 04/22/2022 | | NOTICE from the clerk to DEFENDANTS; Maria Arbiter, Jeffrey Farina, Joseph Lewandowski, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Shane Wrucke, and Kelly Zielinski requesting that the Consent/Refusal form to Magistrate Judge Nancy Joseph be filed within 21 days; the form is available <u>here</u>. (asc) |
| 05/05/2022 | <u>183</u> | Rule 7(h) Expedited Non−Dispositive MOTION for Extension of Time by All Plaintiffs. (Motley, Kimberley) |
| 05/05/2022 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 5/5/2022 granting <u>183</u> Motion for Extension of Time. Plaintiffs' response brief to the defendants' motion to dismiss (Docket # <u>177</u> ) due May 23, 2022. (cc: all counsel)(sf) |
| 05/11/2022 | <u>184</u> | RESPONSE to Motion and REQUEST for Oral Arguments filed by All Plaintiffs re <u>179</u> MOTION for Sanctions . (Attachments: # <u>1</u> Exhibit A − 09/16/21 PL 2nd Req. for Prod. & Inter., # <u>2</u> Exhibit B − 01/21/21 Kesner Email, # <u>3</u> Exhibit C −22 FO 106 − 5/10/22 Geisler, Joanna Dismissed, # <u>4</u> Exhibit D −22 FO 102 − 5/10/22 Schroeder, William Dismissed, # <u>5</u> Exhibit E −22 FO 110 − 5/10/22 Smith, Mariah Dismissed, # <u>6</u> Exhibit F −22 FO 115 − 5/10/22 Smith, Mariah Dismissed, # <u>7</u> Exhibit G − RFD Bates 22101−22118)(Motley, Kimberley) Modified on 5/12/2022 (rcm). |
| 05/13/2022 | <u>185</u> | Magistrate Judge Jurisdiction Form filed by Maria Arbiter, City of Wauwatosa, Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Zellner, Kiley) |
| 05/23/2022 | <u>186</u> | RE−FILED AT <u>187</u> ~~RESPONSE to Motion and REQUEST for Oral Arguments filed by All Plaintiffs re~~ <u>177</u> ~~MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* . (Motley, Kimberley) Modified on 5/24/2022 (rcm).~~ Modified on 5/24/2022 (blr). |
| 05/23/2022 | <u>187</u> | RESPONSE to Motion and REQUEST for Oral Argument filed by All Plaintiffs re <u>177</u> MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* . (Motley, Kimberley) Modified on 5/24/2022 (blr). |
| 05/25/2022 | <u>188</u> | REPLY BRIEF in Support filed by All Defendants re <u>179</u> MOTION for Sanctions . (Attachments: # <u>1</u> Exhibit A−Deposition Transcript of Wrucke)(Zellner, Kiley) |
| 06/06/2022 | <u>189</u> | REPLY BRIEF in Support filed by Maria Arbiter, City of Wauwatosa, Jeffrey Farina, Joseph Lewandowski, Dennis McBride, Daniel Mitchell, George Opelt, Robert Piehl, Dominick Ratkowski, Russell Richardson, Joseph Roy, George |

| | | | |
|---|---|---|---|
| | | | Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski re 177 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* . (Zellner, Kiley) |
| 08/24/2022 | 190 | 107 | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 8/24/2022 granting in part and denying in part 177 Motion to Dismiss Fourth Amended Complaint. It is further ordered that the following discovery motions are dismissed, without prejudice: 37 , 79 , 86 , 116 , 131 , 136 , and 142 . (cc: all counsel)(llc) |
| 08/25/2022 | | | Parties Joseph Lewandowski, Daniel Mitchell, George Opelt, Robert Piehl, Russell Richardson, George Schimmel, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Barry Weber, Shane Wrucke, Kelly Zielinski, Maria Arbiter and John Does Police Officers 1−100 terminated per 190 . (rcm) |
| 08/25/2022 | | | NOTICE of Hearing: Scheduling Conference set for 9/15/2022 at 10:00 AM via Zoom before Magistrate Judge Nancy Joseph. (cc: all counsel)(rcm) |
| 08/25/2022 | | | ZOOM INFORMATION for Scheduling Conference set for 9/15/2022 at 10:00am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 860 6873**and **Password: 645046** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (rcm) |
| 09/02/2022 | 191 | | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 9/2/2022 granting 179 Motion for Sanctions. Defendants are granted their reasonable attorneys' fees expended in bringing this motion for sanctions. Defendants must submit an affidavit detailing the reasonable fees expended in bringing this motion no later than September 9, 2022. Plaintiffs may file a response no later than September 16, 2022. (cc: all counsel)(llc) |
| 09/02/2022 | 192 | | Decision and Order signed by Magistrate Judge Nancy Joseph on 9/2/2022 denying 120 Motion for Relief. (cc: all counsel)(llc) |
| 09/07/2022 | 193 | | ANSWER to 155 Amended Complaint, with Jury Demand by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy.(Zellner, Kiley) |
| 09/09/2022 | 194 | | DECLARATION of Kiley B. Zellner *RE Attorney Fees* (Attachments: # 1 Exhibit A − Invoices)(Zellner, Kiley) |
| 09/14/2022 | 195 | | PROPOSED Defendants' Proposed Scheduling Order filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 09/14/2022 | 196 | | First MOTION for Extension of Time *To Respond to Defendants Declaration of Cost & Fees* by All Plaintiffs. (Motley, Kimberley) |
| 09/14/2022 | 197 | | PROPOSED Plaintiffs Proposed Scheduling Order filed by All Plaintiffs. (Motley, Kimberley) |
| 09/15/2022 | 198 | | PROPOSED Protective Order filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 09/15/2022 | 199 | | Minute Entry for Scheduling Conference held before Magistrate Judge Nancy Joseph on 9/15/2022. The Court GRANTED 196 Motion for Extension of |

| | | |
|---|---|---|
| | | Time to Respond to Defendant's Declaration of Costs and Fees. Status Conference set for 10/7/2022 at 09:00 AM via Zoom. Final Pretrial Conference set for 4/24/2023 09:00 AM via Zoom. 1−Week Jury Trial set for 5/1/2023 at 08:00 AM before Magistrate Judge Nancy Joseph.The Court will issue a written Scheduling Order. (Court Reporter Zoom Audio) (edr) (Entered: 09/16/2022) |
| 09/16/2022 | 200 | Revised FINAL Scheduling Order: signed by Magistrate Judge Nancy Joseph on 9/16/2022. Discovery due by 11/18/2022; Final/Joint Pretrial Report due by 4/3/2023; Jury Trial set for 5/1/2023 at 08:30 AM before Magistrate Judge Nancy Joseph. Dispositive Motions due by 12/19/2022; Pretrial Conference set for 4/24/2023 at 09:00 AM by Video Conference before Magistrate Judge Nancy Joseph. Status Conference on Discovery set for 10/7/2022 at 09:00 AM by Video Conference before Magistrate Judge Nancy Joseph. PLEASE SEE ORDER for additional deadlines and instructions. (cc: all counsel)(llc) |
| 09/16/2022 | | ZOOM INFORMATION for Status Conference set for 10/7/2022 at 9:00 am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 294 1692** and **Password: 297314** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (edr) |
| 09/20/2022 | 201 | OBJECTION to 198 Defendant's Proposed Protective Order by All Plaintiffs . (Knowlton, Kathryn) Modified on 9/22/2022 (edr). |
| 09/20/2022 | 202 | PROPOSED ~~Proposed~~ Protective Order Regarding Designation of Email Native File Format filed by All Plaintiffs. (Knowlton, Kathryn) Modified on 9/22/2022 (edr). |
| 09/21/2022 | 203 | PROTECTIVE ORDER Regarding Designation of Emails in Native File Format signed by Magistrate Judge Nancy Joseph on 9/21/2022. (cc: all counsel)(llc) |
| 09/21/2022 | 204 | MOTION for Reconsideration of 190 DECISION AND ORDER by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Declaration)(Schwab, Edward) Modified on 9/22/2022 (edr). |
| 09/26/2022 | 205 | RESPONSE filed by All Plaintiffs ~~*Plaintiffs' Response to ECF*~~# re 194 Defendants' Counsel Declaration of Fees (Knowlton, Kathryn) Modified on 9/27/2022 (edr). |
| 09/28/2022 | 206 | LETTER from Plaintiffs' Counsel *per Updated Scheduling Order w/ proposed stip/order*. (Knowlton, Kathryn) |
| 09/28/2022 | 207 | PROPOSED ~~Proposed~~ Temporary Restraining Order by Plaintiffs filed by All Plaintiffs. (Knowlton, Kathryn) Modified on 9/29/2022 (rcm). |
| 09/30/2022 | 208 | LETTER from Kiley B. Zellner re Protestor List . (Attachments: # 1 EX. A − Email, # 2 EX. B − Proposed Restraining Order)(Zellner, Kiley) Modified on 10/4/2022 (edr). |
| 10/04/2022 | 209 | DUPLICATE FILING; ~~LETTER from Plaintiffs' Counsel~~ *~~re Summary of Discovery to date~~*. (Knowlton, Kathryn) Modified on 10/5/2022 (edr). |

| | | | |
|---|---|---|---|
| 10/04/2022 | 210 | | LETTER from Plaintiffs' Counsel *re: Discovery Summary*. (Attachments: # 1 All Counsel Email Thread re: Meet & Confer for Discovery Status)(Knowlton, Kathryn) |
| 10/04/2022 | 211 | | STATUS REPORT by All Defendants. (Attachments: # 1 Defendants Response to Discovery, # 2 Plaintiffs Response to Discovery)(Zellner, Kiley) |
| 10/05/2022 | | | NOTICE of Electronic Filing Error re 209 Letter ; Duplicate filing. This document was refiled as 210 Letter with attachment. Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov. (edr) |
| 10/06/2022 | 212 | | NOTICE of Appearance by William F Sulton on behalf of All Plaintiffs. Attorney(s) appearing: William F. Sulton (Sulton, William) |
| 10/07/2022 | 213 | | PROTECTIVE ORDER Regarding Protestor List and Dropbox Folder signed by Magistrate Judge Nancy Joseph on 10/7/2022. (cc: all counsel)(llc) |
| 10/07/2022 | 214 | | Minute Entry for Status Conference held before Magistrate Judge Nancy Joseph. Parties discussed status of discovery. Any remaining issues are to be submitted to the Court in writing by October 25, 2022. Status Conference set for 10/31/2022 at 1:30 PM by Zoom Video Conference. (Court Reporter Zoom Audio) (edr) (Entered: 10/11/2022) |
| 10/11/2022 | | | ZOOM INFORMATION for Status Conference set for 10/31/2022 at 1:30 PM before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 330 3393** and **Password: 575168** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (edr) |
| 10/12/2022 | 215 | | RESPONSE to Motion filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 204 MOTION for Reconsideration *of 190 Decision and Order* . (Moore, Kyle) Modified on 10/13/2022 (edr). |
| 10/13/2022 | 216 | | TRANSCRIPT of Status Conference held on October 7, 2022 before Judge Nancy Joseph Court Reporter/Transcriber Susan Armbruster, Contact at 414−290−2641. Tape Number: Zoom. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal.  **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website  www.wied.uscourts.gov Redaction Statement due 11/7/2022. Redacted Transcript Deadline set for 11/17/2022. Release of Transcript Restriction set for 1/17/2023. (Armbruster, Susan) |
| 10/17/2022 | 217 | | *Plaintiffs* REPORT of Rule 26(f) Plan by All Plaintiffs. (Motley, Kimberley) |
| 10/17/2022 | 218 | | LETTER from Joint Letter Re: Mediation . (Motley, Kimberley) |
| 10/17/2022 | 219 | | STIPULATION ~~of~~ for Dismissal of *Claim #1* by Hector Rodriguez. (Attachments: # 1 Text of Proposed Order Proposed Order of Dismissal as to Claim One)(Motley, Kimberley) Modified on 10/18/2022 (edr). |
| 10/18/2022 | 220 | | ORDER Approving 219 Stipulation of Dismissal filed by Hector Rodriguez signed by Magistrate Judge Nancy Joseph on 10/18/2022. (cc: all counsel)(llc) |

| | | |
|---|---|---|
| 10/19/2022 | 221 | REPLY BRIEF in Support filed by All Plaintiffs re 204 MOTION for Reconsideration *of ECF 190* . (Schwab, Edward) Modified on 10/20/2022 (edr). |
| 10/19/2022 | 222 | Rule 7(h) Expedited Non−Dispositive ~~MOTION to Expedite~~ , MOTION to Amend/Correct Protective Order (ECF # 213 ) by All Plaintiffs. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A − 072621 Ratkowski Disclosure of PL to Wauwatosa, # 3 Exhibit B − 122121 Jalal Ali − Inter. Disclosures of PL, # 4 Exhibit C − 072621 − Dominick Ratkowski disclosure of outside agencies received PL, # 5 Exhibit D − Court Hearing 10/07/22 Extracted Pages of Transcript, Pg. 20 21, # 6 Exhibit E − 101422 − Zellner Email, # 7 Exhibit F − Court Hearing 10/07/22 Extracted Pages of Transcript, Pg. 11 12)(Motley, Kimberley) Modified on 10/20/2022 (edr). |
| 10/20/2022 | | NOTICE of Electronic Filing Error re 222 Rule 7(h) Expedited Non−Dispositive MOTION to Expedite MOTION to Amend/Correct Protective Order (ECF #213) filed by Oscar Concepcion Rodriguez, Christine Groppi, Lavita Booker, Christina Vitolo−Haddad, Oscar Walton, Tristiana Walls, Holly Lavora, Destiney Jones, Sean Kafer, Breon Foster, Brandon Wilborn, Raine Cich, Jose Hernandez Ramirez, Lazarito Matheu, Nathan Sabel, Jacqueline Bogenberger, Steven Conklin, Tracy Cole, Mary Kachelski, Juvenile Palmer 2, Gaige Grosskreutz, Anne Delessio−Parson, Angel Vega, Joanna Geisler, Gabriella Vitucci, Robert Agnew, William Schroeder, Trisha Wilson, Isiah Baldwin, Joseph Hayes, Hector Rodriguez, Alex Larson, Rachel Dulay, Jill Ferguson, Jessica Fenner, Katelyn Wojnar, Mariah Smith, Sonja Worthy, Rebecca Burrell, Jayden Welch, Joey Koepp, Carmen Palmer, Britta Welch, Shawn Page, Aidali Rivera, Suzanne Wells, Tahudah Cole, Adante Jordan, Juvenile Palmer 1, Peter Sparks, Sonora Larson, Leah Porter, Percy Hayes, John Larry, Lauryn Cross, Kamila Ahmed, Rosalind Rogers, Kathryn Knowlton, Members of the People's Revolution an Unincorporated Entity, William Rivera, Tiffany Stark, Molly Nilssen, Andrew Aaron, Khalil Coleman, Dana McCormick, Taleavia Cole, Vaun Mayes ; The incorrect motion relief was selected. A Rule 7(h) Expedited Motion is one in which you are seeking a certain kind of relief (extension of time, leave to file, etc.) and only the relief that you want the court to rule upon should be chosen. It is not a motion to expedite. This document does not need to be re−filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (edr) |
| 10/25/2022 | 223 | MOTION to Compel Discovery and MOTION for Sanctions by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) Modified on 10/26/2022 (edr). |
| 10/25/2022 | 224 | BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 223 MOTION to Compel Discovery and MOTION for Sanctions . (Zellner, Kiley) Modified on 10/26/2022 (edr). |
| 10/25/2022 | 225 | DECLARATION of Kiley B. Zellner *In Support of Motion to Compel and for Sanctions* (Attachments: # 1 Exhibit A − RFA in Dispute, # 2 Exhibit B − Limited INT and RPD, # 3 Exhibit C − Pltfs' Supplemental Response, # 4 Exhibit D − Number of INT and RFA to Each Plaintiff)(Zellner, Kiley) |
| 10/25/2022 | 226 | |

| | | |
|---|---|---|
| | | LETTER from Plaintiff's Update Regarding Discovery Issues . (Motley, Kimberley) |
| 10/26/2022 | 227 | MOTION to Compel *Discovery*, MOTION for Sanctions by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 10/26/2022 | 228 | BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 227 MOTION to Compel *Discovery* MOTION for Sanctions . (Zellner, Kiley) |
| 10/27/2022 | 229 | MOTION for Extension of Time *to Respond to Plaintiffs' Motion to Amend/Correct Protective Order* by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 10/27/2022 | 230 | RESPONSE to Motion filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 222 Rule 7(h) Expedited Non−Dispositive MOTION to Expedite MOTION to Amend/Correct Protective Order (ECF # 213 ) . (Zellner, Kiley) Modified on 10/28/2022 (edr). |
| 10/28/2022 | 231 | DECISION AND ORDER re 191 Order on Motion for Sanctions, signed by Magistrate Judge Nancy Joseph on 10/28/2022. Defendants are granted $8,680.00 in sanctions under Rule 11. Plaintiffs' counsel are ordered to pay this amount to defendants within thirty (30) days of the date of this Order. (cc: all counsel)(llc) |
| 10/28/2022 | 232 | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 10/28/2022 granting in part and denying in part 204 Motion for Reconsideration. The motion is denied as to the dismissal of the individual capacity § 1983 claims. The motion is granted as to the dismissal of the John Doe defendants with prejudice. The August 24, 2022 Decision and Order is amended to dismiss the John Doe defendants without prejudice. (cc: all counsel)(llc) |
| 10/31/2022 | 233 | AMENDED PROTECTIVE ORDER Regarding Protestor List and Dropbox Folder signed by Magistrate Judge Nancy Joseph on 10/31/2022. (cc: all counsel)(llc) |
| 10/31/2022 | 234 | Minute Entry for Status Conference held on 10/31/2022 before Magistrate Judge Nancy Joseph. Parties discussed status of discovery. The Court GRANTED 229 Motion for Extension of Time to Respond to Plaintiffs' Motion to Amend/Correct Protective Order. Parties ordered to file letters updating the Court as to discovery issues on or before 11/4/2022. Status Conference set for 11/7/2022 at 4:00 PM by Zoom Video Conference. (Court Reporter Zoom Audio) (edr) |
| 10/31/2022 | | ZOOM INFORMATION for Status Conference set for 11/7/2022 at 4:00 PM before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 453 4585** and **Password: 470066** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (edr) |
| 11/04/2022 | 235 | LETTER from Kiley B. Zellner *RE Discovery Status*. (Zellner, Kiley) |
| 11/04/2022 | 236 | LETTER from W.F. Sulton . (Sulton, William) |

| 11/07/2022 | 238 | | Minute Entry for Status Conference held on 11/7/2022 before Magistrate Judge Nancy Joseph. Parties discussed status of discovery. Parties to file updates as to discovery by 11/14/2022. The Court will review and issue a written decision clarifying 99 DISCOVERY PLAN AND ORDER. The Court will reach out to the parties for further scheduling. (Court Reporter Zoom Audio) (edr) (Entered: 11/09/2022) |
| 11/08/2022 | 237 | | ORDER Clarifying Docket 99 and Setting Further Deadlines as to Outstanding Discovery and Pending Motions to Compel signed by Magistrate Judge Nancy Joseph on 11/8/2022. (cc: all counsel)(llc) |
| 11/15/2022 | 239 | | RESPONSE to Motion filed by All Plaintiffs re 227 MOTION to Compel *Discovery* , MOTION for Sanctions , 223 MOTION to Compel *Amended Responses to Requests to Admit* , MOTION for Sanctions . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schwab, Edward) |
| 11/18/2022 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 11/18/2022. To expedite resolution of defendants' motions to compel, if the defendants intend to file a reply to the plaintiffs' response, they must do so no later than November 23, 2022. (cc: all counsel)(llc) |
| 11/18/2022 | 240 | | STIPULATION of Dismissal by Jose Hernandez Ramirez. (Motley, Kimberley) |
| 11/21/2022 | 241 | | ORDER Approving Stipulation 240 of Dismissal filed by Jose Hernandez Ramirez signed by Magistrate Judge Nancy Joseph on 11/21/2022. (cc: all counsel)(llc) |
| 11/23/2022 | 242 | | REPLY BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 227 MOTION to Compel *Discovery* MOTION for Sanctions , 223 MOTION to Compel *Amended Responses to Requests to Admit* MOTION for Sanctions . (Zellner, Kiley) |
| 11/23/2022 | 243 | | DECLARATION of Kiley B. Zellner *In Support of Motions to Compel and for Sanctions* (Attachments: # 1 Exhibit A − Pltfs' Response to Requests for Admission, # 2 Exhibit B − Pltfs' 11/13/2022 Discovery Response)(Zellner, Kiley) |
| 11/29/2022 | 244 | | REQUEST for Court Conference by All Plaintiffs. (Attachments: # 1 Exhibit A: Defendants' Counsel status letter)(Knowlton, Kathryn) Modified on 11/30/2022 (edr). |
| 11/30/2022 | 245 | | LETTER from Kiley B. Zellner . (Zellner, Kiley) |
| 11/30/2022 | 246 | | MOTION for Sanctions pursuant to *FRCP 37(e)* by All Plaintiffs. (Knowlton, Kathryn) |
| 11/30/2022 | 247 | | BRIEF in Support filed by All Plaintiffs re 246 MOTION for Sanctions pursuant to *FRCP 37(e)* . (Attachments: # 1 Exhibit 1: 10−11−20 Knowlton Preservation notice, # 2 Exhibit 2: Kesner email confirmed receipt, # 3 Exhibit 3: 10−9−20 Motley Preservation notice, # 4 Exhibit 4: 1−13−21 Motley Preservation notice, # 5 Exhibit 5: 7−3−21 Motley Preservation notice, # 6 Exhibit 6: 12−16−21 Ali deposition excerpt, # 7 Exhibit 7: 5−13−21 Weber deposition excerpt 1, # 8 Exhibit 8: 5−13−21 Weber deposition excerpt 2, # 9 Exhibit 9: 6−23−21 Ratkowski deposition excerpt 1, # 10 Exhibit 10: 6−23−21 Ratkowski deposition excerpt 2, # 11 Exhibit 11: 7−26−21 Roy deposition |

| | | |
|---|---|---|
| | | excerpt, # <u>12</u> Exhibit 12: 8−19−21 Keck deposition excerpt, # <u>13</u> Exhibit 13: 8−19−21 Keck deposition excerpt 2, # <u>14</u> Exhibit 14: 8−19−21 Keck deposition excerpt 3, # <u>15</u> Exhibit 15: 8−20−21 Wrucke deposition excerpt, # <u>16</u> Exhibit 16: 11−30−22 Motley Declaration)(Knowlton, Kathryn) |
| 12/01/2022 | <u>248</u> | Rule 7(h) Expedited Non−Dispositive MOTION to Strike by Andrew Aaron, Robert Agnew, Kamila Ahmed, Isiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Tahudah Cole, Taleavia Cole, Tracy Cole, Khalil Coleman, Steven Conklin, Lauryn Cross, Anne Delessio−Parson, Rachel Dulay, Erik Fanning, Jessica Fenner, Jill Ferguson, Breon Foster, Joanna Geisler, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Destiney Jones, Adante Jordan, Juvenile Palmer 1, Juvenile Palmer 2, Mary Kachelski, Sean Kafer, Kathryn Knowlton, Joey Koepp, John Larry, Alex Larson, Sonora Larson, Holly Lavora, Lazarito Matheu, Vaun Mayes, Dana McCormick, Members of the People's Revolution an Unincorporated Entity, Molly Nilssen, Shawn Page, Carmen Palmer, Leah Porter, Jose Hernandez Ramirez, Aidali Rivera, William Rivera, Hector Rodriguez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Christina Vitolo−Haddad, Gabriella Vitucci, Tristiana Walls, Oscar Walton, Britta Welch, Jayden Welch, Suzanne Wells, Brandon Wilborn, Trisha Wilson, Katelyn Wojnar, Sonja Worthy. (Motley, Kimberley) |
| 12/01/2022 | <u>249</u> | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 12/1/2022 granting in part and denying in part Motions to Compel <u>223</u> <u>227</u> ; Denying Motion to Strike <u>248</u> . (cc: all counsel)(llc) |
| 12/02/2022 | | NOTICE of Hearing: Status Conference set for 12/7/2022 at 9:00 AM by Zoom Video Conference before Magistrate Judge Nancy Joseph. (cc: all counsel)(edr) |
| 12/02/2022 | | ZOOM INFORMATION for Status Conference set for 12/7/2022 at 9:00 am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 161 404 2921** and **Password: 060778** Dial in: <u>+1−669−254−5252</u> or <u>+1−646−828−7666</u> (cc: all counsel) (edr) |
| 12/05/2022 | <u>250</u> | STIPULATION of Dismissal by Anne Delessio−Parson. (Motley, Kimberley) |
| 12/06/2022 | <u>251</u> | ORDER Approving Stipulation <u>250</u> of Dismissal filed by Anne Delessio−Parson signed by Magistrate Judge Nancy Joseph on 12/6/2022. (cc: all counsel)(llc) |
| 12/06/2022 | <u>252</u> | LETTER from Kiley B. Zellner *regarding Meet and Confer and Subpoenas*. (Zellner, Kiley) |
| 12/06/2022 | <u>253</u> | LETTER from Kimberley Cy. Motley regarding *Clarification*. (Attachments: # <u>1</u> 12/06/22 − Plaintiff Email to DF)(Motley, Kimberley) Modified on 12/7/2022 (edr). |
| 12/07/2022 | <u>254</u> | Minute Entry for Status Conference held on 12/7/2022 before Magistrate Judge Nancy Joseph. Parties discussed the issues of medical authorizations, client privacy, and and production of documents. See written minute sheet for all other details and orders as placed on the record. (Court Reporter Zoom Audio) (edr) |

| | | | |
|---|---|---|---|
| 12/13/2022 | 255 | | STIPULATION of Dismissal *and Proposed Order* by Holly Lavora. (Motley, Kimberley) |
| 12/13/2022 | 256 | | STIPULATION of Dismissal *and Proposed Order* by Percy Hayes. (Motley, Kimberley) |
| 12/19/2022 | | | ORDER Approving Stipulations re 255 Stipulation of Dismissal filed by Holly Lavora, 256 Stipulation of Dismissal filed by Percy Hayes signed by Magistrate Judge Nancy Joseph on 12/19/2022. (cc: all counsel)(llc) |
| 12/19/2022 | 257 | | MOTION for Summary Judgment by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 12/19/2022 | 258 | | DECLARATION of Dominick Ratkowski *In Support of Motion for Summary Judgment* (Attachments: # 1 Exhibit A (Part 1) − PL, # 2 Exhibit A (Part 2) − PL)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Zellner, Kiley) |
| 12/19/2022 | 259 | | DECLARATION of Joseph Roy *In Support of Motion for Summary Judgment* (Attachments: # 1 Exhibit A (Part 1) − Records Disclosure, # 2 Exhibit A (Part 2) − Records Disclosure, # 3 Exhibit A (Part 3) − Records Disclosure, # 4 Exhibit A (Part 4) − Records Disclosure, # 5 Exhibit A (Part 5) − Records Disclosure, # 6 Exhibit A (Part 6) − Records Disclosure, # 7 Exhibit A (Part 7) − Records Disclosure, # 8 Exhibit A (Part 8) − Records Disclosure, # 9 Exhibit B − Videos)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Zellner, Kiley) |
| 12/19/2022 | 260 | | MOTION to Restrict Document by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 12/19/2022 | 261 | | DECLARATION of Mike McDermott *In Support of Motion for Summary Judgment* (Attachments: # 1 Exhibit A − Timesheet)(Zellner, Kiley) |
| 12/19/2022 | 262 | | DECLARATION of Dennis McBride *In Support of Motion for Summary Judgment* (Attachments: # 1 Exhibit A − Proclamation of Emergency, # 2 Exhibit B − Statements)(Zellner, Kiley) |
| 12/19/2022 | 263 | | Stipulated Proposed Findings of Fact by All Defendants (Zellner, Kiley) |
| 12/19/2022 | 264 | | DECLARATION of Matthew Martell *In Support of Motion for Summary Judgment* (Attachments: # 1 Exhibit A − Report)(Zellner, Kiley) |
| 12/19/2022 | 265 | | DECLARATION of Kiley B. Zellner *In Support of Motion for Summary Judgment* (Attachments: # 1 Exhibit A − Claim 14 INT Responses, # 2 Exhibit B − Aidali Rivera's Claim 13 INT Responses, # 3 Exhibit C − Farina's Deposition Transcript, # 4 Exhibit D − William Rivera Deposition (PT 1), # 5 Exhibit D − William Rivera Deposition (PT 2), # 6 Exhibit E − Aidali Rivera's Arrest Data, # 7 Exhibit F − Claims 2 and 4 INT Responses)(Zellner, Kiley) |
| 12/19/2022 | 266 | | Proposed Findings of Fact by All Defendants (Zellner, Kiley) |
| 12/19/2022 | 267 | | BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 257 MOTION for Summary Judgment . (Zellner, Kiley) |

| | | | |
|---|---|---|---|
| 12/19/2022 | 268 | | MOTION for Summary Judgment by All Plaintiffs. (Motley, Kimberley) |
| 12/19/2022 | 269 | | BRIEF in Support re 268 MOTION for Summary Judgment ~~MOTION for Summary Judgment~~ *Brief* by All Plaintiffs. (Attachments: # 1 Cover Letter Declaration − Kimberley Cy. Motley)(Motley, Kimberley) Modified on 12/20/2022 (rcm). |
| 12/19/2022 | 270 | | MOTION to ~~Seal~~ Restrict Document by All Plaintiffs. ATTACHMENTS FILED INCORRECTLY; TO BE REFILED ~~(Attachments: # 1 Civil Cover Sheet Exhibit 1 Target List unredacted, # 2 Civil Cover Sheet Exhibit 3 48 Plaintiffs Redacted Citations Disclosed by Joseph Roy., # 3 Civil Cover Sheet Exhibit 3 − 48 Plaintiffs Unredacted Citations Disclosed by Joseph Roy, # 4 Civil Cover Sheet Exhibit 4 50 pages of Plaintiffs Redacted Police Reports Disclosed by Joseph, # 5 Civil Cover Sheet Exhibit 4 50 pages of Plaintiffs Unredacted Police Reports Disclosed by Joseph Roy)~~ This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document (Motley, Kimberley) Modified on 12/20/2022 (rcm). |
| 12/19/2022 | 271 | | Proposed Findings of Fact by All Plaintiffs (Motley, Kimberley) |
| 12/20/2022 | 272 | | DECLARATION of Kimberley Cy. Motley (Attachments: # 1 Exhibit 1− Target List Redacted, # 2 Exhibit 2 − Joseph Roy 7/27/21 Deposition transcript, # 3 Exhibit 5 10/6/20 Dominick Ratkowski email to Christin Berges, # 4 Exhibit 6 − Ratkowski Deposition on 6/23/21, # 5 Exhibit 7 − 11/10/2020 Dominick Ratkowski email to Jodi Borchardt and Rachel, # 6 Exhibit 8 − 1/7/21 Joseph Roy Email, # 7 Exhibit 9 − Dominick Ratkowski Deposition 7/26/21, # 8 Exhibit 10 − 9/24/2020 Dominick Ratkowski email to Brian Conte, # 9 Exhibit 11 − 11/10/2020 Dominick Ratkowski email to Andrew Willis and Susan Conley, # 10 Exhibit 12 − Open Records Requests, # 11 Exhibit 13 − Defendants Table of Open Records Disclosures, # 12 Exhibit 14 − Defendants Response to PL 4th Set of Discovery, # 13 Exhibit 15 − 7/13/2020 Dominick Ratkowski email to Adam Behnke, # 14 Exhibit 16 − 12/5/22 − Jeffrey Farina Response to PL 2nd Set of Interrogatories served on June 26, 2021, Interrogatory No. 1., # 15 Exhibit 17 − 072621 Defendant Ratkowski Response to Interrogatory No. 1, # 16 Exhibit 1− Target List Unredacted, # 17 Exhibit 3 − Plaintiffs Citations Disclosed by Joseph Roy redacted, # 18 Exhibit 3 − Plaintiffs Citations Disclosed by Joseph Roy unredacted, # 19 Exhibit 4 − Plaintiffs Police Reports Disclosed by Joseph Roy redacted, # 20 Exhibit 4 − Plaintiffs Police Reports Disclosed by Joseph Roy unredacted) This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document (Motley, Kimberley) |
| 12/20/2022 | 273 | | MOTION to File *For Leave to File* by Andrew Aaron, Robert Agnew, Kamila Ahmed, Isiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Tahudah Cole, Taleavia Cole, Tracy Cole, Khalil Coleman, Steven Conklin, Lauryn Cross, Anne Delessio−Parson, Rachel Dulay, Erik Fanning, Jessica Fenner, Jill Ferguson, Breon Foster, Joanna Geisler, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Destiney Jones, Adante Jordan, Juvenile Palmer 1, Juvenile Palmer 2, Mary Kachelski, Sean Kafer, Kathryn Knowlton, Joey Koepp, John Larry, Alex Larson, Sonora Larson, Holly Lavora, Lazarito Matheu, Vaun Mayes, Dana |

| | | |
|---|---|---|
| | | McCormick, Members of the People's Revolution an Unincorporated Entity, Molly Nilssen, Shawn Page, Carmen Palmer, Leah Porter, Jose Hernandez Ramirez, Aidali Rivera, William Rivera, Hector Rodriguez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Christina Vitolo−Haddad, Gabriella Vitucci, Tristiana Walls, Oscar Walton, Britta Welch, Jayden Welch, Suzanne Wells, Brandon Wilborn, Trisha Wilson, Katelyn Wojnar, Sonja Worthy. (Motley, Kimberley) |
| 12/20/2022 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 12/20/2022 granting 273 Motion for Leave to File Exhibits Instanter. (cc: all counsel)(llc) |
| 12/21/2022 | 274 | RESPONSE to Motion filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 246 MOTION for Sanctions *FRCP 37(e)* . (Attachments: # 1 Exhibit A − Email and link)(Zellner, Kiley) |
| 12/21/2022 | 275 | DECLARATION of Ralph Salyers *in support of Defendants' Response to Plaintiffs' Motion for Sanctions* (Attachments: # 1 Exhibit A − Example)(Zellner, Kiley) |
| 01/04/2023 | 276 | MOTION to Seal Document *Exhibits 2 and 5 of PL Reply* by All Plaintiffs. (Knowlton, Kathryn) |
| 01/04/2023 | 277 | REPLY BRIEF in Support filed by All Plaintiffs re 246 MOTION for Sanctions *FRCP 37(e)* . (Attachments: # 1 Exhibit 1 Keck Deposition Excerpt, # 2 Exhibit 2 Keck texts per Def Bates no, # 3 Exhibit 3 Vetter Deposition Excerpt, # 4 Exhibit 4 McBride Deposition Excerpt, # 5 Exhibit 5 QR code Ex Pl Rivera)This document and/or certain attachments are SEALED and only viewable by permission of the court(Knowlton, Kathryn) |
| 01/11/2023 | 278 | Rule 7(h) Expedited Non−Dispositive MOTION for Extension of Time *to respond to Defendants' motion for summary judgment* by All Plaintiffs. (Motley, Kimberley) |
| 01/13/2023 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 1/13/2023 granting 278 Motion for Extension of Time. (cc: all counsel)(llc) |
| 01/18/2023 | 279 | MOTION to Strike *Declaration of Attorney Motley (ECF 269−1), Exhibits, and corresponding Proposed Facts* by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 01/18/2023 | 280 | BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 279 MOTION to Strike *Declaration of Attorney Motley (ECF 269−1), Exhibits, and corresponding Proposed Facts* . (Zellner, Kiley) |
| 01/18/2023 | 281 | Additional Proposed Findings of Fact by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy (Zellner, Kiley) |
| 01/18/2023 | 282 | RESPONSE filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 271 Proposed Findings of Fact (Zellner, Kiley) |
| 01/18/2023 | 283 | RESPONSE to Motion filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 268 MOTION for Summary |

| | | | |
|---|---|---|---|
| | | | Judgment . (Zellner, Kiley) |
| 01/25/2023 | 284 | | NOTICE by All Plaintiffs *Notice of Errata* (Attachments: # 1 Declaration − Kimberley Cy. Motley, # 2 Exhibit 9 − Dominick Ratkowski Deposition 07/2021, # 3 Exhibit 2 − Joseph Roy Deposition 07/2021)(Motley, Kimberley) |
| 01/25/2023 | 285 | | Expedited MOTION for Extension of Time by All Plaintiffs. (Schwab, Edward) |
| 01/26/2023 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 1/26/2023 granting 285 Motion for Extension of Time. Plaintiffs have until 2/8/2023 to file their reply to defendants' response brief. (cc: all counsel)(llc) |
| 01/30/2023 | | | NOTICE of Electronic Filing Error re 284 Notice filed by Oscar Concepcion Rodriguez, Christine Groppi, Lavita Booker, Christina Vitolo−Haddad, Oscar Walton, Tristiana Walls, Holly Lavora, Destiney Jones, Sean Kafer, Breon Foster, Brandon Wilborn, Raine Cich, Jose Hernandez Ramirez, Lazarito Matheu, Nathan Sabel, Jacqueline Bogenberger, Steven Conklin, Tracy Cole, Mary Kachelski, Juvenile Palmer 2, Gaige Grosskreutz, Anne Delessio−Parson, Angel Vega, Joanna Geisler, Gabriella Vitucci, Robert Agnew, William Schroeder, Trisha Wilson, Isiah Baldwin, Joseph Hayes, Hector Rodriguez, Erik Fanning, Alex Larson, Rachel Dulay, Jill Ferguson, Jessica Fenner, Katelyn Wojnar, Mariah Smith, Sonja Worthy, Rebecca Burrell, Jayden Welch, Joey Koepp, Carmen Palmer, Britta Welch, Shawn Page, Aidali Rivera, Suzanne Wells, Tahudah Cole, Adante Jordan, Juvenile Palmer 1, Peter Sparks, Sonora Larson, Leah Porter, Percy Hayes, John Larry, Lauryn Cross, Kamila Ahmed, Rosalind Rogers, Kathryn Knowlton, Members of the People's Revolution an Unincorporated Entity, William Rivera, Tiffany Stark, Molly Nilssen, Andrew Aaron, Khalil Coleman, Dana McCormick, Taleavia Cole, Vaun Mayes ; Declaration − Kimberley Cy. Motley attached to this document should have been filed as separate entry. This document does not need to be re−filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov. (edr) |
| 02/01/2023 | 286 | | RESPONSE to Motion filed by All Plaintiffs re 257 MOTION for Summary Judgment . (Schwab, Edward) |
| 02/02/2023 | 287 | | RESPONSE filed by All Plaintiffs *to Defendants' Proposed Findings of Fact* (Knowlton, Kathryn) Modified on 2/2/2023 (edr). |
| 02/02/2023 | 288 | | DECLARATION of E. Milo Schwab (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Schwab, Edward) |
| 02/02/2023 | 289 | | EXHIBIT 6 by All Plaintiffs. (Attachments: # 1 Exhibit 7, # 2 Exhibit 8, # 3 Exhibit 9, # 4 Exhibit 10)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 290 | | EXHIBIT 11 by All Plaintiffs. (Attachments: # 1 Exhibit 12, # 2 Exhibit 13, # 3 Exhibit 14, # 4 Exhibit 15)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 291 | | EXHIBIT 16 by All Plaintiffs. (Attachments: # 1 Exhibit 17, # 2 Exhibit 18, # 3 Exhibit 19, # 4 Exhibit 20 − redacted, # 5 Exhibit 20)This document and/or certain attachments are SEALED and only viewable by permission of the |

| | | |
|---|---|---|
| | | court(Schwab, Edward) |
| 02/02/2023 | 292 | EXHIBIT 21 by All Plaintiffs. (Attachments: # 1 Exhibit 22 − redacted, # 2 Exhibit 22, # 3 Exhibit 23, # 4 Exhibit 24 − redacted, # 5 Exhibit 24, # 6 Exhibit 25)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 293 | EXHIBIT 26 by All Plaintiffs. (Attachments: # 1 Exhibit 27, # 2 Exhibit 28, # 3 Exhibit 29, # 4 Exhibit 30 − redacted, # 5 Exhibit 30)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 294 | EXHIBIT 31 by All Plaintiffs. (Attachments: # 1 Exhibit 32 − redacted, # 2 Exhibit 32, # 3 Exhibit 33 − redacted, # 4 Exhibit 33, # 5 Exhibit 34, # 6 Exhibit 35)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 295 | EXHIBIT 36 by All Plaintiffs. (Attachments: # 1 Exhibit 37 − redacted, # 2 Exhibit 37, # 3 Exhibit 38 − redacted, # 4 Exhibit 38, # 5 Exhibit 39)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 296 | AFFIDAVIT of Robert Agnew . (Attachments: # 1 Ahamed Affidavit, # 2 Andrew Affidavit, # 3 Bogenberger Affidavit, # 4 Taleavia Affidavit, # 5 Concepcion Affidavit, # 6 Booker Affidavit, # 7 Cich Affidavit, # 8 Tahudah Affidavit, # 9 Tracy Cole Affidavit, # 10 Conklin Affidavit, # 11 Cross Affidavit, # 12 Delessio Affidavit, # 13 Dulay Affidavit, # 14 Fanning Affidavit, # 15 Fenner Affidavit, # 16 Ferguson Affidavit, # 17 Foster Affidavit, # 18 Geisler Affidavit, # 19 Groppi Affidavit, # 20 Destiny Jones Affidavit, # 21 Kachelski Affidavit, # 22 Larson Affidavit, # 23 Mayes Affidavit, # 24 Nillsen Affidavit, # 25 Page Affidavit, # 26 Palmer Affidavit, # 27 Pamler Affidavit, # 28 Sabel Affidavit, # 29 Sparks Affidavit, # 30 Stark Affidavit, # 31 Vitolo Affidavit, # 32 Walls Affidavit, # 33 Walton Affidavit, # 34 Welch Affidavit, # 35 Wigley Affidavit, # 36 Wilson Affidavit, # 37 Wojnar Affidavit, # 38 Grosskreutz Affidavit, # 39 Hayes Affidavit, # 40 Baldwin Affidavit, # 41 Jordan Affidavit, # 42 Kafer Affidavit, # 43 Knowlton Affidavit, # 44 Koepp Affidavit, # 45 Larry Affidavit, # 46 Larson Affidavit, # 47 Matheu Affidavit, # 48 McCormick Affidavit, # 49 Carmen Palmer Affidavit, # 50 Porter Affidavit, # 51 Aidali Rivera Affidavit, # 52 Rodriguez Affidavit, # 53 Rogers Affidavit, # 54 Schroeder Affidavit, # 55 Schweitzer Affidavit, # 56 Smith Affidavit, # 57 Vega Affidavit, # 58 Vitucci Affidavit, # 59 Welch Affidavit, # 60 Wells Affidavit, # 61 Wilborn Affidavit, # 62 Worthy Affidavit, # 63 William Rivera Affidavit)This document and/or certain attachments are SEALED and only viewable by permission of the court(Schwab, Edward) |
| 02/02/2023 | 297 | Proposed Findings of Fact by All Plaintiffs. (Schwab, Edward) |
| 02/06/2023 | 298 | NOTICE of Errata by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy (Zellner, Kiley) Modified on 2/7/2023 (edr). |
| 02/06/2023 | 299 | DECLARATION of Dominick Ratkowski (Zellner, Kiley) |
| 02/07/2023 | 300 | MOTION to Seal Document by All Plaintiffs. ~~This document and/or certain attachments are restricted to case participants and attorneys of record should~~ |

| | | |
|---|---|---|
| | | ~~use their efiling login and password to view this document~~(Schwab, Edward) Modified on 2/15/2023 (edr). |
| 02/08/2023 | 301 | RESPONSE to Motion filed by All Plaintiffs re 279 MOTION to Strike *Declaration of Attorney Motley (ECF 269−1), Exhibits, and corresponding Proposed Facts* . (Schwab, Edward) |
| 02/08/2023 | 302 | REPLY BRIEF in Support filed by All Plaintiffs re 268 MOTION for Summary Judgment . (Motley, Kimberley) |
| 02/08/2023 | 303 | DECLARATION of Kimberley Cy. Motley (Attachments: # 1 Exhibit A : Bogenbergers' Curfew Citation − RESTRICTED Unredacted See ECF No 305−1 for redacted version) (Motley, Kimberley) This document and/or certain attachments are restricted to case participants. Attorneys of record may view this document by logging in. Modified on 2/9/2023 (lz). Modified on 2/9/2023 (lz). |
| 02/08/2023 | 304 | MOTION to Restrict Document by All Plaintiffs. (Attachments: # 1 Plaintiffs' Reply Brief in Support of MTN for Partial SJ (unredacted), # 2 Exhibit A : Bogenbergers Curfew Citation (Unredacted))This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Motley, Kimberley) |
| 02/08/2023 | 305 | DECLARATION of Kimberley Cy. Motley (Attachments: # 1 Exhibit A : Bogenbergers' Curfew Citation (redacted))(Motley, Kimberley) |
| 02/08/2023 | 306 | RESPONSE filed by All Plaintiffs re 281 Proposed Findings of Fact (Motley, Kimberley) |
| 02/09/2023 | 307 | Rule 7(h) Expedited Non−Dispositive MOTION to Restrict Document *Unopposed Motion to Seal* by All Plaintiffs. (Motley, Kimberley) |
| 02/09/2023 | 308 | Rule 7(h) Expedited Non−Dispositive MOTION to Strike *Declaration of Defendant Ratkowski, ECF # 299* by All Plaintiffs. (Knowlton, Kathryn) Modified on 2/10/2023 (edr). |
| 02/09/2023 | 309 | DECLARATION of Kathryn L. Knowlton *in Support of Plaintiffs' Motion to Strike (ECF# 308 )* (Attachments: # 1 Exhibit A − email thread between Counsel from 1/28/23 to 2/5/23 (no attachments), # 2 Exhibit B − Defendants' letter dated Jan. 30, 2023, referenced in Exhibit A)(Knowlton, Kathryn) Modified on 2/10/2023 (edr). |
| 02/10/2023 | 310 | LETTER from Kimberley Cy. Motley re follow up request for mediation . (Motley, Kimberley) Modified on 2/14/2023 (edr). |
| 02/11/2023 | 311 | NOTICE *of Errata* by All Plaintiffs (Motley, Kimberley) Modified on 2/13/2023 (edr). |
| 02/11/2023 | 312 | REPLY BRIEF in Support filed by All Plaintiffs re 268 MOTION for Summary Judgment . (Motley, Kimberley) |
| 02/11/2023 | 313 | MOTION to Restrict Document by All Plaintiffs. (Motley, Kimberley) |
| 02/11/2023 | 314 | REPLY BRIEF in Support filed by All Plaintiffs re 268 MOTION for Summary Judgment . This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Motley, Kimberley) |

| 02/13/2023 | 315 | ORDER REFERRING CASE to Magistrate Judge William E Duffin for Mediation signed by Magistrate Judge Nancy Joseph on 2/13/2023. (cc: all counsel)(llc) |
|---|---|---|
| 02/13/2023 | | NOTICE of Hearing: Telephonic Scheduling Conference to discuss mediation proceedings set for 2/23/2023 at 10:00 AM (CT) before Magistrate Judge William E Duffin. The parties shall call the court's conference line at 669−254−5252. When prompted, use meeting ID 160 9647 6949# and # again and then enter passcode 943682# to join the call. (cc: all counsel)(lz) |
| 02/14/2023 | 316 | LETTER from Kiley B. Zellner *regarding Mediation*. (Zellner, Kiley) |
| 02/14/2023 | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 2/14/2023. Based on defendant's representation that it does not agree to mediation at this time 316 the referral to Magistrate Judge Duffin for mediation is vacated. If the parties wish to request a referral for mediation in the future, they must submit a request SIGNED BY COUNSEL FOR BOTH PARTIES. (cc: all counsel)(llc) |
| 02/14/2023 | | Case no longer referred to Magistrate Judge William E Duffin. (llc) |
| 02/15/2023 | 317 | Expedited MOTION for Extension of Time *to Reply to Plaintiffs' Response to Summary Judgment* by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy. (Zellner, Kiley) |
| 02/15/2023 | | NOTICE of Cancellation of Hearing. Based upon Magistrate Judge Nancy Joseph's Text Only Order dated 2/14/2023 vacating the referral to Magistrate Judge Duffin, the 2/23/2023 Scheduling Conference before Magistrate Judge Duffin is CANCELED. (cc: all counsel) (lz) |
| 02/15/2023 | 318 | REPLY BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 257 MOTION for Summary Judgment . (Zellner, Kiley) |
| 02/15/2023 | 319 | REPLY filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 266 Proposed Findings of Fact . (Zellner, Kiley) |
| 02/15/2023 | 320 | REPLY filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 281 Proposed Findings of Fact . (Zellner, Kiley) |
| 02/15/2023 | 321 | RESPONSE filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 297 Proposed Findings of Fact (Zellner, Kiley) |
| 02/16/2023 | 322 | RESPONSE to Motion filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 308 Rule 7(h) Expedited Non−Dispositive MOTION to Strike *Declaration of Defendant Ratkowski, ECF #299* . (Attachments: # 1 Exhibit A − Email attachments, # 2 Exhibit B − LTR from Plaintiff)(Zellner, Kiley) |
| 02/16/2023 | 323 | Rule 7(h) Expedited Non−Dispositive MOTION to Strike *Declaration of Matthew Martell (ECF # 264 )* by All Plaintiffs. (Motley, Kimberley) Modified on 2/17/2023 (edr). |

| 02/16/2023 | 324 | | DECLARATION of Kimberley Cy. Motley *In Support of CIVIL L.R. 7(H) Expedited Non−Dispositive Motion to Strike the Decl. of Matthew Martell (ECF # 264 )* (Attachments: # 1 Ex. A − DF Amended Rule 26 Discl., # 2 Ex. B − PL Supplemental Rule 26 Discl.)(Motley, Kimberley) Modified on 2/17/2023 (edr). |
| 02/22/2023 | 325 | | REPLY BRIEF in Support filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 279 MOTION to Strike *Declaration of Attorney Motley (ECF 269−1), Exhibits, and corresponding Proposed Facts* . (Zellner, Kiley) |
| 02/22/2023 | 326 | | MOTION for Sanctions *pursuant to Rule 11* by All Plaintiffs. (Knowlton, Kathryn) Modified on 2/23/2023 (edr). |
| 02/22/2023 | 327 | | BRIEF in Support filed by All Plaintiffs re 326 MOTION for Sanctions *pursuant to Rule 11* . (Knowlton, Kathryn) Modified on 2/23/2023 (edr). |
| 02/22/2023 | 328 | | DECLARATION of Kathryn L. Knowlton (Attachments: # 1 Exhibit A − Jan 28 2023 "safe harbor" ltr to Defs, # 2 Exhibit B − draft Rule 11 motion, # 3 Exhibit C − draft motion in support, # 4 Exhibit D − Jan 30 2023 correspondence from Defs, # 5 Exhibit E − Feb 5 2023 confirmation ltr from Pls)(Knowlton, Kathryn) |
| 02/23/2023 | 329 | | RESPONSE to Motion filed by City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy re 323 Rule 7(h) Expedited Non−Dispositive MOTION to Strike *Declaration of Matthew Martell (ECF #264)* . (Zellner, Kiley) |
| 03/02/2023 | 330 | | NOTICE of Appearance by Joseph M Wirth on behalf of All Defendants. Attorney(s) appearing: Joseph M. Wirth (Wirth, Joseph) |
| 03/02/2023 | 331 | | NOTICE of Withdrawal by Jasmyne M Baynard on behalf of City of Wauwatosa, Jeffrey Farina, Dennis McBride, Dominick Ratkowski, Joseph Roy.Attorney Kiley B. Zellner to be termed. (Baynard, Jasmyne) |
| 03/13/2023 | 332 | 134 | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 3/13/2023. IT IS ORDERED that the plaintiffs' motion for partial summary judgment 268 is DENIED. Defendants' motion for summary judgment 257 is GRANTED IN PART AND DENIED IN PART. The parties' motions to strike 279 , 308 , 323 are DENIED. Plaintiffs' motions for sanctions 246 , 326 are DENIED. The following sealing motions are GRANTED: 260 , 270 , 276 , 300 , 304 , 307 , 313 . Defendants' motion for extension of time 317 is MOOT. (cc: all counsel)(llc) |
| 03/17/2023 | 333 | | Rule 7(h) Expedited Non−Dispositive MOTION to Clarify *or Correct* by All Plaintiffs. (Motley, Kimberley) |
| 03/24/2023 | 334 | | RESPONSE to Motion filed by Dominick Ratkowski, Joseph Roy re 333 Rule 7(h) Expedited Non−Dispositive MOTION to Clarify *or Correct* . (Baynard, Jasmyne) |
| 03/28/2023 | 335 | | STIPULATION of Dismissal *& Proposed Order* by Breon Foster. (Motley, Kimberley) |
| 03/28/2023 | 336 | | ORDER Approving 335 Stipulation of Dismissal filed by Breon Foster signed by Magistrate Judge Nancy Joseph on 3/28/2023. (cc: all counsel)(llc) |

| 03/28/2023 | 337 | | LETTER from Both Parties *Joint Req. to Move FPT Date*. (Motley, Kimberley) |
|---|---|---|---|
| 03/28/2023 | | | NOTICE of Electronic Filing Error re 335 Stipulation of Dismissal filed by Breon Foster ; The proposed order should have been filed as an attachment to the stipulation. This document does not need to be re−filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (edr) |
| 03/29/2023 | | | NOTICE of Hearing: Final Pretrial Conference set for 4/18/2023 at 9:00 AM by Zoom Video Conference before Magistrate Judge Nancy Joseph. Previously scheduled Final Pretrial Conference for 4/24/2023 remains on the calendar. (cc: all counsel)(edr) Modified on 3/31/2023 (edr). |
| 03/29/2023 | | | ZOOM INFORMATION for Final Pretrial Conference set for 4/18/2023 at 9:00 am before Magistrate Judge Nancy Joseph. <u>Click here to Join ZoomGov Meeting</u> **Meeting ID: 161 102 8612** and **Password: 143319** Dial in: <u>+1−669−254−5252</u> or <u>+1−646−828−7666</u> (cc: all counsel) (edr) |
| 03/31/2023 | 338 | | LETTER from Wirth on behalf of all parties *regarding mediation request*. (Wirth, Joseph) |
| 03/31/2023 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 3/31/2023 referring case to Magistrate Judge Aaron E Goodstein for Mediation. The Clerk of Court's Office to contact the parties for scheduling. (cc: all counsel)(edr) |
| 04/03/2023 | 339 | | PRETRIAL REPORT by All Defendants. (Baynard, Jasmyne) |
| 04/03/2023 | 340 | | Proposed Jury Instructions by All Defendants. (Baynard, Jasmyne) |
| 04/03/2023 | 341 | | Proposed Voir Dire by All Defendants. (Baynard, Jasmyne) |
| 04/03/2023 | 342 | | PROPOSED VERDICT filed by All Defendants. (Baynard, Jasmyne) |
| 04/03/2023 | 343 | | DISREGARD; SEE DOCKET ENTRY 345 ~~Report from Kimberley Cy. Motley *Pretrial Report*~~. (Motley, Kimberley) Modified on 4/3/2023 (asc). |
| 04/03/2023 | 344 | | Exhibit List by All Defendants. (Baynard, Jasmyne) |
| 04/03/2023 | 345 | | PRETRIAL REPORT by All Plaintiffs. (Motley, Kimberley) |
| 04/03/2023 | 346 | | MOTION in Limine by Dominick Ratkowski, Joseph Roy. (Attachments: # 1 Exhibit A − Pltfs' Supplemental Initial Disclosures)(Baynard, Jasmyne) |
| 04/03/2023 | 347 | | MOTION in Limine by All Plaintiffs. (Attachments: # 1 Ex. 1, # 2 Ex. 2)(Schwab, Edward) |
| 04/03/2023 | 348 | | PROPOSED VERDICT filed by All Plaintiffs. (Schwab, Edward) |
| 04/03/2023 | 349 | | Proposed Jury Instructions by All Plaintiffs. (Schwab, Edward) |
| 04/03/2023 | 350 | | Exhibit List by All Plaintiffs. (Motley, Kimberley) |
| 04/04/2023 | 351 | | ORDER REGARDING MEDIATION PROCEEDINGS signed by Magistrate Judge Aaron E Goodstein on 4/4/2023. Mediation will be held on 4/17/2023 from 9:00 AM until Noon by Video Conference (Zoom). See Order for details on submission deadlines. Court staff will provide Zoom access information to |

| | | | counsel in a separate email. (cc: all counsel)(kwb) |
|---|---|---|---|
| 04/10/2023 | 352 | | DECISION AND ORDER signed by Magistrate Judge Nancy Joseph on 4/10/2023 denying 333 Plaintiffs' Motion to Correct or Clarify Summary Judgment Order (cc: all counsel)(llc) |
| 04/10/2023 | 353 | | RESPONSE filed by All Plaintiffs re 339 Pretrial Report *Response by Plaintiffs* (Motley, Kimberley) Modified on 4/11/2023 (edr). |
| 04/10/2023 | 354 | | RESPONSE filed by All Plaintiffs re 342 Proposed Verdict *Plaintiffs Response to DF Special Verdict Forms* (Motley, Kimberley) Modified on 4/11/2023 (edr). |
| 04/10/2023 | 355 | | RESPONSE to Motion filed by Dominick Ratkowski, Joseph Roy re 347 MOTION in Limine . (Baynard, Jasmyne) |
| 04/10/2023 | 356 | | RESPONSE filed by All Plaintiffs re 340 Proposed Jury Instructions (Schwab, Edward) |
| 04/10/2023 | 357 | | RESPONSE filed by All Plaintiffs re 344 Exhibit List *PL Objections to DF Exhibit List* (Motley, Kimberley) Modified on 4/11/2023 (edr). |
| 04/10/2023 | 358 | | RESPONSE filed by All Plaintiffs re 346 MOTION in Limine (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Schwab, Edward) |
| 04/10/2023 | 359 | | RESPONSE filed by All Plaintiffs re 341 Proposed Voir Dire *PL Obj. to DF Voir Dire* (Motley, Kimberley) Modified on 4/11/2023 (edr). |
| 04/10/2023 | 360 | | OBJECTIONS by Dominick Ratkowski, Joseph Roy *of 345 Plaintiffs' Pretrial Report*. (Baynard, Jasmyne) Modified on 4/11/2023 (edr). |
| 04/13/2023 | 361 | | ORDER signed by Magistrate Judge Nancy Joseph on 4/13/2023. The parties have until April 20, 2023 to file supplements to pretrial reports addressing deficiencies stated in this Order. (cc: all counsel)(llc) |
| 04/14/2023 | 362 | | DECISION AND ORDER on Plaintiffs' and Defendants' Motions in Limine 346 , 347 signed by Magistrate Judge Nancy Joseph on 4/14/2023. (cc: all counsel)(llc) |
| 04/17/2023 | 363 | | LETTER from Plaintiff's Regarding Pretrial *and the Use of Exemplars for Testimony*. (Motley, Kimberley) |
| 04/17/2023 | 364 | | Exhibit List by All Plaintiffs. (Motley, Kimberley) |
| 04/17/2023 | 365 | | Minute Entry for proceedings held before Magistrate Judge Aaron E Goodstein: Mediation Hearing held on 4/17/2023. The parties were unable to reach a resolution of this matter. The case is returned to Magistrate Judge Nancy Joseph for continued case processing. (kwb) (Entered: 04/18/2023) |
| 04/18/2023 | 366 | | Minute Entry for Final Pretrial Conference held on 4/18/2023 before Magistrate Judge Nancy Joseph. The parties discussed the logistics of trial, exhibit and witness lists, and came to various stipulated agreements on the record. Final Pretrial Conference continue to 4/24/2023 at 9:00 AM by Zoom.(Court Reporter Zoom Audio) (edr) |
| 04/18/2023 | | | |

| | | | |
|---|---|---|---|
| | | | ZOOM INFORMATION for Final Pretrial Conference set for 4/24/2023 at 9:00 am before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 160 472 0750** and **Password: 498971** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (edr) |
| 04/18/2023 | | | NOTICE of Hearing: Jury Trial set for 5/1/2023 through 5/5/2023 at 8:00 AM each day in Courtroom 225, 517 E. Wisconsin Ave., Milwaukee, WI 53202 before Magistrate Judge Nancy Joseph. (cc: all counsel)(edr) |
| 04/19/2023 | 367 | | PROPOSED VERDICT filed by All Plaintiffs. (Motley, Kimberley) |
| 04/20/2023 | 368 | | Supplemental MOTION in Limine by Dominick Ratkowski, Joseph Roy. (Baynard, Jasmyne) |
| 04/20/2023 | 369 | | Exhibit List by Dominick Ratkowski, Joseph Roy. (Baynard, Jasmyne) |
| 04/20/2023 | 370 | | *Supplemental* PRETRIAL REPORT *re: Deposition Designations* by All Plaintiffs. (Knowlton, Kathryn) |
| 04/20/2023 | 371 | | LETTER from Plaintiffs' Counsel re revision of pretrial documents. (Knowlton, Kathryn) Modified on 4/24/2023 (edr). |
| 04/21/2023 | 372 | | OBJECTIONS by All Plaintiffs *to Defendants' Supplemental Motion in Limine*. (Knowlton, Kathryn) |
| 04/24/2023 | 373 | | Minute Entry for Final Pretrial Conference held on 4/24/2023 before Magistrate Judge Nancy Joseph. The parties discussed remaining pretrial issues. Parties to file revised pretrial documents as ordered. Jury Trial remains set for 5/1/2023 through 5/5/2023 at 8:00 AM each day in Courtroom 225, 517 E. Wisconsin Ave., Milwaukee, WI 53202 before Magistrate Judge Nancy Joseph. (Court Reporter Zoom Audio) (edr) |
| 04/25/2023 | 374 | | LETTER from Plaintiffs' Counsel *re: follow up to Court's directives of 4/24/23*. (Knowlton, Kathryn) |
| 04/25/2023 | 375 | | Proposed Jury Instructions by All Plaintiffs. (Knowlton, Kathryn) |
| 04/25/2023 | 376 | | LETTER from Jasmyne M. Baynard *regarding Exhibit List*. (Attachments: # 1 Exhibit A − Screenshot, # 2 Exhibit B − Dkt 369 Exhibit List)(Baynard, Jasmyne) |
| 04/25/2023 | 377 | | Exhibit List by All Defendants. (Baynard, Jasmyne) |
| 04/26/2023 | 378 | | STIPULATION of Dismissal *Dominick Ratkowski Claim* by Isiah Baldwin. (Motley, Kimberley) |
| 04/26/2023 | 379 | | ORDER Regarding Matters Raised at Final Pretrial Conference signed by Magistrate Judge Nancy Joseph on 4/26/2023. (cc: all counsel)(llc) |
| 04/26/2023 | 380 | | EXHIBIT *Redacted for Trial per Final Pretrial Directive* by All Plaintiffs. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 04/26/2023 | 381 | | LETTER from Plaintiffs' Counsel *with proposed supplemental JI and correction*. (Knowlton, Kathryn) |

| 04/27/2023 | 382 | *AMENDED* PRETRIAL REPORT by All Plaintiffs. (Motley, Kimberley) |
|---|---|---|
| 04/27/2023 | 383 | ORDER re 380 Exhibit filed by Plaintiffs. Plaintiffs are Ordered to file an amended redacted exhibit no later than 12:00 p.m. on 4/28/2023. Signed by Magistrate Judge Nancy Joseph on 4/27/2023. (cc: all counsel)(llc) |
| 04/27/2023 | 384 | OBJECTIONS by All Plaintiffs *to Defendants' Supplement proposed Exhibit list ECF 377*. (Knowlton, Kathryn) |
| 04/28/2023 | 385 | EXHIBIT *Redacted Amended Target List* by All Plaintiffs. (Motley, Kimberley) |
| 04/28/2023 | 386 | LETTER from Joseph M. Wirth *RE Exhibit (Ratkowski List)*. (Wirth, Joseph) |
| 04/28/2023 | 387 | EXHIBIT *Redacted Ratkowski List* by All Defendants. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Wirth, Joseph) |
| 04/30/2023 | 388 | EXHIBIT *2−7* by All Plaintiffs. (Attachments: # 1 Exhibit 2 Protestor List Redacted by WPD, # 2 Exhibit 3 WPD DPPA (Bates 2714−2718), # 3 Exhibit 4 WPD Rules and Regs (Bates 2719−2746), # 4 Exhibit 5 Open Records Requests (Bates 29553−29610), # 5 Exhibit 6 12/21/21 Def. Amended Responses to PL RPD (6/23/21), # 6 Exhibit 7 Def. Response to PL 1st Req for Admin and Interrog (7/26/21))This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 04/30/2023 | 389 | EXHIBIT *8−22* by All Plaintiffs. (Attachments: # 1 Exhibit 8: Ratkowski emails redacted (Def. Resp. 7/26/21), # 2 Exhibit 9: Ratkowski WPD officers access to List (Def. Resp. 7/26/21), # 3 Exhibit 10: Def. Resp to Plaintiffs' 6th RPD, 4th RFA, 5th Introg (11/17/22), # 4 Exhibit 11: 20CV01660 Protective Order ECF 233, # 5 Exhibit 12: Def. City Amended Resp. to Plaintiff 2ns Req. for Interog (12/5/22), # 6 Exhibit 13: Open Records Request 10/9/20; Bates 30519−30522, # 7 Exhibit 14: Open Records Request; 10/22/20 Bates 30480−30483, # 8 Exhibit 15: Open Records Request; 10/19/20 Bates 30483−30485, # 9 Exhibit 16: Open Records Request; 11/17/20 Bates 30486−30488, # 10 Exhibit 17: Open Records Request; 10/23/20 Bates 30498−30500, # 11 Exhibit 18: Open Records Request; 12/11/20 Bates 30501, # 12 Exhibit 19: Open Records Request; 11/4/20 Bates 30501, # 13 Exhibit 20: Open Records Request; 12/22/20 Bates 30503, # 14 Exhibit 21: Open Records Request; 10/23/20 Bates 30516, # 15 Exhibit 22: Open Records Request 10/18/20 Bates 30517)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 04/30/2023 | 390 | EXHIBIT *23−24, 101, 189−196* by All Plaintiffs. (Attachments: # 1 Exhibit 23: Def. Resp. to 4th Set of Disc. 11/2/22−11/4/22, # 2 Exhibit 24: 11/16/22 Cert Letter from K. Schuh in Resp. to Subpoena, # 3 Exhibit 101: TIME System Training Manual, # 4 Exhibit 189: Ratkowski email w/attachment: Ltr to Common Council, Bates 27023−27030, # 5 Exhibit 190: Weber email 7/16/20, Tosa GAC Bates 26082−26083, # 6 Exhibit 191: Ad Hoc Cmt email 7/31/20 Bates 26315−26316, # 7 Exhibit 192: Weiss email 8/3/20 Bates 26480−26481, # 8 Exhibit 193: Ad Hoc Cmt. email 7/30/20 Bates 26664−26668, # 9 Exhibit 194: 11/14/20 JS Online article (rally ends in |

| | | |
|---|---|---|
| | | scuffle) Bates 2644−2646, # 10 Exhibit 195: 11/18/20 CBS online (MAGA rally planned) Bates 2647−2651, # 11 Exhibit 196: Email open records from Wex 1/7/21 Bates 22721−22753)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 04/30/2023 | 391 | EXHIBIT *197−199, 201−205, 207−211* by All Plaintiffs. (Attachments: # 1 Exhibit 197: Open Records Response 7/1/21 Bates 22176−22208 7, # 2 Exhibit 198: Ratkowski email 11/10/20 Bates 24200, # 3 Exhibit 199: Ratkowski email 11/10/20 Bates 24201−24229, # 4 Exhibit 201: Ratkowski email 10/6/20 Bates 25052−25080, # 5 Exhibit 202: Ratkowski email 10/01/20 Bates 25196−25224, # 6 Exhibit 203: Ratkowski email 9/28/20 Bates 25455−25483, # 7 Exhibit 204: Ratkowski email 9/24/20 Bates 25495, # 8 Exhibit 205: Ratkowksi email 9/15/20 Bates 25556, # 9 Exhibit 207: Ratkowski email 11/19/20 Bates 23840−23846, # 10 Exhibit 208: 8/12/20 Email to Weber Bates 26217−26222, # 11 Exhibit 209: Ratkowski email 7/8/20 Bates 27031−27035, # 12 Exhibit 210: Ratkowkski email 9/4/20 Bates 25749−25750, # 13 Exhibit 211: Ratkowski email 9/1/20 Bates 25852−25854)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 04/30/2023 | 392 | Exhibit List by All Defendants. (Attachments: # 1 Exhibit 1002 August 16, 2020 Email with Attachments, # 2 Exhibit 1003 WPD Incidence Report 20−010388 (06/01/2020), # 3 Exhibit 1007 WPD Incident Report 20−016398 (09/02/2020))This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Baynard, Jasmyne) |
| 04/30/2023 | 393 | Exhibit List by All Defendants. (Attachments: # 1 Exhibit 1009 Rpts and Citations from 01/07/2021 Disclosure)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Baynard, Jasmyne) |
| 04/30/2023 | 394 | Exhibit List by All Defendants. (Attachments: # 1 Exhibit 1010 July 14, 2020 Email Wrucke to Vetter (015042), # 2 Exhibit 1011 April 20, 2022 Circuit Court Filing, # 3 Exhibit 1015 Pltfs' INT Reponses)(Baynard, Jasmyne) |
| 04/30/2023 | 395 | EXHIBIT *212−214* by All Plaintiffs. (Attachments: # 1 Exhibit 212: Ratkowski email 8/28/20 Bates 25975−25995, # 2 Exhibit 213: Roy email 1/7/21, # 3 Exhibit 214: Citations/Reports in Roy disclosure 1/7/21 Bates 28768−28857)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 04/30/2023 | 396 | MOTION to Restrict Document *(Exhibits)* by Dominick Ratkowski, Joseph Roy. (Baynard, Jasmyne) |
| 04/30/2023 | 397 | EXHIBIT *217−219, 223−224, 226−227, 233, 239−240, 242* by All Plaintiffs. (Attachments: # 1 Exhibit 217 Vetter email Bates 22618−22622, # 2 Exhibit 218 Ratkowski email Bates 23840−23841, # 3 Exhibit 219: Ratkowski email 11/18/20 Bates 23869−23870, # 4 Exhibit 223: Open Records Request 10/14/20 Bates 30525−30527, # 5 Exhibit 224: Open Records 10/11/20 Bates 30528, # 6 Exhibit 226: Disc. Request 12/22/20 Bates 29614−29615, # 7 Exhibit 227: Open Records Request 8/11/20 Bates 29620−29621, # 8 Exhibit |

| | | |
|---|---|---|
| | | 233: Ratkowski email 5/28/21 Bates 22272−22274, # <u>9</u> Exhibit 239: 10/5/20 GAC agenda Bates 2408−2426, # <u>10</u> Exhibit 240: Mke Corp. Counsel response to subpoena 1/20/23, # <u>11</u> Exhibit 242: Ratkowski email: 8/11/20 Bates 26264−26266)<span style="color:red">This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document</span>(Knowlton, Kathryn) |
| 04/30/2023 | <u>398</u> | EXHIBIT 243−250, 253, 256, 260−261 by All Plaintiffs. (Attachments: # <u>1</u> Exhibit 243: Ratkowski email 7/27/20 Bates 26754−26763, # <u>2</u> Exhibit 244: Ratkowski email 7/27/20 Bates 26764−26773, # <u>3</u> Exhibit 245: Ratkowski email 7/23/20 Bates 26811−26820, # <u>4</u> Exhibit 246: Ratkowski email 7/23/20 Bates 26821−26825, # <u>5</u> Exhibit 247: Ratkowski email 7/14/20 Bates 26916−26923, # <u>6</u> Exhibit 248: Ratkowski email 7/14/20 Bates 26924−26931, # <u>7</u> Exhibit 249: Ratkowski email 7/14/20 Bates 26955−26962, # <u>8</u> Exhibit 250: Ratkowski email 7/14/20 Bates 26969−26977, # <u>9</u> Exhibit 253: 11/21/20 Fox6 online article, # <u>10</u> Exhibit 256: WPD Admin Operation Bates 2760−2763, # <u>11</u> Exhibit 260: Email to Roy 1/13/21 Bates 22677−22679, # <u>12</u> Exhibit 261: HVT power point Bates 2844−2858)<span style="color:red">This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document</span>(Knowlton, Kathryn) |
| 04/30/2023 | <u>399</u> | EXHIBIT 263−265, 268, 272, 274−275, 280−282, 296, 303, 305, 308 by All Plaintiffs. (Attachments: # <u>1</u> Exhibit 263: Meissner email 10/19/20 Bates 24595−24637, # <u>2</u> Exhibit 264: Meissner email 12/9/20 Bates 23061−23064, # <u>3</u> Exhibit 265: Vetter email 11/18/20 Bates 21809, # <u>4</u> Exhibit 268: Kesner email 2/1/21 Bates 22632−22636, # <u>5</u> Exhibit 272: Ratkowski email 5/30/20 (origin): Bates 026264−026265, # <u>6</u> Exhibit 274: Ratkowski file chalk msg, # <u>7</u> Exhibit 275: Ratkowski file tweet desk 6/30/20, # <u>8</u> Exhibit 280: Ratkowski file photos (4), # <u>9</u> Exhibit 281: Ratkowski 6/25/20 (2) File FB file, # <u>10</u> Exhibit 282: Ratkowski 6/24/20 FB file (2), # <u>11</u> Exhibit 296: Ratkowski 6/11/20 FB file (3) photos, # <u>12</u> Exhibit 303: Ratkowski file tweets 6/9/20 (3), # <u>13</u> Exhibit 305: Ratkowksi file tweet 6/08/20, # <u>14</u> Exhibit 308: Ratkowski file 06/2020 photos (2))<span style="color:red">This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document</span>(Knowlton, Kathryn) |
| 04/30/2023 | <u>400</u> | EXHIBIT 215 (partial, Bates 28858−29126) by All Plaintiffs. (Attachments: # <u>1</u> Exhibit 215 (a) Roy disclosure (partial) Bates 28858−28947, # <u>2</u> Exhibit 215 (b) Roy disclosure (partial) Bates 28948−29038, # <u>3</u> Exhibit 215 (c) Roy disclosure Bates 29039−29126)<span style="color:red">This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document</span>(Knowlton, Kathryn) |
| 04/30/2023 | <u>401</u> | EXHIBIT 215 (partial, Bates 29127−29485) by All Plaintiffs. (Attachments: # <u>1</u> Exhibit 215 (d) Roy disclosure (partial) Bates 29127−29216, # <u>2</u> Exhibit 215 (e) Roy disclosure (partial) Bates 29217−29307, # <u>3</u> Exhibit 215 (f) Roy disclosure (partial) Bates 29308−29397, # <u>4</u> Exhibit 215 (g) Roy disclosure (partial) Bates 29398−29485)<span style="color:red">This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document</span>(Knowlton, Kathryn) |
| 04/30/2023 | <u>402</u> | EXHIBIT 241 by All Plaintiffs. (Attachments: # <u>1</u> Exhibit 241 Wauwatosa PFC agenda 8/14/20 Bates 26218−26222)<span style="color:red">This document and/or certain</span> |

| | | | |
|---|---|---|---|
| | | | attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Knowlton, Kathryn) |
| 05/01/2023 | 403 | | Exhibit List by All Defendants. (Attachments: # 1 Exhibit 1001 [marked] Ratkowski Emails, # 2 Exhibit 1002 [marked] 08/16/2020 Email RE Protestors from 08/14/2020, # 3 Exhibit 1003 [marked] WPD Incident Report 20−010388 (06/01/2020), # 4 Exhibit 1007 [marked] WPD Incident Report 20−016398 (09/02/2020), # 5 Exhibit 1009 [marked] Rpts and Citations from Roy Disclosure 01/07/2021)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Baynard, Jasmyne) |
| 05/01/2023 | 404 | | Exhibit List by All Defendants. (Attachments: # 1 Exhibit 1010 [marked] 07/14/2020 Email Wrucke to Vetter (015042), # 2 Exhibit 1011 [marked] 04/20/2022 Circuit Court Filing (22cv37), # 3 Exhibit 1015 [marked] Plaintiffs' INT Responses (Claim 14))(Baynard, Jasmyne) |
| 05/01/2023 | 405 | | EXHIBIT *Target List Redacted* by All Plaintiffs. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Motley, Kimberley) |
| 05/01/2023 | 407 | | Minute Entry for 5−day Jury Trial begun on 5/1/2023 before Judge Nancy Joseph. Jury selected. Testimony given. Exhibits received.(Court Reporter Tom Malkiewicz) (edr) (Main Document 407 replaced on 5/9/2023) (edr). (Entered: 05/08/2023) |
| 05/02/2023 | 406 | | EXHIBIT *311 − Redacted Target List* by All Plaintiffs. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Motley, Kimberley) |
| 05/05/2023 | 408 | | Minute Entry for 5−day Jury Trial completed on 5/5/2023. Jury deliberation and verdict. (Court Reporter Susan Armbruster) (edr) (Main Document 408 replaced on 5/9/2023) (edr). (Entered: 05/08/2023) |
| 05/05/2023 | 409 | | Jury Communications (this document is SEALED). (edr) (Main Document 409 replaced on 5/10/2023) (edr). (Entered: 05/08/2023) |
| 05/05/2023 | 410 | | Jury Instructions. (edr) (Entered: 05/08/2023) |
| 05/05/2023 | 411 | | SPECIAL VERDICT FORM−JURY VERDICT for Defendants and against Plaintiffs. The Plaintiffs take nothing. (edr) (Entered: 05/08/2023) |
| 05/08/2023 | 412 | 178 | JUDGMENT signed by Deputy Clerk, and approved as to form by Judge Nancy Joseph on 5/8/2023.(cc: all counsel)(edr) |
| 05/09/2023 | 413 | | EXHIBITS received for All Parties Exhibit list Plaintiff's. (Attachments: # 1 Def's Exhibit List) (cmb) |
| 05/10/2023 | 414 | | ORDER On Scheduling of Post−Trial Motions signed by Magistrate Judge Nancy Joseph on 5/10/2023. The Court will not set a briefing schedule on post−trial motions. Any post−trial motions should be filed in accordance with the Federal Rules of Civil Procedure and this district's local rules. (cc: all counsel)(llc) |
| 05/17/2023 | 415 | | |

| | | | |
|---|---|---|---|
| | | | EXHIBIT *215 redacted as provided to Jury* by All Plaintiffs. (Attachments: # <u>1</u> Exhibit 206)(Knowlton, Kathryn) |
| 05/22/2023 | <u>416</u> | | BILL OF COSTS Proposed by Dominick Ratkowski, Joseph Roy (Attachments: # <u>1</u> Itemization In Support of Bill of Costs, # <u>2</u> Exhibits A − K (Invoices))(Wirth, Joseph) |
| 05/26/2023 | <u>417</u> | | BRIEFING LETTER re <u>416</u> Bill of Costs Electronically Transmitted to Parties. Objections due 6/9/2023, Response due 6/16/2023, and Reply due 6/23/2023. (cc: all counsel) (edr) |
| 06/05/2023 | <u>418</u> | | ORDER Redacting Transcript of Voir Dire Proceedings signed by Magistrate Judge Nancy Joseph on 6/5/2023. (cc: all counsel)(llc) |
| 06/05/2023 | <u>419</u> | | SEALED TRANSCRIPT of Jury Trial − held on 5/1/2023 before Judge Nancy Joseph (Malkiewicz, Thomas) |
| 06/05/2023 | <u>420</u> | | REDACTED TRANSCRIPT of <u>419</u> Jury Trial − held on 5/1/2023 before Judge Nancy Joseph Court Reporter/Transcriber Thomas Malkiewicz, Contact at 414−290−2642. Transcripts may be purchased using the Transcript Order Form found <u>on our website</u> or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website <u>www.wied.uscourts.gov</u> Redaction Statement due 6/29/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/8/2023. (Malkiewicz, Thomas) |
| 06/06/2023 | <u>421</u> | 72 | NOTICE OF APPEAL as to <u>332</u> Order on Motion for Sanctions,,, Order on Motion for Summary Judgment,,,, Order on Motion to Seal Document,,,,,,,,,,,, Order on Motion to Strike,,,,,,,,,,,,,,,, Order on Motion for Extension of Time,,,,,,,, <u>190</u> Order on Motion to Compel,, Order on Motion to Quash,,,, Order on Motion to Strike,, Order on Motion for Protective Order,,,, Order on Motion for Sanctions,,,, Order on Motion to Dismiss, <u>412</u> Judgment, <u>152</u> Order on Motion to Dismiss for Failure to State a Claim,, by All Plaintiffs. Filing Fee PAID $505, receipt number BWIEDC−4418898 (cc: all counsel) (Motley, Kimberley) |
| 06/07/2023 | <u>422</u> | | Attorney Cover Letter re: <u>421</u> Notice of Appeal (Attachments: # <u>1</u> Docket Sheet)(bx) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

Andrew Aaron, et al,

    Plaintiffs,

    v.                                Case No. 20 CV 01660

Dominick Ratkowski and Joseph Roy,

    Defendants.

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiffs,' Kathryn Knowlton, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Tahudah Cole, Taleavia Cole, Tracy Cole, Khalil Coleman, Steven Conklin, Lauryn Cross, Rachel Dulay, Anne Delessio- Parson, Erik Fanning, Jessica Fenner, Jill Ferguson, Joanna Geisler, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Destiney Jones, Adante Jordan, Mary Kachelski, Sean Kafer, Joseph Koepp, John Larry, Alex Larson, Sonora Larson, Lazarito Matheu, Van Mayes, Dana McCormick, Molly Nilssen, Shawn Page, Carmen Palmer, C.P. (juvenile), D.P. (Juvenile), Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Madeliene Schweitzer, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Tristiana Walls, Oscar Walton, Jayden Welch, Briitta Welch, Suzanne Wells, Brandon Wilborn, Trisha Wilson, Katelyn Wojnar, Sonja Worthy, and Members Of The People's Revolution, an Unincorporated Entity by and through their counsel, Kimberley Cy.

1

Motley hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Honorable Nancy Joseph district court's decision and rulings:

1)     Decision and Order, Dkt. 152, entered on February 1, 2022, Granting Defendant's Motion to Dismiss Third Amended Complaint Dkt. 108;

2)     Decision and Order, Dkt. 190, entered on August 24, 2022, Granting in part Defendant's Motion to Dismiss Plaintiffs Fourth Amended Complaint, Dkt. 177;

3)     Decision and Order, Dkt. 332, entered on March 13, 2023, Granting in part Defendant's Motion for Summary Judgment, Dkt. 257, denying Plaintiffs Motion for Partial Summary Judgment Dkt. 268, and denying Plaintiffs Motion for Sanctions Dkts. 246 and 326;

4)     Final Judgment, Dkt. 412 by the Honorable Nancy Joseph entered in this action on May 8, 2023, as well as all other orders and rulings made appealable by entry of final judgment.

Respectfully Submitted,

/s/ Kimberley Cy. Motley, Esq.
*One of Plaintiffs Attorney*
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

2

**CERTIFICATE OF SERVICE**

I, Kimberley Cy. Motley an attorney, hereby certify that I served the foregoing Notice of Appeal on all counsel of record via the CM / ECF filing system on June 6, 2023.

/s/ Kimberley Cy. Motley

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, *et al.*,

    **Plaintiff,**

    **v.**                          **Case No. 20-CV-1660**

CITY OF WAUWATOSA, *et al.*,

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS'
## MOTION TO DISMISS THIRD AMENDED COMPLAINT

---

    Plaintiffs, comprised of sixty-eight individuals and an unincorporated entity, sue the City of Wauwatosa (the "City"), former Wauwatosa Police Department ("WPD") Chief of Police Barry Weber, Wauwatosa Mayor Dennis McBride, WPD employee Dominick Ratkowski, Wauwatosa Municipal Court prosecutor George Schimmel, WPD Officers Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, and Shane Wrucke, Wauwatosa Common Council member Kathy Causier, and John Does 1-100 (the "John Doe Officers") (collectively "Defendants") for numerous constitutional and other federal law violations. Defendants now move to dismiss Plaintiffs' Third Amended Complaint on the ground that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Docket # 108.) For the reasons explained below, the motion to dismiss is granted and the complaint is dismissed without prejudice (except as to Count Twelve which is dismissed with prejudice). However, Plaintiffs are granted leave to re-file their complaint consistent with this decision.

## BACKGROUND

On February 2, 2020, 17-year-old Alvin Cole was shot and killed by former WPD Officer Joseph Mensah at the Mayfair Mall in Wauwatosa. (Third Am. Compl. ¶ 122, Docket # 56.) On May 25, 2020, George Floyd, a Black man, was shot and killed at the hands of a white police officer in Minnesota. (*Id.* ¶ 79.) In their Third Amended Complaint, Plaintiffs allege that in the wake of these deaths and others, throughout the summer of 2020, the United States was "immersed in the largest social justice movement in history. In a repudiation of anti-Black racism, white supremacy, police violence, mass criminalization, and mass incarceration . . . ." (*Id.* ¶ 1.) Plaintiffs allege that "millions joined demonstrations around the globe in solidarity against police violence which was inspired by the tragic deaths of persons like George Floyd, Breonna Taylor, Alvin Cole, Sandra Bland, Jay Anderson, Dontre Hamilton, Elijah McClain, and far too many other black Americans killed at the hands of police." (*Id.*)

Plaintiffs allege that they, as well as thousands of others, engaged in a wide variety of actions throughout the summer and fall of 2020, including rallies, marches, and other "creative protests" to oppose police violence. (*Id.* ¶ 2.) Plaintiffs allege that one political protest movement emerging in Wisconsin after George Floyd's death was called The People's Revolution ("TPR"). (*Id.* ¶ 3.) TPR organized and began protesting in May 2020, after George Floyd's death. (*Id.* ¶¶ 3–4.) Then, on June 1, 2020, Officer Mensah's identity and role in the shooting of Alvin Cole was made public. (*Id.* ¶ 125.) As a result, Wauwatosa became the center of several protests while the Alvin Cole shooting was under review by the Milwaukee County District Attorney's office. (*Id.* ¶ 126.) Plaintiffs allege that on or around June 5, 2020, Defendant Dominick Ratkowski, an employee of the WPD, created a "protester list" for the

purpose of monitoring and targeting persons whom the WPD perceived to be members of, or in sympathy with, ideas expressed by TPR, including members of the public who were simply physically at a gathering. (*Id.* ¶¶ 13, 83.)

On July 15, 2020, Wauwatosa's Police and Fire Commissioner suspended Officer Mensah with pay. (*Id.* ¶ 132.) On July 21, 2020, the Wauwatosa City Government sponsored a "listening session" with the public. (*Id.* ¶ 37.) Protests subsequently occurred in the City of Wauwatosa in August and September 2020. (*Id.* ¶¶ 40, 47.)

On September 30, 2020, Mayor McBride signed a "Proclamation of Emergency" (the "Emergency Order") which enacted a curfew restricting pedestrian and vehicular traffic on Wauwatosa streets from 7:00 p.m. to 6:00 a.m. from October 7 to October 12, 2020. (*Id.* ¶ 136.) Plaintiffs allege that former Chief of Police Weber stated that he recommended the curfew to Mayor McBride because of the anticipated charging decision in the Alvin Cole case, as well as reactions to murder of George Floyd in Minneapolis, Minnesota on May 25, 2020 and the shooting of Jacob Blake in Kenosha, Wisconsin on August 23, 2020, which both involved law enforcement officers. (*Id.* ¶¶ 4, 119, 140–41.) On October 7, 2020, Milwaukee County District Attorney John Chisholm announced that Officer Mensah would not be criminally charged for the shooting of Alvin Cole. (*Id.* ¶ 135.)

Plaintiffs allege that they are persons who were "ticketed, arrested, and/or targeted for being physically present or engaging in peaceful protests in Wauwatosa in the wake of the homicides of George Floyd, Alvin Cole, and the shooting of Jacob Blake, as well as peacefully protesting the inequitable treatment imposed upon persons of color who have been severely hurt or killed by police officers." (*Id.* ¶ 6.) Plaintiffs further alleges that the Emergency Order— passed and signed by Mayor McBride without the knowledge or approval of the Wauwatosa

Common Council—gave rise to unconstitutional tactics by the WPD intended to injure, silence, and intimidate Plaintiffs, including beating protestors, engaging in false arrests, creating false arrest records, using chemical agents, and kettling protestors in enclosed areas. (*Id.* ¶¶ 7–8, 137.) Plaintiffs allege that the police response also included unlawful surveillance, monitoring, and targeting of protestors, particularly those associated with TPR. (*Id.* ¶¶ 3, 79, 128.)

**STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing

4

*Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

### ANALYSIS

*1.    Initial Matters*

The first iteration of this complaint was filed on November 2, 2020. (Docket # 1.) In this complaint, two plaintiffs, Kathryn Knowlton and Dana McCormick, sued the City of Wauwatosa, WPD Police Chief Barry Weber, and Mayor McBride based on the defendants' alleged actions stemming from the Emergency Order. (*Id.*) On March 6, 2021, Plaintiffs filed a first amended complaint, adding 50 new plaintiffs and John Doe officer defendants, but again, bringing multiple causes of action arising from the Emergency Order. (*Id.* ¶ 6.) On August 21, 2021, Plaintiffs filed what they called their "Third Amended Complaint" (although this was actually the Second Amended Complaint), now with over 60 named plaintiffs and multiple additional defendants, including Wauwatosa's Common Council President Kathy Causier (Docket # 47 at ¶ 84) and Attorney for the City of Wauwatosa, George Schimmel (*id.* ¶ 85). Plaintiffs filed a "corrected" version of the "Third Amended Complaint" on September 8, 2021. (Docket # 56.) It is this version that is now the operative pleading in this case.

This most recent complaint suffers from multiple defects that will be addressed below. However, it has several overarching issues that infect the entirety of the complaint. This complaint spans 204 pages and contains 1,523 allegations. (*Id.*) There are sixteen causes of action. (*Id.*) When this case was initially filed in November 2020, it addressed the Emergency Order and the October protests. The current complaint, as specifically alleged, *still* "primarily arises from the City of Wauwatosa's Emergency Order unlawfully and unilaterally passed and signed by the Mayor Dennis McBride on September 30, 2020 . . . ." (Third Am. Compl. ¶ 7.)

Unfortunately, however, neither the named Plaintiffs nor their asserted causes of action reflect this statement. While all 60+ Plaintiffs were somehow involved in protests during summer and fall of 2020, the bulk of Plaintiffs' allegations, again, "primarily arises from the . . . Emergency Order." Because of this, the majority of the Plaintiffs' sixteen causes of action, many of which are brought by all Plaintiffs against all Defendants, do not actually apply to all Plaintiffs listed. Again, while I will address each cause of action in detail below, a good example is Claim One, which alleges unlawful seizure arising from the Emergency Order. However, this claim is brought by multiple Plaintiffs that were neither seized nor even present at the October protests.

The complaint suffers overbreadth as to the named Defendants as well. Plaintiffs sue the City of Wauwatosa, eleven named individuals, and John Doe officers. With the exception of Mayor McBride, however, all of the individuals are sued in their official capacities. Only Mayor McBride is sued in both his official and individual capacities. Under § 1983, however, an official capacity action against a government official is treated as a suit brought against the government entity itself. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). In an official

capacity suit, "the plaintiff alleges that the defendant was party to the execution or implementation of official policy or conduct by a government because the real party in interest is the entity[.]" *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). As such, the alleged constitutional deprivation must be linked to a policy or custom of the entity. *Id.* Despite this law, a majority of Plaintiffs' causes of action are against "all defendants," which includes these individuals sued in their official capacities only. This is incorrect.

There is also the matter of the John Doe Officers. Plaintiffs name John Doe Officers as defendants in the caption, but it is unclear in the body of the Third Amended Complaint when causes of action are being asserted against them. While Plaintiffs may assert causes of action against John Doe Officers at this stage in the case, the complaint as it stands is insufficient to give Defendants proper notice as to which causes of action the John Doe defendants are named in and what the allegations against them are.

These fundamental errors have created a long and confusing complaint in which it is entirely unclear which Plaintiffs allege what claims against which Defendants. Incredibly, at times the Plaintiffs allege causes of action against "all relevant defendants." But it is the *Plaintiffs'* job to connect the dots between the allegations and the relevant defendants. Plaintiffs' allegations against "relevant defendants" are tantamount to telling the defendants that "you know which one of you did what." This is entirely insufficient, even under notice pleading standards. "A federal court is not obligated to sift through a complaint to extract some merit when the attorney who drafted it has failed to do so himself. 'Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" *Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

Plaintiffs will be given leave to file an amended complaint. Plaintiffs are instructed, however, to file an organized and concise document. Remember that "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378. Furthermore, Plaintiffs are warned that this amended complaint must clarify which Plaintiffs sue which Defendants. Plaintiffs should consider the law on official and individual capacity claims under § 1983 and sue accordingly. While it is true that pleading rules favor decision on the merits rather than technicalities, as the Seventh Circuit has stated, "these general principles have some limits." *Nygren*, 658 F.3d at 800–01. After over a year of litigation, we still do not have a proper operative complaint. If Plaintiffs cannot remedy these errors as articulated in this decision, Plaintiffs risk having this complaint dismissed with prejudice. With this background in mind, I will now turn to the specific deficiencies in each cause of action.

    2.    *Section 1983 Claims*

The following causes of action in Plaintiffs' Third Amended Complaint are brought under § 1983: Counts 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, 13, 14, and 16.

    2.1    Legal Standards

Section 1983 provides a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim for relief under § 1983, a plaintiff must allege: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Defendants to a § 1983 action may be sued in their individual or official capacities. In an individual capacity action, a plaintiff seeks to "impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Individual liability pursuant to § 1983 requires personal involvement in the alleged constitutional deprivation." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018) (citation omitted). In other words, a plaintiff must demonstrate "a causal connection between (1) the sued officials and (2) the alleged misconduct." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

By contrast, an official capacity action against a government official is treated as a suit brought against the government entity itself. *Walker*, 526 F.3d at 977. In an official capacity suit, "the plaintiff alleges that the defendant was party to the execution or implementation of official policy or conduct by a government because the real party in interest is the entity[.]" *Hill*, 924 F.2d at 1372. As such, the alleged constitutional deprivation must be linked to a policy or custom of the entity. *Id.*

A municipality is a "person" under § 1983 and may be held liable for its own violations of the federal Constitution and laws. *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Specifically, the plaintiff must prove that the constitutional violation was caused by a governmental "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). The Seventh Circuit has interpreted this language to include three types of actions that can support municipal liability under § 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a

custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)).

With these requirements in mind, I turn to Plaintiffs' specific § 1983 claims.

### 2.2    Unlawful Seizure (First Claim for Relief)

Plaintiffs[1] allege that Defendants unlawfully seized them in violation of the Fourth Amendment. (Third. Am. Compl. ¶¶ 1424–33.) The Fourth Amendment prohibits unreasonable seizures. U.S. Const. amend. IV. A seizure occurs whenever a police officer "by means of physical force or show of authority . . . in some way restrain[s] the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). Further, "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," but instead requires "careful attention to the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

As articulated above, the plaintiffs who bring this cause of action are overbroad. Again, Count One addresses Defendants acting "under an unlawful order," (Third Am. Compl. ¶ 1429), indicating that this cause of action only applies to those Plaintiffs who were: (1) seized (2) as the result of the Emergency Order. Although I will not go through each Plaintiff bringing this cause of action, Andrew Aaron, for example, is not alleged to be present

---

[1] Tracy Cole, Taleavia Cole, Tahudah Cole, Tristiana Walls, Kathryn Knowlton, Dana McCormick, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Rachel Dulay, Anne Delessio-Parson, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (Juvenile) Palmer, (Juvenile) Palmer, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, Sonja Worthy, and TPR.

at the October protests. Nor are there any allegations that Kamila Ahmed (*id.* ¶¶ 838–39, 844); Robert Agnew (*id.* ¶ 856); Mariah Smith (*id.* ¶¶ 67, 802–05); and Brandon Wilborn (*id.* ¶¶ 806–10) were ever arrested or detained. Thus, should Plaintiffs choose to replead this cause of action, only those Plaintiffs allegedly unlawfully seized, detained, or arrested should be named. Furthermore, either the cause of action must expand beyond the Emergency Order, or it must allege, for example, that Andrew Aaron's disorderly conduct arrest was an unlawful seizure.

Next, Count One is also overbroad as to the defendants named. Plaintiffs sue all defendants. As to the City, Defendants argue that Plaintiffs fail to state a claim against the City because it cannot be sued under § 1983 for an injury solely inflicted by its employees or agents. (Def.'s Br. at 5, Docket # 109.) It is well-established that "[m]unicipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents." *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021). As stated above, a claim is brought against a municipality under *Monell*. Plaintiffs later bring *Monell* claims (in Counts Four and Five), but that is not what they are doing in Count One as to the City. In amending the complaint, Plaintiffs should take care to only bring causes of action against the City through *Monell*.

Defendants further argue that Plaintiffs fail to state a claim against Defendants Weber, McBride, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, and Causier because there are no allegations in the Third Amended Complaint that any of them were personally involved in the seizure of any plaintiff. (Def.'s Br. at 5.) With the exception of Mayor McBride, Plaintiffs explicitly assert only official capacity claims against Defendants Weber, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, and Causier, and even the John

11

Doe Officers. Because a suit against a governmental official in his official capacity is treated as a suit against the official's employing governmental entity, "district courts routinely dismiss official capacity claims against individuals as 'redundant' where the appropriate municipality is also named." *Comsys, Inc. v. City of Kenosha Wisconsin*, <u>223 F. Supp. 3d 792, 802</u> (E.D. Wis. 2016). Thus, in repleading this count, Plaintiffs should not bring the claim against these individuals in their official capacity.

Which leaves Mayor McBride, sued in his individual capacity. Again, "[i]ndividual liability pursuant to § 1983 requires personal involvement in the alleged constitutional deprivation." *Carmody*, <u>893 F.3d at 401</u>. While a defendant's direction participation in an alleged constitutional deprivation is not required, to be liable under § 1983, a defendant must act or fail to act with a deliberate or reckless disregard of a plaintiff's constitutional rights, or the conduct causing the constitutional deprivation must occur at his direction or with his knowledge and consent. *Crowder v. Lash*, <u>687 F.2d 996, 1005</u> (7th Cir. 1982). The crux of Plaintiffs' allegations against McBride appear to be that he enacted the Emergency Order with the intention of depriving people of their constitutional rights, knowing the WPD would act on it by arresting people without probable cause. (Third. Am. Compl. ¶ 1429.) Although this is what I surmise, the way the complaint is currently pled, McBride's personal involvement is not entirely clear. In repleading, Plaintiffs should either clarify Mayor McBride's individual involvement or not name him.

For all of these reasons, Count One is dismissed without prejudice.

### 2.3 Excessive Force (Second Claim for Relief)

Plaintiffs[2] assert that Defendants subjected them to excessive force in violation of the Fourth Amendment. (Third. Am. Compl. ¶¶ 1434–39.) A claim that police officers used excessive force while making an arrest, investigatory stop, or other seizure is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham*, 490 U.S. at 388. The ultimate question in analyzing a particular use of force is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

As with Count One above, multiple Plaintiffs named in Count Two fail to plead any allegations of excessive force. For example, the Third Amended Complaint does not contain facts sufficient to plausibly suggest that excessive force was used against the following Plaintiffs: Geisler, Schroeder, Delessio-Parson, Vega, Wojnar, Porter, Haddad, Worthy, Walls, Ahmed, Agnew, Baldwin, Hayes, Rogers, Smith, and Wilborn. In repleading this count, if Plaintiffs so choose, Plaintiffs should take care to only name those plaintiffs who can plausibly plead facts accordingly.

Also as above, Plaintiffs bring Count Two against all Defendants. However, as to Defendants Weber, McBride, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, and Causier, sued in their official capacities, this claim is redundant as to the City and they should

---

[2] Plaintiffs Tracy Cole, Taleavia Cole, Tahudah Cole, Tristiana Walls, Kathryn Knowlton, Dana McCormick, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Rachel Dulay, Anne Delessio-Parson, Erik Fanning, , Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (Juvenile) Palmer, (Juvenile) Palmer, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, Sonja Worthy, and TPR.

not be named. Furthermore, as to Mayor McBride in his individual capacity, there are no facts to suggest his personal involvement in the excessive force allegations. Again, as above, if Plaintiffs wish to bring a *Monell* claim against the City on this cause of action, they must plead it properly as a *Monell* claim. If Plaintiffs wish to sue defendants in their individual capacity, they need to allege those defendants' personal involvement.

Otherwise, the "Defendants" alleged to have engaged in excessive force seem to either be unknown or otherwise unnamed officers. For example, Plaintiffs' claims of excessive force involve unidentified officers or members of the National Guard as to the following Plaintiffs: Tahudah Cole, Taleavia Cole, and Tracy Cole; William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu; Kate Knowlton and Dana McCormick; Oscar Concepcion; Destiney Jones; Breon Foster; Jill Ferguson; Peter Sparks; and Carmen Palmer, (Juvenile Male) Palmer, and (Juvenile Female) Palmer. (Def.'s Br. at 7.) Detective Short, Officer Mitchell, and Officer Schmidt are not Defendants in this case. It appears the complaint alleges excessive force facts as to Plaintiff Fanning (by Detective Short) (*see* Third Am. Compl. ¶¶ 642–43), Plaintiff Bogenberger (by Officer Mitchell) (*id.* ¶¶ 377–83), and Plaintiff Vitucci (by Officer Schmidt) (*id.*).

Should Plaintiffs choose to replead this cause of action, as to the unknown defendants, Plaintiffs should specifically allege that excessive force was committed by a John Doe Officer. This will serve as a placeholder defendant and Plaintiffs will be given a deadline upon which to either name the officers or dismiss them. Otherwise, Plaintiffs should allege that a specific defendant engaged in excessive force against a specific plaintiff.

For all of these reasons, Count Two is dismissed without prejudice.

14

2.4      Right to Counsel (Third Claim for Relief)

Plaintiffs Taleavia Cole, Tahudah Cole, Kathryn Knowlton, Dana McCormick, and Breon Foster assert that Defendants violated their Sixth Amendment right to counsel when law enforcement officers interrogated them despite explicit notice that they were represented by counsel and their explicit invocation of said right. (Third. Am. Compl. ¶¶ 1440–43.) The Sixth Amendment guarantees the assistance of counsel in all criminal prosecutions. U.S. Const. amend. VI. Defendants argue that Plaintiffs' Sixth Amendment claim should be dismissed because the Third Amended Complaint does not allege facts indicating that the Sixth Amendment right to counsel had attached. (Def.'s Br. at 9.)

Plaintiffs' right to counsel claim conflates the protections of the Fifth and Sixth Amendments, but Plaintiffs' allegations are insufficient to state a claim under either. For the Sixth Amendment right to counsel, the Supreme Court has "pegged commencement to the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment[.]" *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 198 (2008) (internal quotations omitted). By contrast, the Fifth Amendment right to counsel derived from the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966) applies during custodial interrogations. But violation of the Fifth Amendment right to counsel "cannot provide the basis for § 1983 liability without use of a suspect's statements against him in a 'criminal case.'" *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1025 (7th Cir. 2006).

As the Third Amended Complaint currently stands, Plaintiffs Taleavia Cole, Tahudah Cole, Kathryn Knowlton, Dana McCormick, and Breon Foster do not allege that at the time they were interviewed, adversarial criminal proceedings against them had commenced. They

also do not allege that statements they made during their interrogations were used against them in a criminal case. Thus, these Plaintiffs have not stated a claim for violation of the right to counsel under either the Fifth or Sixth Amendments. Accordingly, Plaintiffs' right to counsel claim will be dismissed without prejudice.

### 2.5 Policy and Practice of Arrests for Unlawful Assembly and *Monell* Claim (Fourth and Fifth Claims for Relief)

It is in Counts Four and Five that Plaintiffs appear to be alleging their *Monell* claim. However, they again sue "all defendants." Plaintiffs[3] assert that the City, Chief Weber, and Mayor McBride violated their First and Fourth Amendment rights through a policy and practice of "directing and ordering the emergency curfew and dispersal of people peacefully observing or passing by an allegedly unlawful assembly and then arresting those, who through law enforcement obstructive and excessive force action are made unable to comply," (Third. Am. Compl. ¶¶ 1444–49.) Plaintiffs further assert that the "unlawful acts of Defendants, including excessive force, and unlawful seizure and arrest," were done in accordance with de facto policies of the WPD; they further assert that Mayor McBride explicitly created a formal government policy in violation of their constitutional rights. (*Id.* ¶¶ 1451–52.)

To state a *Monell* claim, a plaintiff must allege (1) the deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a

---

[3] Tracy Cole, Taleavia Cole, Tahudah Cole, Tristiana Walls, Kathryn Knowlton, Dana Mccormick, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Rachel Dulay, Anne Delessio-Parson, Erik Fanning, , Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (Juvenile) Palmer, (Juvenile) Palmer, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, Sonja Worthy, and TPR.

decision-maker with final policymaking authority; which (3) was the proximate cause of the plaintiff's injury. *See McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020).

As an initial matter, Plaintiffs are instructed that *Monell* claims are brought against the municipality. Thus, to the extent Plaintiffs wish to recraft a *Monell* claim, Plaintiffs should sue the municipality only.

However, like the previous causes of action, the complaint appears overinclusive as to Plaintiffs. Count Four very clearly alleges that the illegal "policy and practice" of the City was the Emergency Order. (Third. Am. Compl. ¶ 1445.) Also, this municipal liability claim is based on the use of excessive force and unlawful seizure. However, the Third Amended Complaint contains no such allegations for the following Plaintiffs: Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Kimberly Dood, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, Joey Koepp, John Larry, Alex Larson, Vaun Mayes, Shawn Page, Madeliene Schweitzer, Tiffany Stark, Oscar Walton, Britta Welch, Jayden Welch, or Trisha Wilson.

As to Count Five, it is entirely unclear what Plaintiffs are alleging. As best I can surmise, Plaintiffs allege that the City has created a *de facto* policy of violating people's constitutional rights. (*Id.* ¶¶ 1450–54.) Plaintiffs do not allege what this policy or practice was and how it proximately caused Plaintiffs' injuries.

For these reasons, Counts Four and Five are dismissed without prejudice.

17

2.6     Unlawful Search and Seizure of Property (Sixth Claim for Relief)

Plaintiffs[4] allege that Defendants searched and seized their property without a warrant, probable cause, or legal justification in violation of the Fourth Amendment. (Third. Am. Compl. ¶¶ 1455–59.) For the purposes of the Fourth Amendment, a search occurs "either when the government physically intrudes without consent upon a constitutionally protected area in order to obtain information . . . or when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Thompson*, 811 F.3d 944, 948 (7th Cir. 2016) (internal quotation marks and citations omitted). Property is seized "when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Plaintiffs assert their unlawful search and seizure claim against "All relevant Defendant Officers" and the City. (Third. Am. Compl. at 191.) Defendants assert that Plaintiffs fail to state a claim against the City or Defendants Weber, McBride, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, Lewandowski, and Causier. (Def.'s Br. at 15.) Again, because Defendants Weber, McBride, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, Lewandowski, and Causier are named in their official capacities in this claim, they will be dismissed because the City is also named. Furthermore, however, the City must also be dismissed because Plaintiffs have not alleged that any unlawful search or seizure was the result of a policy or custom of the City. Finally, to the extent that Mayor McBride is

---

[4] Tracy Cole, Taleavia Cole, Tahudah Cole, Kathryn Knowlton, Dana McCormick, Oscar Concepcion Rodriguez, Anne Delessio-Parson, Rachel Dulay, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geiser, Christina Vitolo-Haddad, Joseph Hayes, Percy Hayes, Jose Hernandez Ramirez, Destiney Jones, Joey Koepp, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (Juvenile) Palmer, (Juvenile) Palmer, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Gabriella Vitucci, Suzanne Wells, Katelyn Wojnar, Sonja Worthy, Jacqueline Bogenberger, and Raine Cich.

named in his individual capacity, he will be dismissed because Plaintiffs have not plausibly alleged his personal involvement in the search or seizure in any Plaintiffs' property.

Defendants additionally argue that because there are no allegations in the Third Amended Complaint of a seizure or search of the following Plaintiffs' property, their unlawful search and seizure claims should be dismissed: Joseph Hayes, Percy Hayes, Joey Koepp, Tracy Cole, Tahudah Cole, Oscar Conception Rodriguez, Anne Delessio-Parson, Nathan Sabel, and Mariah Smith. (Def.'s Br. at 16.) Defendants are correct that there are no allegations for a search or seizure pertaining to these Plaintiffs. As such, these Plaintiffs' unlawful search and seizure of property claims will be dismissed without prejudice. Again, Plaintiffs can replead this cause of action, but must correctly plead as to both Plaintiffs and Defendants named.

### 2.7    Conspiracy to Deprive Plaintiffs of their Constitutional Rights (Eighth Claim for Relief)

Plaintiffs allege that Defendants conspired to deprive them of their First, Fourth, and Fourteenth Amendment rights in violation of § 1983. (Third Am. Compl. ¶¶ 1465–78.) Under § 1983, a conspiracy claims requires allegations that "(1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (citation omitted). The plaintiff alleging conspiracy must indicate "the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002.)

Defendants assert that the Third Amended Complaint contains only conclusory allegations of a conspiracy, and that Plaintiffs fail to allege that Defendants reached an

understanding to deny them of their constitutional rights. (Def.'s Br. at 18–19.) I agree. While Plaintiffs need not assert their conspiracy theory in great detail, the allegations in the Third Amended Complaint are insufficient to apprise each Defendant of how they conspired to deprive Plaintiffs of their First, Fourth, and Fourteenth Amendment rights. As such, this claim will be dismissed without prejudice.

### 2.8    Retaliation for Exercise of Free Speech (Ninth Claim for Relief)

Plaintiffs allege that Defendants retaliated against them for exercising their First Amendment freedom of speech and assembly rights. (Third Am. Compl. ¶¶ 1479–84.) To state a First Amendment retaliation claim, a plaintiff must allege that he engaged in activity protected by the First Amendment; that he suffered an adverse action that would likely deter First Amendment activity in the future; and that the protected activity motivated the adverse action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Rowe v. Buss*, No. 21-1182, 2021 WL 5232512, at *2 (7th Cir. Nov. 10, 2021).

Defendants assert that because Plaintiffs have not pleaded the absence of probable cause for their arrests, as required by *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019), their First Amendment retaliation claim must be dismissed. (Def.'s Br. at 20–21.) In *Nieves*, the Supreme Court held that in most cases, probable cause to make an arrest defeats a First Amendment claim for retaliatory arrest. 139 S. Ct. at 1726. The Court further instructed that a plaintiff "pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Id.* at 1724.

However, it is not clear that Plaintiffs' retaliation claim actually rests on a theory of retaliatory arrest. Plaintiffs allege that "the actions of the Defendant Officers described above violated Plaintiffs' rights to freedom of speech and assembly guaranteed by the First and

Fourteenth Amendments to the United States Constitution, in that Plaintiffs were abruptly prevented from further exercising their rights and suffered retaliation for having exercised their rights." (Third. Am. Compl. ¶ 1481.) Plaintiffs further assert that "[t]he Defendant Officers retaliated against Plaintiffs for engaging in protected speech by subjecting them to excessive force without legal justification." (*Id.* ¶ 1482.)

In other words, it appears Plaintiffs allege that the "Defendant Officers" retaliated against the Plaintiffs for exercising their constitutional rights by subjecting them to excessive force. But again, why are "all plaintiffs" suing "all defendants"? Clearly not all Plaintiffs were alleged to have experienced excessive force and only three officers have been named as defendants. This cause of action is woefully inadequate as currently pled and will be dismissed without prejudice.

### 2.9 Failure to Intervene (Eleventh Claim for Relief)

Plaintiffs allege that during the events described in the Third Amended Complaint, Defendants stood by without intervening to prevent violations of their First, Fourth, and Fourteenth Amendment rights. (Third Am. Compl. ¶¶ 1495–99.) "[U]nder certain circumstances a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). To succeed on a claim for failure to intervene, a plaintiff must demonstrate that the defendants "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). Defendants argue that Plaintiffs fail to state a claim for failure to intervene because Defendants cannot be held liable for failing to intervene to prevent constitutional violations that Plaintiffs have not proven. (Def.'s Br. at 23.) Defendants further argue that even if Plaintiffs' constitutional rights were violated, there are no allegations that

the named defendants were present for the violations and thus would have been able to intervene. (*Id.*)

Plaintiffs' failure to intervene claim is insufficiently pleaded. They fail to articulate, beyond conclusory allegations, which Defendants stood by during violations of their constitutional rights and whether the Defendants were even present during the violations. For this reason, Plaintiffs' failure to intervene claim will be dismissed without prejudice.

### 2.10    Abuse of Power (Twelfth Claim for Relief)

Plaintiffs allege that "the individual Defendants acted maliciously and/or with reckless disregard and/or with deliberate indifference towards Petitioners or in an intentional disregard of their rights, such as to subject all the individual Defendants to punitive damages." (Third Amended Compl. ¶ 1504.) Plaintiffs further allege that the City is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered in this action "because said Defendants were acting within the scope of his [sic] employment when they committed the acts described above." (*Id.* ¶ 1505.)

Defendants argue that Plaintiffs' abuse of power claim is conclusory and clearly fails to meet the pleading standards of *Twombly/Iqbal* and thus must be dismissed. (Def.'s Br. at 24.) In a § 1983 action, "a jury may be permitted to assess punitive damages . . . when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, <u>461 U.S. 30, 56</u> (1983).

Plaintiffs assert that all Defendants except for the City are subject to punitive damages. However, punitive damages are not recoverable under § 1983 against a municipality or, by logical extension, a defendant sued in his official capacity. *See Newport v. Fact Concerts, Inc.*,

453 U.S. 247, 271 (1981); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). As such, the official capacity claims against Defendants Weber, McBride, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, and Causier must be dismissed.

As to the claim against Mayor McBride in his individual capacity, it is unclear what conduct of his Plaintiffs believe was the result of "evil motive or intent" or involved "reckless or callous indifference" to their federal rights. Thus, the individual capacity suit against Mayor McBride will also be dismissed.

As to the City, Plaintiffs invoke Wis. Stat. § 895.46, an indemnification statute that provides as follows:

> If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee . . . in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee.

Wis. Stat. § 895.46(1)(a). Section 895.46, however, appears to create a private right of action for public officials against whom a judgment has been entered, not persons suing for violations of their civil rights. *See Chiroff v. Milwaukee Cty.*, 2000 WI App 233 n.11, 239 Wis. 2d 232, 619 N.W.2d 307 ("The intent of [§ 895.46] is to enable an official of a political subdivision to bring an action against the political subdivision to obtain reimbursement for an obligation of the political subdivision he or she has borne."); *Williams v. Michalsen*, No. 19-CV-56-PP, 2020 WL 1939136, at *9 (E.D. Wis. Apr. 21, 2020) ("If the individual officers are found liable, the indemnity mandated by § 895.46 will be triggered; the plaintiffs do not need to sue the county for that to happen.").

23

This cause of action is not actually a cause of action, but assertions of damages theories. Count Twelve is dismissed with prejudice. If Plaintiffs wish to assert their theory of damages in the corrected complaint they may do so, but not as a "cause of action."

### 2.11  Equal Protection (Fourteenth Claim for Relief)

Plaintiffs allege that Defendants subjected Plaintiffs, "some of whom are Black and all of whom were protesting anti-Black racist police violence and in support of the movement for Black lives," to excessive force and/or unlawful detention and arrest, and/or suppressed their right to freedom of speech and assembly, in violation of the Equal Protection Clause of the Fourteenth Amendment. (Third Am. Compl. ¶¶ 1509–11.)

The Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. It is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). An Equal Protection Clause violation typically occurs when state action discriminates based on a person's membership in a protected class, such as race, or interferes with a person's fundamental rights, such as freedom of speech or religion. *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). The Equal Protection Clause may also be violated if state action "irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Because Plaintiffs assert that they were denied equal protection of the law based on their identity and the identity of those for whom they were protesting, I construe the claim as one based on class membership.

Defendants argue that Plaintiffs' equal protection claim must be dismissed because they do not assert, beyond conclusory allegations, that any arrest decisions were made

24

pursuant to a discriminatory motive. (Def.'s Br. at 24.) "To maintain an equal protection claim, 'plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose.'" *Levan Galleries LLC v. City of Chicago*, 790 F. App'x 834, 835 (7th Cir. 2020) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001)).

Again, Plaintiffs allege that their equal protection rights were violated by the named and unidentified Defendant Officers "because of their identity and/or because of what they were protesting" and with "racial animus toward each and every Plaintiff individually and as a group[.]" (Third Am. Compl. ¶ 1510.) There are two main problems with this cause of action. First, while Plaintiffs do allege that some of the plaintiffs are Black and include photographs of some of the Plaintiffs within the body of the complaint, it also identifies a group of Plaintiffs based on what they were protesting. The law does not recognize those protesting on behalf of Black individuals as a protected class. *See Srail*, 588 F.3d at 943 ("Suspect classes include race, alienage, and national origin."). Accordingly, the complaint needs to clearly state what protected class the Plaintiffs fall under. Second, Plaintiffs need to allege facts as to each Defendant. If a defendant is sued in his or her individual capacity, then the complaint needs allegations of personal involvement. If Plaintiffs allege a *Monell* claim, then the complaint needs to identify the violative policy or practice and how it proximately caused Plaintiffs' injuries.

For these reasons, Count Fourteen is dismissed without prejudice.

### 2.12    Right to Assemble (Sixteenth Claim for Relief)

Plaintiffs allege that the City and Mayor McBride violated their First Amendment right to assemble when Mayor McBride effectively declared all protests in the City unlawful

for the week of October 7, 2020 by enacting the emergency order. (Third Am. Compl. ¶¶ 1517–23.) The First Amendment protects the "right of the people peaceably to assemble." U.S. Const. amend. I. "The amount of access to which the government must give the public for First Amendment activities, and the standards by which a court will evaluate limitations on those rights, depends on the nature of the forum at issue." *John K. MacIver Inst. for Pub. Pol'y, Inc. v. Evers*, 994 F.3d 602, 609 (7th Cir. 2021). In a traditional public forum, such as a street or park, restrictions on the time, place, and manner of First Amendment activity may be imposed so long as they are content-neutral, narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels of communication of the information. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).

Defendants argue that Plaintiffs' right to assemble claim fails because it is premised on Mayor McBride's alleged failure to follow state law in declaring a state of emergency or curfew, and § 1983 does not provide a remedy for the failure to follow state law. (Def.'s Br. at 25–27.) I agree. Plaintiffs' theory as to how the City and Mayor McBride violated their First Amendment right to assemble is unclear. Plaintiffs' allegations only suggest that Mayor McBride had no sufficient factual basis to declare the emergency order as contemplated by state law. However, the "federal government is not the enforcer of state law." *Pasiewicz v. Lake Cty. Forest Pres. Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Because Plaintiffs fail to plausibly allege a violation of their right to assemble under the First Amendment, the Sixteenth Claim for Relief will be dismissed against Mayor McBride and the City without prejudice.

### 3. Section 1985 and 1986 Claims

Plaintiffs assert in their Eighth and Fifteenth Claims for Relief that Defendants conspired to deprive them of equal protection of the laws in violation of 42 U.S.C. § 1985

because some of them are Black and all of them were protesting in support of the movement for Black lives. (Third Am. Compl. ¶¶ 1465–78, 1512–16.) Plaintiffs further assert that Defendants, knowing that a conspiracy to deprive them of their constitutional rights was about to be committed, neglected or refused to prevent the conspiracy in violation of 42 U.S.C. § 1986. (*Id.*) Defendants argue that Plaintiffs have only alleged conclusory allegations of a conspiracy. (Def.'s Br. at 18.)

Section 1985(3) provides that: "If two or more persons in any state or Territory conspire . . . for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3). In turn, section 1986 provides that: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]" 42 U.S.C. § 1986.

The Seventh Circuit has observed that pleading a conspiracy under § 1985(3) when all defendants are state actors is superfluous, since the function of § 1985 is to permit recovery from a private actor who has conspired with state actors. *See Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Nevertheless, to state a claim under § 1985(3), a plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to

27

person or property or a deprivation of a right or privilege granted to U.S. citizens." *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996).

Plaintiffs have not sufficiently alleged an underlying violation of their right to equal protection. Thus, their conspiracy claim under § 1985(3) necessarily fails. *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 597 (7th Cir. 2017). Further, "in the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist." *Hicks v. Resol. Tr. Corp.*, 970 F.2d 378, 382 (7th Cir. 1992). As such, Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 will be dismissed without prejudice.

> 4.    *Title VI Claim*

Plaintiffs allege that Defendants have engaged in discriminatory law enforcement practices, including stops, searches, arrests, and uses of force, in violation of Title VI. (Third Am. Compl. ¶¶ 1460–64.) Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. "To state a claim under Title VI, plaintiffs must allege facts satisfying two elements: (1) that they have been intentionally discriminated against on the grounds of race; and (2) that defendants are recipients of federal financial assistance." *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 720 (N.D. Ill. 2015).

Defendants first argue that Plaintiffs fail to state a Title VI claim against the individual defendants because Plaintiffs' allegations do not suggest that they are themselves recipients of federal funds. (Def.'s Br. at 16–17.) In *Smith v. Metropolitan School District Perry Township*, the Seventh Circuit held that "[b]ecause Title IX only protects against discrimination under any education program or activity receiving federal financial assistance . . . a Title IX claim can

only be brought against a grant recipient and not an individual." 128 F.3d 1014, 1019 (7th Cir. 1997). "Title VI and Title IX are so similar that a decision interpreting one generally applies to the other." *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014).

The Third Amended Complaint does not contain facts suggesting that the individual defendants themselves are the recipients of federal funds, and "the mere fact that the Defendants are employed by the government . . . does not mean that they are recipients of federal funds." *Rogers v. Off. of the Att'y Gen.*, No. 1:16-CV-429-TLS, 2017 WL 2864950, at *3 (N.D. Ind. July 5, 2017). As such, Plaintiffs' Title VI claim against Defendants Weber, McBride, Ratkowski, Schimmel, Vetter, Farina, Roy, Keck, Wrucke, Lewandowski, and Causier will be dismissed.

Defendants also assert that because the Third Amended Complaint does not contain allegations that the following Plaintiffs were stopped, searched, arrested, or had any force used against them, their Title VI claims must be dismissed: Kamila Ahmed, Robert Agnew, Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, John Larry, Alex Larson, Vaun Mayes, Shawn Page, Mariah Smith, Madeliene Schweitzer, Tiffany Stark, Oscar Walton, Jayden Welch, Britta Welch, and Brandon Wilborn. (Def.'s Br. at 17.) I agree. Because there are no allegations that these Plaintiffs ever interacted with law enforcement and no indication as to how they were subject to intentional discrimination for the purposes of Title VI, their claims will be dismissed.

Defendants further argue that Plaintiffs have not alleged facts indicating intentional discrimination. (Def.'s Br. at 17.) The Third Amended Complaint fails to allege facts to plausibly suggest intentional discrimination against any Plaintiff, save for Plaintiff William

29

Rivera's allegation that a John Doe Officer arrested him because of his race. (Third Am. Compl. ¶ 326.) As such, while Plaintiff William Rivera may state a Title VI claim, the remaining Plaintiffs have not. Their Title VI claims will be dismissed without prejudice.

5.     *Driver's Privacy Protection Act Claim (Tenth Claim for Relief)*

In their Tenth Claim for Relief, Plaintiffs allege that all Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*, by obtaining their personal information from the Wisconsin Department of Transportation and disclosing it to third parties. (Third. Am. Compl. ¶¶ 1485–94.) Under the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use" not permitted by the DPPA. 18 U.S.C. § 2722(a). An individual whose personal information has been obtained or disclosed in violation of the DPPA may bring a civil action for damages in federal court. 18 U.S.C. § 2724.

The Plaintiffs allege that Defendant Roy, who was trained to access motor vehicle records, released to the public unredacted tickets containing information of Plaintiffs' obtained from their motor vehicle records, including addresses, phone numbers, driver's license numbers, date of birth, weigh, height, and eye color. (Third Am. Compl. ¶¶ 877–1069.) Plaintiffs allege that Defendant Ratkowski used personal information obtained from DOT records to create a protestor "target list" and shared it, unsolicited, with various police departments. (Third Am. Compl. ¶¶ 1076–1423.)

Once again, this count suffers from too many plaintiffs suing too many defendants. The Third Amended Complaint only alleges that Defendants Roy and Ratkowski engaged in the DPPA violations. However, like the majority of this complaint, Plaintiffs sue "all defendants." And upon inspection of the allegations in the Third Amended Complaint,

Plaintiffs Fenner, Hernandez Ramirez, Jordan, Matheu, Page, Aidali Rivera, William Rivera, Sabel, Schroeder, Britta Welch, Jayden Welch, and Wilson all fail to allege that any Defendant used or obtained personal information from their motor vehicles records.

For these reasons, Count Ten is likewise dismissed without prejudice, with leave to replead.

## CONCLUSION

Despite drafting 1,523 allegations over the span of 204 pages, and this being the third iteration of the Complaint, every single one of Plaintiffs' sixteen causes of action fail to state a claim upon which relief can be granted. However, because this is the first time that the complaint has been subject to the scrutiny of a motion to dismiss, perhaps Plaintiffs were previously unaware of the fundamental errors plaguing their pleading. That said, as discussed fully here, Plaintiffs should not sue all defendants unless the complaint supports allegations against all defendants. All plaintiffs should not be included in a cause of action unless the plaintiff has allegations to support the claim. Plaintiffs should be clear whether asserting a claim against particular defendants in their individual and/or official capacity, or under *Monell*. Plaintiffs should make clear where particular causes of action are named against John Doe Officers. Forcing both the Court and defendants to wade through a maze of a complaint consumes vast amounts of precious resources that could have been avoided simply with more careful pleading.

Again, I am dismissing the entirety of the complaint, except for Count Twelve, without prejudice. Count Twelve is dismissed with prejudice. Plaintiffs will have **fourteen (14) days** from the date of this decision and order in which to file an amended complaint. This new

complaint must address the deficiencies discussed here. Otherwise, Plaintiffs risk dismissal of this case with prejudice.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendants' motion to dismiss (Docket # 108) is **GRANTED**. Count Twelve is dismissed with prejudice. The remaining counts are dismissed without prejudice. Plaintiffs will have **fourteen (14) days** from the date of this decision and order in which to file an amended complaint.

Failure to timely file an amended complaint consistent with this decision and order will result in the case being dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 1st day of February, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al.,

    **Plaintiffs,**

    v.                              **Case No. 20-CV-1660**

CITY OF WAUWATOSA, et al.,

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS'
## MOTION TO DISMISS FOURTH AMENDED COMPLAINT

---

Plaintiffs represent a group of approximately sixty-three individuals, as well as a single unincorporated entity, engaged in a variety of actions throughout 2020, particularly in the City of Wauwatosa, aimed at opposing police violence. (Fourth Am. Compl., Docket # 155.) The plaintiffs sue the City of Wauwatosa (the "City"), former Wauwatosa Police Department ("WPD") Chief of Police Barry Weber, City of Wauwatosa Mayor Dennis McBride, WPD employee Dominick Ratkowski, Wauwatosa Municipal Court prosecutor George Schimmel, WPD Officers Maria Arbiter, Jeffrey Farina, Joseph Lewandowski, Daniel Mitchell, George Opelt, Robert Piehl, Russell Richardson, Joseph Roy, James Short, Brian Skornia, Luke Vetter, Timothy Warren, Shane Wrucke, Kelly Zielinski, and John Doe Officers 1-100 (the "John Doe Officers") (collectively "the defendants") for numerous constitutional and other federal and state law violations. On February 1, 2022, apart from count twelve, I dismissed plaintiffs' Third Amended Complaint without prejudice. (Docket # 152.) The plaintiffs filed a Fourth Amended Complaint (Docket # 155), and the defendants now renew their motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket # 177).

For the reasons below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

On February 2, 2020, 17-year-old Alvin Cole was shot and killed by former WPD Officer Joseph Mensah at the Mayfair Mall in Wauwatosa. (Fourth Am. Compl. ¶ 129, Docket # 155.) On May 25, 2020, George Floyd, a Black man, was shot and killed at the hands of a white police officer in Minnesota. (*Id.* ¶ 128.) In their Fourth Amended Complaint, plaintiffs allege that in the wake of these deaths and others, throughout the summer of 2020, the United States was "immersed in the largest social justice movement in history. In a repudiation of anti-Black racism, white supremacy, police violence, mass criminalization, and mass incarceration, millions joined demonstrations around the globe in solidarity against police violence which was inspired by the tragic deaths of people such as George Floyd, Alvin Cole, Jay Anderson Jr. and Breonna Taylor." (*Id.* ¶¶ 2, 4, 5, 7.)

Plaintiffs allege that they, as well as thousands of others, engaged in a wide variety of actions throughout the summer and fall of 2020, including rallies, marches, and other "creative protests" to oppose police violence. (*Id.* ¶ 5.) Plaintiffs allege that one political protest movement emerging in Wisconsin after George Floyd's death was called The People's Revolution ("TPR"). (*Id.* ¶ 6.) TPR organized and began protesting in May 2020, after George Floyd's death. (*Id.* ¶¶ 6–7.) Then, in response to the peaceful protests, plaintiffs allege that on or around May 25, 2020, Ratkowski, a city of Wauwatosa employee who works at the WPD, created a "TPR Target List," containing the names of persons Ratkowski perceived to be affiliated with TPR. (*Id.* ¶ 10.) The Target List allegedly contained the names, photos, addresses, dates of birth, and other personal information of those listed, and Ratkowski allegedly indiscriminately distributed the list to local, state, and federal agencies. (*Id.*)

2

Then, on June 1, 2020, Officer Mensah's identity and role in the shooting of Alvin Cole were made public. (*Id.* ¶ 137.) As a result, Wauwatosa became the center of several protests while the Alvin Cole shooting was under review by the Milwaukee County District Attorney's office. (*Id.* ¶ 138.) On July 15, 2020, Wauwatosa's Police and Fire Commissioner suspended Officer Mensah with pay. (*Id.* ¶ 141.) Protests subsequently occurred in the City of Wauwatosa on August 13 and 14 and September 5, 2020. (*Id.* ¶ 144.) On August 23, 2020, Jacob Blake was shot in the back by a police officer in Kenosha, Wisconsin. (*Id.* ¶ 240.)

On September 30, 2020, Wauwatosa Mayor McBride signed a "Proclamation of Emergency" (the "Emergency Order") which enacted a curfew restricting pedestrian and vehicular traffic on Wauwatosa streets from 7:00 p.m. to 6:00 a.m. from October 7 to October 12, 2020. (*Id.* ¶ 235.) Mayor McBride allegedly instituted the curfew in anticipation of the October 7, 2020 announcement from the Milwaukee County District Attorney's Office that Officer Mensah would not be criminally charged for Cole's death and because of the "unexpected tragic incidents" that occurred during protests in Kenosha in the wake of Blake's shooting. (*Id.* ¶¶ 234–35, 240.) Despite the curfew, protests occurred in the City of Wauwatosa on October 8, 9, 10, and 11, 2020. (*Id.* ¶¶ 304–888.) Plaintiffs allege that thirty-eight of them were given non-criminal tickets by WPD Officers for violating the Emergency Order during that time frame. (*Id.* ¶ 144.)

Plaintiffs allege that they were ticketed, arrested, and/or targeted in and by the City of Wauwatosa and its employees for being physically present or engaging in peaceful protests in the wake of the homicides of George Floyd, Alvin Cole, and the shooting of Jacob Blake, and for peacefully protesting the inequitable treatment imposed upon persons of color who have been severely hurt or killed by police officers. (*Id.* ¶ 7.) Plaintiffs further allege that Mayor

McBride signed the emergency proclamation on September 30, 2020 and declared the curfew without the knowledge or approval of Wauwatosa's Common Council, the local governing body in Wauwatosa, and lacked the legal authority to do so. (*Id.* ¶¶ 237, 243.) They allege that at the time McBride signed the Emergency Order, there were no credible threats to the City of Wauwatosa. (*Id.* ¶ 238.)

Plaintiffs allege that the Emergency Order gave rise to the WPD, Wauwatosa City Agencies, and other operational partners responding to the demonstrations with unconstitutional tactics that were clearly intended to injure, silence, and intimidate the plaintiffs as well as all citizens. These abusive tactics included violently beating protestors, engaging in false arrests, the creation of false arrest records, use of chemical agents, and kettling protestors in enclosed areas. (*Id.* ¶ 15.) Plaintiffs allege that the police response also included unlawful surveillance, monitoring, and targeting of protestors, particularly those associated with TPR. (*Id.* ¶¶ 140, 937, 952.)

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though

this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

In their Fourth Amended Complaint, plaintiffs bring fourteen causes of action pursuant to 42 U.S.C. §1983; the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721; Title VI; and Wisconsin state law.[1] I will address each category of claims in turn.

---

[1] Plaintiffs concede that the Seventh Claim for Relief should be dismissed. (Pls.' Resp. Br. at 15, Docket # 187.) As such, the Seventh Claim for Relief (Fourth Am. Compl. ¶¶ 996–1031) is dismissed.

*1.    Section 1983 Claims*

Plaintiffs bring the following causes of action pursuant to 42 U.S.C. § 1983: First Amendment Violation (Curfew Order) (Claim One); Fourteenth Amendment – Due Process Denial (Claim Three); First and Fourteenth Amendment (Protestor List) (Claim Four); First Amendment Retaliation (Claim Five); Deliberate Indifference (Claim Six); Excessive Force (Claim Eight); Unlawful Arrest (Claim Nine); Unlawful Search and Seizure of Cars, Phones (Claim Ten); and Equal Protection (Claim Twelve).

### 1.1    Section 1983 Claims – Against Individual Defendants

#### 1.1.1    Named Defendants

As an initial matter, defendants argue that because defendants Weber, Arbiter, Farina, Lewandowski, Mitchell, Opelt, Piehl, Ratkowski, Richardson, Roy, Schimmel, Short, Skornia, Vetter, Warren, Wrucke, Zielinski, and McBride are only named in their individual capacities for "declaratory and injunctive relief only," and because injunctive and declaratory relief under § 1983 is only available against parties in their *official* capacities, the fourth amended complaint fails to state a claim against these individuals. (Defs.' Br. at 6–7.)

Defendants are correct that "injunctive relief against a state official may be recovered only in an official capacity suit." *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991); *see also Dertz v. City of Chicago*, 912 F. Supp. 319, 328 (N.D. Ill. 1995)*, on reconsideration in part,* No. 94 C 542, 1997 WL 85169 (N.D. Ill. Feb. 24, 1997) ("Moreover, the equitable relief that the plaintiffs request—a declaration that the defendant's policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future—can be obtained only from the defendants in their official capacities, not as private individuals."). In the fourth amended complaint, with the exception of McBride, who is sued in "his individual

capacity for declaratory and injunctive relief only and in his individual capacity for punitive damages," (Fourth Am. Compl. ¶ 89), each individual defendant is sued in his or her individual capacities for "declaratory and injunctive relief only" (*id.* ¶¶ 90–106).

Plaintiffs seemingly recognize their quandary, noting they made "an error" in the parties section of the complaint. (Pls.' Resp. Br. at 7.) Plaintiffs argue that they "have made clear throughout the entirety of this litigation that they intend to bring suit against Defendants for money damages," and because they were only given two weeks to redraft their complaint, they "apparently made an oversight in failing to remove the official capacity relief request from the perfunctory parties section." (*Id.*) Plaintiffs state that they "take responsibility to immediately amend this complaint to correct this oversight" and argue that "to dismiss all of Plaintiffs' claims against the individual Defendants for a multitude of constitutional violations would be exceedingly unjust and in contravention of the pleading standards." (*Id.* at 7–8.)

Plaintiffs' arguments are not persuasive. As an initial matter, plaintiffs' assertion about a "tight timeframe" is a nonstarter. This is the plaintiffs' fourth attempt at re-drafting a proper pleading. Furthermore, if plaintiffs needed additional time to file their fourth amended complaint, they could have simply requested such leave from the Court. They did not. Moreover, I am unconvinced that the plaintiffs "have made clear" throughout the litigation that they were seeking money damages against the individual defendants. In the first iteration of the complaint against Weber and McBride, plaintiffs specifically pled they were suing the defendants in their official capacities for declaratory and injunctive relief only. (Compl. ¶¶ 9–10, Docket # 1.) In the amended complaint, the plaintiffs sued Weber, McBride, and the John Doe Officers each "in his official capacity for declaratory and injunctive relief only." (Am. Compl. ¶¶ 63–65, Docket # 24.)

On August 21, 2021, however, when the plaintiffs filed their second amended complaint (mistakenly titled third amended complaint), the plaintiffs specifically sued McBride "in his official capacity for declaratory and injunctive relief only and in his individual capacity for punitive damages"; whereas the remaining defendants were sued in their "official capacity for declaratory and injunctive relief only." (Second Am. Compl. ¶¶ 81–91, Docket # 47.)  Plaintiffs then filed a Third Amended Complaint (titled the "Corrected Third Amended Complaint") on September 8, 2021, again suing all defendants in their "official capacity for declaratory and injunctive relief only," with the exception of McBride, who was sued "in his official capacity for declaratory and injunctive relief only and in his individual capacity for punitive damages." (Third Am. Compl. ¶¶ 81–91, Docket # 56.)

After alerting plaintiffs that their official capacity suits against the individual defendants are treated as suits brought against the government entity itself and thus are redundant to their claims against the City, the plaintiffs amended their complaint to sue McBride in "his individual capacity for declaratory and injunctive relief only and in his individual capacity for punitive damages," (Fourth Am. Compl. ¶ 89), and to sue each other individual defendant in his or her individual capacity for "declaratory and injunctive relief only" (*id.* ¶¶ 90–106).

Plaintiffs seem to argue that what they *meant* to plead was they were suing each individual defendant in his or her individual capacity for money damages only. (Pls.' Resp. Br. at 7–8.) But that is not what the plaintiffs pled, either in this iteration of the complaint or in the previous four iterations. Rather, plaintiffs were clear they were suing the individual defendants under § 1983 for declaratory and injunctive relief only, and in fact, *did* specify which defendant they intended to sue for money damages—Mayor McBride. Plaintiffs

8

specifically changed their pleading to include a claim for money damages against McBride in their second amended complaint, but the claims against the other individual defendants remained the same.

As stated in the previous decision, while "[i]t is true that the pleading rules favor decisions on the merits rather than technicalities[,] . . . these general principles have some limits." (Docket # 152 at 8, quoting *Stanard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011).) "Leave to replead need not be allowed in cases of 'repeated failure to cure deficiencies by amendments previously allowed.'" *Id.* at 801 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs will not be allowed to file yet another amended complaint. After failing to correct its deficiencies in four attempts, I have little confidence that yet another amendment would do anything beyond causing further delay in this case. Thus, the plaintiffs' § 1983 claims against defendants Weber, Arbiter, Farina, Lewandowski, Mitchell, Opelt, Piehl, Ratkowski, Richardson, Roy, Schimmel, Short, Skornia, Vetter, Warren, Wrucke, and Zielinski are dismissed.

As to defendant McBride, plaintiffs' § 1983 claims requesting injunctive relief against McBride in his individual capacity are dismissed. However, plaintiffs' claim against McBride in his individual capacity for money damages (First Claim for Relief) can go forward. Plaintiffs allege that McBride illegally enacted the Emergency Order for the express purpose of violating the plaintiffs' First Amendment rights. (Fourth Am. Compl. ¶¶ 911–16.) "Individual liability pursuant to § 1983 requires personal involvement in the alleged constitutional deprivation." *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018) (internal quotations and citations omitted). The Fourth Amended Complaint

sufficiently alleges McBride's personal involvement in the constitutional deprivation to go forward.

### 1.1.2   John Doe Officers

Plaintiffs also bring claims five, eight, nine, ten, and twelve against John Doe Officers. The complaint does not specify whether the claims are brought against the John Doe Officers in their individual capacities, or whether they are requesting injunctive, declaratory, and/or monetary relief against them. Defendants argue that the plaintiffs' failure to identify John Does 1-100 after sixteen months of litigation warrants dismissal of those individuals from this lawsuit. (Defs.' Br. at 3.) Plaintiffs counter that the statute of limitations has not yet run on their claims, discovery has not yet concluded, and the City has failed to keep proper records, all of which have impeded plaintiffs' ability to identify the unknown officers. (Pls.' Resp. Br. at 3–6.)

While discovery was stayed on February 1, 2022 (Docket # 153), the John Doe defendants have been parties to this action since the amended complaint filed on March 6, 2021 (Docket # 24). There was ample opportunity to conduct discovery during this nearly year-long time frame. In fact, by January 2022, the parties had conducted numerous depositions as well as exchanged written discovery. And the plaintiffs specifically requested in Document Request No. 4 on January 5, 2021, for the defendants to provide: the "names of all the Wauwatosa Police Officers, and the names of any local, state, or federal law enforcement officers who assisted the Wauwatosa Police Department and the City of Wauwatosa during the curfew from October 7, 2020 to October 12, 2020." (Docket # 37.) The defendants provided the plaintiffs with City of Wauwatosa staffing lists from the relevant October dates on February 18, 2021. (Docket # 37-1 at 5.) When plaintiffs filed a motion to

10

compel discovery responses on July 7, 2021, they specifically *did not* challenge the defendants'
response to Document Request No. 4. (Docket # 37.)

Even in their most recent motion for sanctions filed on January 21, 2022 for alleged
discovery violations, plaintiffs do not challenge the defendants' response to Document
Request No. 4 as to the names of the officers who assisted the WPD during the October 2020
curfew. (Docket # 137-17 at 4.) Rather, plaintiffs state that the responsive documents that
have not been handed over include the "executed contracts" or "executed agreements"
between various entities and the City or WPD. (*Id.*) These documents relate to the first part
of Document Request No. 4, not the second part, which covers the names of the officers who
assisted during the curfew. (*Id.*)

Thus, while plaintiffs argue that their failure to identify the John Doe officers "is not
for a lack of trying," but is "unfortunately in large part due to the lack of discovery
compliance" (Pls.' Resp. Br. at 6), this statement does not comport with the record. Plaintiffs
had defendants' response as to the names of the officers who worked that night and did not
challenge the defendants' response. If the plaintiffs could not properly ascertain the John Doe
Officers' identities with the responses given in the year-long timeframe given, it is unclear
how additional discovery will change this. For these reasons, I will dismiss the John Doe
Officer defendants.

In summary, the following claims are dismissed, with prejudice:

- Fourth Claim for Relief

- Fifth Claim for Relief

- Sixth Claim for Relief

- Eighth Claim for Relief

- Ninth Claim for Relief

- Tenth Claim for Relief

- Twelfth Claim for Relief

What remains is plaintiffs' First Claim for Relief against McBride in his individual capacity for money damages.

### 1.2    Section 1983 Claims – Against City of Wauwatosa

The plaintiffs name the City of Wauwatosa in their first and third claims for relief. In *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of § 1983. *Id.* at 689. However, a municipality is not liable under § 1983 unless the alleged deprivation of constitutional rights was caused by a municipal policy or custom. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) ("[I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). A plaintiff may establish municipal liability by showing "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chicago*, 580 F.3d 575, 581 (7th Cir. 2009).

### 1.2.1   First Claim for Relief – Curfew Order

The plaintiffs allege that the City enacted an unconstitutional Emergency Order on September 30, 2020. (Fourth Am. Compl. ¶ 12.) They claim that the City had an official policy of enforcing the Emergency Order and that this policy violated their First Amendment Rights.

(*Id.* ¶¶ 905–909, 922, 925.) Defendants argue that the Fourth Amendment Complaint "makes no mention, whatsoever, of municipal liability based on an express written policy." (Defs.' Br. at 9.) Plaintiffs allege, however, that the power to grant an emergency order flows from Wis. Stat. § 323.11, which provides that the "governing body" of "any local unit of government" can declare an emergency existing within the local government unit whenever certain conditions arise. (Fourth Am. Compl. ¶ 244.) Plaintiffs allege that McBride lacked the legal authority to unilaterally declare the Emergency Order without the approval of the Common Council. (*Id.* ¶ 245.) They further allege that McBride enacted the Emergency Order with the express intent to quell the plaintiffs' political speech, as no condition existed which would lead him to believe that violence or property destruction was imminent. (*Id.* ¶¶ 911–16.) I find that these allegations sufficiently claim that the City had an express policy that causes a constitutional deprivation when enforced.

Plaintiffs also proceed against the City under a "final policymaker" theory. Plaintiffs allege that McBride, as Mayor and chief executive for the City, is the final policymaker. (*Id.* ¶ 910.) They also allege, however, that McBride unilaterally signed the Emergency Order in violation of the law. (*Id.* ¶¶ 12, 253–56.) Defendants argue plaintiffs cannot have it both ways, either McBride lacked the authority to sign the Emergency Order (and thus arguably is not the final policymaker) or he did have the final policymaking authority to enact the Emergency Order. (Defs.' Br. at 9–10.)

Whether an official has local-government policymaking authority is a question of state law. *Burger v. Cnty. of Macon*, 942 F.3d 372, 375 (7th Cir. 2019). Plaintiffs allege that the proper procedure for enacting an emergency order is found in Wis. Stat. § 323.11, which requires that an emergency order be enacted by the "governing body" of a "local unit of government."

(Fourth Am. Compl. ¶ 244.) Plaintiffs further allege that Wis. Stat. § 323.14 provides an emergency exception that permits an executive to declare an emergency where the emergency necessitating the proclamation prevents the governing body from meeting. (*Id.* ¶ 249.) While plaintiffs clearly allege that McBride was acting contrary to law when he enacted the Emergency Order (*id.* ¶¶ 243–50), the complaint also alleges that McBride, as the executive, *did* sign the Emergency Order, the Order went into effect, and law enforcement followed it. At this stage, the question is whether plaintiffs have plead sufficient facts to allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. I find the complaint alleges sufficient facts for the plaintiffs to proceed on a "final policymaker" *Monell* liability theory as well.

Finally, while defendants also argue that the underlying First Amendment claim fails as a matter of law (Defs.' Br. at 12–15), this is an argument more appropriately brought on summary judgment, not on a motion to dismiss. Thus, I find the plaintiffs' fourth amended complaint sufficiently states a *Monell* claim against the City in the First Claim for Relief.

### 1.2.2   Third Claim for Relief – Denial of Due Process

In the Third Claim for Relief, plaintiffs allege that the City violated their rights to due process by maintaining the Target List and failing to provide a process by which individuals could challenge their inclusion on the list. (Fourth Am. Compl. ¶ 942.) To state a procedural due process claim, a plaintiff must allege the existence of a protected liberty or property interest, *see Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 779 (7th Cir. 2008), and that plaintiff was deprived of that interest without due process of law, *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 939 (7th Cir. 2003).

14

Plaintiffs allege that labeling one as affiliated with TPR was stigmatizing and harmful to their reputations. (*Id.* ¶ 944.) But this does not properly state a due process claim as "reputation is not a property or liberty interest within the meaning of the due process clauses of the federal Constitution." *Bowens v. Quinn*, 561 F.3d 671, 675 (7th Cir. 2009).

Similarly, plaintiffs allege that they were deprived of a liberty and/or property interest in their personal information that was allegedly disseminated. (Id. ¶ 942.) Plaintiffs allege defendants disseminated their photos, names, and identifying personal information such as home address, phone number, and date of birth. (Id. ¶¶ 153, 942.) Again, for a plaintiff to establish a protectible liberty interest, plaintiff must establish more than stigma; rather, "the plaintiff also must establish the alteration of legal status." *Brown v. City of Michigan City, Indiana*, 462 F.3d 720, 731 (7th Cir. 2006). In other words, the plaintiff must show the alteration or extinguishment of a right or status previously recognized by state law. *Id*. at 730. Plaintiffs make no such allegation here.

Finally, plaintiffs plead that inclusion on the Target List caused deprivations of employment. (Fourth Am. Compl. ¶ 946.) There may be a protectible property interest in employment. *Miyler v. Vill. of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008). However, whether one has a property interest in continued employment depends on the interest being defined by an independent source, such as state law or a contract. *Id.* Here, the complaint does not specify any particular plaintiff losing any particular employment opportunities due to their inclusion on the Target List. Accordingly, the facts as alleged here are woefully inadequate to claim a property right in employment that triggers due process protections.

15

For these reasons, plaintiffs' complaint falls far short of claiming a protectible liberty or property interest of which they were deprived due process. The Third Claim for Relief is dismissed with prejudice.

> 2.     *Driver's Privacy Protection Act Claims*

The plaintiffs allege that Defendants Ratkowski and Roy violated the Driver's Privacy Protection Act ("DPPA"). (Second and Fourteenth Claims for Relief.) Under the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use" not permitted by the DPPA. 18 U.S.C. § 2722(a). An individual whose personal information has been obtained or disclosed in violation of the DPPA may bring a civil action for damages in federal court. 18 U.S.C. § 2724.

Defendants argue that the claims against Ratkowski and Roy must be dismissed because the plaintiffs sue the individual defendants in their individual capacities for declaratory and injunctive relief only. (Defs.' Br. at 19.) I disagree. The distinction between "individual" and "official" capacity claims pertains to § 1983, not to the DPPA. The complaint asserts a claim for damages under the DPPA, citing § 2724(b). (Fourth Am. Compl. ¶¶ 940, 1114.)

Defendants further argue that the complaint fails to state a claim because the officers' actions were permissible under the statute. (Defs.' Br. at 19.) Defendants argue that § 2721(b)(1) states that a permissible use of "personal information" includes: "use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." Defendants argue that the complaint alleges the defendants

16

disclosed the plaintiffs' personal information in the course of their law enforcement duties and as such, the complaint fails to state a claim under the DPPA. (Defs.' Br. at 19–22.)

This argument is unavailing. In *Senne*, the defendant Village of Palatine, Illinois similarly argued that "as long as it can identify a subsection of the law under which *some* disclosure is permitted, *any* disclosure of information otherwise protected by the statute is exempt, whether it serves an identified purpose or not." *Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597, 605 (7th Cir. 2012). The court expressly rejected that position. The court explained that the language of § 2721(b)(1) means that:

> [T]he actual information disclosed—i.e., the disclosure as it existed in fact—must be information that is used for the identified purpose. When a particular piece of disclosed information is not used to effectuate that purpose in any way, the exception provides no protection for the disclosing party. In short, an authorized recipient, faced with a general prohibition against further disclosure, can disclose the information only in a manner that does not exceed the scope of the authorized statutory exception. The disclosure actually made under the exception must be compatible with the purpose of the exception. Otherwise, the statute's purpose of safeguarding information for security and safety reasons, contained in the general prohibition against disclosure, is frustrated.

*Id.* at 606. The Seventh Circuit noted that the DPPA was passed predominantly as a public safety measure and "[n]ot surprisingly, the Act's expanded authority for law enforcement was an important part of the same narrative." *Id.* at 607. The court further noted, however, that in the Congressional records, Senator Harkin qualified that the exception for law enforcement use "'is not a gaping loophole in this law.'" *Id.* (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17, 1993) (statement of Sen. Harkin)). Rather, the exception "'provides law enforcement agencies with latitude in receiving and disseminating this personal information,' when it is done '*for the purpose of deterring or preventing crime or other legitimate law enforcement functions*.'" *Id.* at 608 (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17, 1993) (statement of Sen.

Harkin)) (emphasis in original). Thus, "[g]iven the concern of Congress for these safety and security issues, the disclosed information actually must be used for the purpose stated in the exception." *Id.* at 609.

The complaint alleges that Ratkowski and Ray took "personal information," as defined by the DPPA, in the form of driver's license photos, addresses, telephone numbers, and dates of births, compiled a list, and then disseminated the information to hundreds of people, including WPD officers, Wauwatosa elected officials, employees, and various other third parties outside of the WPD. (Fourth Am. Compl. ¶¶ 935–37, 153–54, 893–95, 1103–14.) They allege that the information was used to effectively create a list of people to harass and surveil. (*Id.* ¶ 937.) It is entirely unclear how dissemination of this information served a role in some legitimate law enforcement function, such as deterring, preventing, or investigating crimes. Thus, at this juncture, I find the plaintiffs sufficiently state claims under the DPPA. As such, the Second and Fourteenth Claims for Relief will go forward.

3. *Title VI Claim*

In the Eleventh Claim for Relief, plaintiff William Rivera sues the City under Title VI. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. "To state a claim under Title VI, plaintiffs must allege facts satisfying two elements: (1) that they have been intentionally discriminated against on the grounds of race; and (2) that defendants are recipients of federal financial assistance." *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 720 (N.D. Ill. 2015).

18

In the complaint, plaintiffs allege that the City receives federal financial assistance for its programs and activities that are subject to the requirements of Title VI; specifically, the City has received federal funds and has been awarded the Emergency Preparedness Grant as well as over $20 million in funds from the American Rescue Plan from the federal government. (Fourth Am. Compl. ¶¶ 1080–81.) Plaintiffs further allege that Rivera was arrested while trying to return home from work during the curfew on October 9, 2020. (*Id.* ¶ 1082.) Plaintiffs allege that Rivera was told by the arresting officer that he was arresting him because of his race. (*Id.* ¶ 1083.)

The defendants' argument for dismissal of this claim appears to confuse Title VI with § 1983. Defendants argue that Rivera's claim fails because he sued a John Doe officer, and because he failed to allege a widespread illegal practice. (Defs.' Br. at 11–12.) But in the Fourth Amended Complaint, plaintiffs now correctly sue the City, not individual officers, after being previously instructed that "the mere fact that the Defendants are employed by the government . . . does not mean that they are recipients of federal funds." (Docket # 152 at 29, quoting *Rogers v. Off. of the Att'y Gen.*, No. 1:16-CV-429-TLS, 2017 WL 2864950, at *3 (N.D. Ind. July 5, 2017).)

And *Monell* does not apply to municipal liability under Title VI, it applies to municipal liability under § 1983. The complaint sufficiently alleges facts necessary to state a claim under Title VI—(1) that plaintiff Rivera was intentionally discriminated against based on his race and (2) that the City is a recipient of federal financial assistance. For these reasons, plaintiff Rivera's Title VI claim will go forward.

4.    *Malicious Prosecution Claim*

In the Thirteenth Claim for Relief, plaintiffs Isiah Baldwin, Aidali Rivera, and Rosalind Rogers sue Farina and Schimmel for malicious prosecution under Wisconsin state law. There are "six essential elements" of a claim for malicious prosecution under Wisconsin law:

> (1) there must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff; (2) such former proceedings must have been by, or at the instance of, the defendant; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage resulting to the plaintiff in the former proceedings.

*Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 404, 515 N.W.2d 469, 472 (Ct. App. 1994). As to defendant Schimmel, plaintiffs allege that Schimmel, while acting within the scope of his employment (Fourth Am. Compl. ¶ 100), maliciously prosecuted Rivera, Baldwin, and Rogers without probable cause, that the judicial proceedings were ultimately terminated in favor of the three plaintiffs, and Schimmel's actions caused the plaintiffs damage (*id.* ¶¶ 1093–1102). As to defendant Farina, the plaintiffs allege that Farina, while acting within the scope of his employment (*id.* ¶ 92), ticketed the plaintiffs without probable cause, leading to initiation of judicial proceedings against them that caused them damages (*id.* ¶¶ 1093–1102).

The defendants argue that the plaintiffs specifically allege that both Schimmel and Farina were acting within the scope of their employment while issuing and prosecuting the citations and thus, under Wisconsin law, they have absolute immunity for their actions, irrespective of the existence of malice or corrupt motives. (Defs.' Br. at 29–30.)

As to Schimmel, under Wisconsin law, "[i]t has been recognized that prosecuting attorneys, when acting within the scope of their prosecutorial functions, are absolutely immune from damages, the theory being that in so acting they are performing a quasi-judicial function." *Riedy v. Sperry*, 83 Wis. 2d 158, 168, 265 N.W.2d 475, 480 (1978). The Wisconsin Supreme Court has stated that: "Judicial officers acting in the exercise of their jurisdiction are exempt from civil liability for malicious prosecution irrespective of the existence of malice or corrupt motives. A public prosecutor acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings." *Bromund v. Holt*, 24 Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964). In *Ford v. Kenosha Cnty.*, 160 Wis. 2d 485, 466 N.W.2d 646 (1991), the Wisconsin Supreme Court, quoting Judge Learned Hand, explained that the theory of immunity is that "it is better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Id.* at 495, 466 N.W.2d at 650.

The cases plaintiffs cite do not counsel otherwise. Plaintiffs cite *Burns v. Reed*, 500 U.S. 478 (1991) and *Kalina v. Fletcher*, 522 U.S. 118, 120 (1997), for the proposition that prosecutorial immunity is not absolute. (Pls.' Resp. Br. at 27–28.) But in both of those cases, the Supreme Court found the defense unavailable when prosecutors were performing a function *other than* serving as an advocate in judicial proceedings. *See Kalina*, 522 U.S. at 126–27. In *Burns*, the Court found that absolute immunity was unavailable when prosecutors were giving legal advice to police during their pretrial investigation of the facts. 500 U.S. at 492–96. And in *Kalina*, the Court addressed prosecutorial immunity in the context of a prosecutor making false statements of fact in an affidavit supporting an application for an arrest warrant. 522 U.S. at 120. The *Kalina* Court reiterated, however, that "[w]e do not depart from our

prior cases that have recognized that the prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate." *Id.* at 131.

The Fourth Amended Complaint alleges that Schimmel was acting within the traditional functions of an advocate while prosecuting citations for the City of Wauwatosa. Thus, under Wisconsin law, he is immune from damages for malicious prosecution. As such, the plaintiffs' complaint against Schimmel is dismissed with prejudice.

As to Farina, plaintiffs argue that as a law enforcement officer, he is not entitled to absolute immunity, only qualified immunity. (Pls.' Br. at 28.) Defendants respond that the doctrine of qualified immunity is inapplicable to their state law claims (Defs.' Reply Br. at 12, Docket # 189), citing *Bromund* in support (Defs.' Br. at 29). In *Bromund*, the Wisconsin Supreme Court stated that: "Although there is authority to the contrary, the same immunity is, in general, extended to the police and other law enforcement officers acting within the scope of their duties, with the possible exception of a situation where they themselves initiate the complaint or concoct false evidence." 24 Wis. 2d at 341, 129 N.W.2d at 152.

In *Yarney v. State, Dep't of Health & Soc. Servs.*, 1998 WL 345030, at * 5, 220 Wis. 2d 715, 583 N.W.2d 673 (Ct. App. 1998) (unpublished), the Wisconsin Court of Appeals noted that it saw no reason to analyze a defendant's state malicious prosecution claim differently from his federal claims under 42 U.S.C. §§ 1981 & 1983. The *Yarney* court found that under federal law, a nonjudicial officer, such as an investigator for the district attorney's office, who undertakes ministerial actions intimately related to the judicial process at the express direction and control of the prosecutor, enjoys absolute immunity. *Id.* at *4. If, however, the investigator initiates actions on his own, or carries out the investigatory functions of the prosecutor, he loses his absolute immunity and is entitled only to qualified immunity. *Id.* And

"[t]he qualified immunity evaporates only if the challenged actions are deemed to be clearly violative of the complainant's rights." *Id.*

I do not find that the facts as alleged show that Farina is entitled to absolute immunity. While Farina may be entitled to qualified immunity, I will not decide that issue at this juncture. *See Hanson v. LeVan*, 967 F.3d 584, 589 (7th Cir. 2020) ("[D]ismissal under Rule 12(b)(6) is not . . . always (if ever) the most suitable procedural setting to determine whether an official is qualifiedly immune, because immunity may depend on particular facts that a plaintiff need not plead to state a claim."). The complaint alleges that Farina violated the plaintiffs' clearly established constitutional right to speak and gather when he allegedly issued tickets to the plaintiffs with the intent to intimidate, dissuade, and chill their right to protest. (Fourth Am. Compl. ¶ 204.) Thus, I cannot resolve the issue of qualified immunity at this juncture. The plaintiffs' claim against Farina will go forward.

4.    *Dismissal of Claims with Prejudice*

As noted above, the following claims are being dismissed, with prejudice:

- The Third Claim for Relief;

- The Fourth Claim for Relief;

- The Fifth Claim for Relief;

- The Sixth Claim for Relief;

- The Eighth Claim for Relief;

- The Ninth Claim for Relief;

- The Tenth Claim for Relief;

- The Twelfth Claim for Relief; and

- The Thirteenth Claim for Relief as to Schimmel

23

Once again, this Fourth Amended Complaint represents the complaint's fifth iteration, and its fourth amendment. In the February 1, 2022 Decision and Order dismissing the plaintiffs' Third Amended Complaint and granting leave to re-plead, the plaintiffs were warned that continued failure to properly remedy the complaint's errors risked dismissal with prejudice. (Docket # 152 at 8.) This case has been pending for nearly two years, and only now do we have a proper operative complaint. For these reasons, I find it appropriate to dismiss the above claims with prejudice. *See DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 414 (7th Cir. 2022) ("Dismissal with prejudice of the fourth complaint was warranted because the amendment of the third complaint failed to comply with the district court's earlier order.").

As to the Seventh Claim for Relief, the plaintiffs conceded that it should be dismissed as redundant to the Fifth and Eighth claims for relief. (Pls.' Br. at 15.) Although voluntary dismissal under Rule 41(a)(2) is generally a dismissal without prejudice, given the plaintiffs' agreement that the Seventh Claim for Relief is merely redundant of the Fifth and Eighth claims, which are dismissed with prejudice, Claim Seven is also dismissed with prejudice.

With the dismissal of these claims, defendants Weber, Schimmel, Arbiter, Lewandowski, Mitchell, Opelt, Piehl, Richardson, Short, Skornia, Vetter, Warren, Wrucke, Zielinski, and John Doe Officers 1-100 are dismissed from the case.

5.   *Summary of Remaining Claims*

The following claims remain in the case and will go forward:

- The First Claim for Relief as to the City of Wauwatosa;

- The First Claim for Relief as to McBride, in his individual capacity, for money damages;

24

- The Second and Fourteenth Claims for Relief as to Ratkowski and Roy;

- The Eleventh Claim for Relief; and

- The Thirteenth Claim for Relief as to Farina.

Defendants Farina, McBride, Roy, Ratkowski, and the City of Wauwatosa remain as parties to the case.

6.    *Outstanding Discovery Motions*

Nearly two years into the case, we finally have an operative complaint. The clerk's office will contact the parties regarding scheduling a conference. The parties are ordered to meet and confer prior to the conference to discuss, given the claims and parties remaining in the case, what additional discovery needs to be conducted. Particularly, given the remaining claims and parties, I will revisit the allowable number of depositions. The parties should confer on which depositions, if any, remain and be prepared to address this. As stated in the February 1, 2022 Order, the parties *will not* be allowed to completely re-start discovery. The parties must also propose an amended schedule for closing discovery, filing dispositive motions, and conducting a jury trial. The proposal must be filed three (3) days prior to the conference. The parties should aim to file a joint proposed schedule. Only if, after working together in good faith, the parties are unable to jointly agree on dates, should the parties file separate proposals.

Finally, given the new operative complaint, it is unclear which discovery motions remain relevant.  I will therefore deny the pending discovery motions without prejudice:

- Plaintiffs' Motion to Compel (Docket # 37);

- Defendants' Motion to Quash (Docket # 79);

- Defendants' Motion to Quash (Docket # 86);

- Defendants' Motion for Protective Order (Docket # 116);

- Defendants' Motion to Compel (Docket # 131);

- Plaintiffs' Motion for Sanctions (Docket # 136); and

- Defendants' Motion for Protective Order (Docket # 142)

The parties are ordered to confer in good faith on any remaining discovery issues to allow this litigation to move forward. Any relevant discovery issues that remain will be addressed at the conference.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss the plaintiffs' fourth amended complaint (Docket # 177) is **GRANTED IN PART AND DENIED IN PART**. Counts Three, Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, and Thirteen (as to Schimmel) are dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendants Weber, Schimmel, Arbiter, Lewandowski, Mitchell, Opelt, Piehl, Richardson, Short, Skornia, Vetter, Warren, Wrucke, Zielinski, and John Doe Officers 1-100 are **DISMISSED**.

**IT IS FURTHER ORDERED** that the discovery motions (Docket # 37, 79, 86, 116, 131, 136, and 142) are **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk's office will contact the parties to set a scheduling conference. The parties are ordered to meet and confer prior to the conference to discuss what additional discovery is needed and to propose an amended scheduling order.

Dated at Milwaukee, Wisconsin this 24th day of August, 2022.

BY THE COURT:

_____

NANCY JOSEPH
United States Magistrate Judge

27

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al.,

    **Plaintiffs,**

    **v.**                      **Case No. 20-CV-1660**

CITY OF WAUWATOSA, et al.,

    **Defendants.**

---

### DECISION AND ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, THE PARTIES' MOTIONS TO STRIKE, AND PLAINTIFFS' MOTIONS FOR SANCTIONS

---

Plaintiffs represent a group of approximately sixty-four individuals, as well as a single unincorporated entity, engaged in a variety of actions throughout 2020, particularly in the City of Wauwatosa (the "City"), aimed at opposing police violence. The plaintiffs sue the City and its Mayor, Dennis McBride, under 42 U.S.C. § 1983 for allegedly violating their rights under the First Amendment by enacting an emergency curfew order in October 2020. Plaintiffs sue Wauwatosa Police Department ("WPD") employee Dominick Ratkowski and WPD Lieutenant Joseph Roy for allegedly violating their rights under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721. Plaintiff William Rivera sues the City for allegedly violating his rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* Finally, plaintiffs Isaiah Baldwin, Aidali Rivera, and Rosalind Rogers sue WPD Officer Jeffrey Farina for malicious prosecution under Wisconsin common law. (Fourth Am. Compl., Docket # 155.)

Plaintiffs move for partial summary judgment in their favor as to their DPPA causes of action against Ratkowski and Roy. (Docket # 268.) The defendants move for summary judgment in their favor as to all of the plaintiffs' claims. (Docket # 257.) In addition to the cross motions for summary judgment, both parties also move to strike various pleadings (Docket # 279; Docket # 308; Docket # 323), and the plaintiffs bring two motions for sanctions (Docket # 246; Docket # 326).

 For the reasons further explained below, the plaintiffs' motion for partial summary judgment (Docket # 268) is denied. The defendants' motion for summary judgment (Docket # 257) is granted in part and denied in part. The parties' motions to strike are denied. The plaintiffs' motions for sanctions are denied.

## BACKGROUND

In 2020, the United States was immersed in what Plaintiffs describe as "the largest social justice movement in history" in response to "anti-Black racism, white supremacy, police violence, mass criminalization, and mass incarceration." (Fourth Am. Compl. ¶ 4, Docket # 155.) In particular, protests erupted around the country in response to the deaths of Black citizens at the hands of law enforcement, such as Breonna Taylor on March 13, 2020 and George Floyd on May 25, 2020. (*Id.* ¶¶ 2, 6.) In Wisconsin, on February 2, 2020, WPD Officer Joseph Mensah shot and killed Alvin Cole, a Black teenager, at the Mayfair Mall in Wauwatosa. (*Id.* ¶ 129.) Throughout the summer of 2020, Plaintiffs, along with others, were engaged in a wide variety of actions including rallies, marches, and other creative protests opposing police violence and demanding police accountability within the criminal justice system. (*Id.* ¶ 5.) One political protest movement emerged in Wisconsin after Floyd's murder called The People's Revolution ("TPR"). (*Id.* ¶ 6.)

2

Defendant Ratkowski works for the WPD as a crime analyst. (Declaration of Kimberley Motley ("Motley Decl.") ¶ 8, Ex. 6, June 23, 2021 Deposition of Dominick Ratkowski ("June Ratkowski Dep.") at 8, Docket # 272-4.) Ratkowski testified that part of his role in the WPD is to help detectives solve crimes quicker. (*Id.* at 84.) Ratkowski testified that he decided to create a "protestor list" around approximately June 5, 2020, to plan for potential violence and to identify witnesses, victims, and suspects of any potential violence that came out of a protest. (*Id.* at 82, 93.) Ratkowski testified that what led to an individual's inclusion on this list was being observed and tagged in photographs at a protest. (*Id.* at 83.) The protestor list included certain identifying information such as a person's name, date of birth, address, and photograph. (Motley Decl. ¶¶ 5, 23, Ex. 1, Target List, Docket # 272-1, 272-16.) Ratkowski obtained at least some of this information from Department of Transportation ("DOT") records. (Motley Decl. ¶ 11, Ex. 9, July 26, 2021 Deposition of Dominick Ratkowski ("July Ratkowski Dep.") at 47–48, 51, Docket # 272-7.) Ratkowski distributed the list to individuals within several law enforcement agencies. (Plaintiffs' Proposed Findings of Fact in Supp. of Partial Summ. J. ("Pls.' PFOF") ¶ 11, Docket # 271.) Plaintiffs contend that in January 2021, Defendant Roy also disclosed this personal information from motor vehicle records to members of the public. (*Id.* ¶¶ 25–26.)

In August 2020, in Kenosha, Wisconsin, Jacob Blake, a Black man, was shot and seriously injured by a Kenosha police officer. (Defendants' Proposed Findings of Fact ("DPFOF") ¶ 8, Docket # 287.) In the week following this shooting, during protests in Kenosha, two protestors were killed, one was seriously injured, and widespread property damage occurred. (*Id.* ¶¶ 8–9.)

On September 5, 2020, an event was held in Wauwatosa to celebrate one hundred consecutive days of protesting for police reform and against police brutality. (Fourth Am. Compl. ¶ 205.) The event included a protest march in the evening, and plaintiffs Isaiah Baldwin and Rosalind Rogers were part of the protest march. (*Id.* ¶ 210.) Baldwin and Rogers were arrested in Wauwatosa by WPD Officer Farina on September 5, 2020 and received tickets for allegedly holding or conducting a special event in Wauwatosa without a permit. (Plaintiffs' Proposed Findings of Fact in Opp. to Defs.' Summ. J., ("PPFOF in Opp.") ¶¶ 15–23, Docket # 297.) Baldwin and Rogers allege that Officer Farina arrested them and gave them tickets because he believed they were members of TPR, a group Farina allegedly described as a "gang." (*Id.* ¶¶ 19, 24.) Both Baldwin's and Rogers' tickets were eventually dismissed. (*Id.* ¶¶ 29, 33.)

In anticipation that the Milwaukee County District Attorney might soon issue a decision on whether to charge Officer Mensah in Alvin Cole's shooting death, Mayor McBride issued a "Proclamation of Emergency" on September 30, 2020. (Declaration of Dennis R. McBride ("McBride Decl.") ¶ 2, Ex. A, Docket # 262.) The Proclamation stated that the WPD was informed that Mensah's charging decision would be released on October 7, 2020. (*Id.*) It further stated that:

> [B]ased upon recent experience with protests concerning the continued employment of Officer Mensah by the WPD and upon community response to decisions and actions regarding police officers nationwide, most recently in Kenosha, Wisconsin, and Louisville, Kentucky, it is anticipated that an emergency will exist in the City of Wauwatosa due to conditions which will arise following that announcement, including civil unrest throughout Wauwatosa which creates concerns for the safety of persons and property and will impair transportation, health, and police protection and other critical systems in Wauwatosa.

4

(*Id.*) The Proclamation stated that it "is in the City of Wauwatosa's best interest to enact a curfew by which pedestrian and vehicular traffic on Wauwatosa streets—except for persons who are going to or from work and government officials, social service workers, and credentialed members of the press acting in their official capacities—is prohibited between the hours of 7:00 p.m. and 6:00 a.m. each night beginning at 7:00 p.m. on October 7, 2020, and ending at 6:00 a.m. on October 12, 2020." (*Id.*) Approximately twenty-seven of the named plaintiffs (those challenging the Proclamation under the First Amendment), were arrested and/or ticketed for protesting or for being present during protests in Wauwatosa from October 7 through October 12, 2020. (Fourth Am. Compl. ¶¶ 272–73.)

Plaintiff Aidali Rivera alleges that she was arrested on October 9, 2020 by a WPD Officer who she believes to be Officer Farina for allegedly protesting in violation of the curfew order. (PPFOF in Opp. ¶¶ 10–13.) Rivera states that she told Officer Farina that she was not protesting and that she was taking her son, William Rivera, home from work. (*Id.* ¶ 33.) Although Rivera received a ticket for violating the emergency order, the ticket was later dismissed. (*Id.* ¶¶ 13–14.) Plaintiff William Rivera alleges that he was returning home from work in Wauwatosa on October 9, 2020 when he was arrested for violating the curfew. (*Id.* ¶¶ 29, 33.) Rivera avers that he was unaware of the curfew at the time of his arrest. (*Id.* ¶ 29.) Rivera states that the arresting officer, who he believes worked for the City, told him that he was being arrested "because at this point it does not matter because you are Black." (*Id.* ¶ 28.)

## SUMMARY JUDGMENT STANDARD

While Defendants move for summary judgment as to Plaintiffs' First Amendment, Title VI, and malicious prosecution claims, both parties move for summary judgment in their favor on Plaintiffs' DPPA claims. Pursuant to Fed. R. Civ. P. 56(a), a party can seek summary

5

judgment upon all or any part of a claim or defense asserted. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

When both parties move for summary judgment in their favor on the same issue, "the court must consider the evidence through two different lenses." *Lessley v. City of Madison, Ind.*, 654 F. Supp. 2d 877, 890 (S.D. Ind. 2009). Specifically, "[w]hen considering defendants'

motion[ ], the court gives plaintiffs the benefit of conflicts in the evidence and favorable inferences. When considering plaintiffs' motion[ ], defendants receive those benefits." *Id.*

## ANALYSIS

As stated above, Defendants move for summary judgment in their favor on Plaintiffs' 42 U.S.C. §1983, Title VI, and state law claims. Both parties move for summary judgment in their favor on Plaintiffs' DPPA claims. I will address each claim in turn.

1.    *Section 1983 Claim*

Approximately twenty-seven of the named plaintiffs sue the City and Mayor McBride under § 1983, alleging that the emergency curfew order deprived them of their First Amendment rights of free speech and assembly. (Fourth Am. Compl. ¶¶ 904–29.) The parties agree on the applicable legal framework. Specifically, while political demonstrations and protests are forms of expression protected by the First Amendment, the protections are not absolute. (Docket # 267 at 2; Docket # 286 at 2–3.) And courts review First Amendment restrictions under the framework articulated by the Supreme Court in *Ward v. Rock Against Racism*, 491 U.S. 781 (1989). In *Ward*, the Supreme Court stated that "[o]ur cases make clear . . . that even in a public forum[,] the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" *Id.* at 791 (quoting *Clark v. Cmty. for Creative Non–Violence*, 468 U.S. 288, 293 (1984)). The plaintiffs argue, however, that defendants cannot show they are entitled to judgment as a matter of law as to each *Ward* element.

1.1    Was the Law Content-Neutral?

The first question under the *Ward* framework is whether the law is content-based or content-neutral. In *Ward*, the Supreme Court stated that: "The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys." *Id.* "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Id.* The Supreme Court held that: "Government regulation of expressive activity is content neutral so long as it is 'justified without reference to the content of the regulated speech.'" *Id.* (internal citation omitted).

Plaintiffs argue that the curfew order was not content-neutral because it was enacted "specifically in anticipation of an anti-police brutality protest." (Docket # 286 at 6.) They argue that the curfew was not a law of general applicability, but was a law instituted with a particular group in mind and to hinder the ability to protest against the WPD itself. (*Id.*)

The same arguments were made in challenging this exact curfew in *Radke v. City of Wauwatosa*, Case No. 21-CV-247 (E.D. Wis. Aug. 24, 2022). In *Radke*, Judge Lynn Adelman found that the Wauwatosa curfew order is content neutral on its face. Specifically, Judge Adelman cited to the justification in the Proclamation for the emergency order, which stated that given recent experience, it was "anticipated that an emergency will exist in the City of Wauwatosa due to conditions which will arise following [the announcement of the charging decision], including civil unrest throughout Wauwatosa which creates concerns for the safety of persons and property and will impair transportation, health, and police protection and other critical systems in Wauwatosa." Judge Adelman reasoned that this justification for the

8

curfew did not reference the content of any speech. Instead, it focuses on the safety concerns that could have arisen if conditions like those that had been experienced in municipalities such as Kenosha materialized in Wauwatosa. Additionally, Judge Adelman acknowledged that while the protests referenced in the Proclamation involved a specific viewpoint, the stated justification for the curfew was public safety rather than anything related to the subject matter of the protests.

Plaintiffs argue, however, that the Supreme Court has recognized an additional category of laws that while facially content-neutral, are still considered content-based regulations of speech, specifically, "laws that cannot be 'justified without reference to the content of the regulated speech,' or that were adopted by the government 'because of disagreement with the message [the speech] conveys.'" *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 164 (2015) (quoting *Ward*, 491 U.S. at 791.)

Plaintiffs argue that the record contains ample evidence that the true purpose of this curfew was to stop the plaintiffs' ability to protest. (Docket # 286 at 7.) The "substantial" evidence Plaintiffs point to is the deposition testimony of Barry Weber, then Chief of Police for the WPD. (*Id.* at 7–8.) Specifically, Plaintiffs argue that Weber testified that he took into account the viewpoint of the protestors in "declaring the October protests an unlawful assembly." (*Id.* at 7.) But Weber's specific testimony is as follows. Weber was asked who would determine if an assembly had become unlawful, to which Weber responded that the supervisor on the scene would make the determination. (Declaration of Milo Schwab ("Schwab Decl.") ¶ 20, Ex. 19, Deposition of Barry Weber ("Weber Dep.") at 135, Docket # 291-3.) When asked what facts would go into the decision, Weber testified they would look at the statutes and ordinances and "what exactly is the behavior they're experiencing." (*Id.*)

9

Weber was then asked whether the officer takes into account who is protesting when declaring an assembly unlawful, to which Weber responded that he did not understand the question. (*Id.*) Weber was then asked whether an officer would declare an assembly unlawful because it was the KKK assembling, to which Weber responded that the "city would probably go to court over that to begin with, I don't know." (*Id.*) The next question Weber was asked was, "Did you take into account that the people that would be protesting in October would be protesting police when declaring that assembly unlawful?" to which Weber responded, "Yes." (*Id.*) Weber was again asked, "Did you take into account their viewpoint?," to which Weber responded, "The protesting police, yes." (*Id.* at 136.)

Plaintiffs cite to this testimony as irrefutable evidence that the curfew order was content based. And Plaintiffs argue that because the curfew was enacted at Weber's suggestion, this proves the curfew order was not content-neutral. But Plaintiffs overstate Weber's role in both the enactment of the curfew order and in its enforcement. Weber clearly had input into Mayor McBride's initial decision to implement the curfew. McBride testified that both Weber and Captain Vetter suggested imposing a curfew. (Schwab Decl. ¶ 2, Ex. 1, Deposition of Dennis McBride ("McBride Dep.") at 66, Docket # 288-1.) Weber testified that he was concerned about "civil unrest," referring specifically to the recent unrest in Kenosha resulting in violence and destruction of property. (Weber Dep. at 118–19, 121, 127–28, 132–33, 136–38.) And while McBride testified that Weber made recommendations, it was ultimately McBride's decision whether to implement a curfew. (McBride Dep. at 31.) Weber testified that after his initial recommendations, he made two suggestions for the Proclamation—prohibiting gasoline sales in cans after the curfew (based on the events in

Kenosha), and having the curfew start at 7:00 p.m., when the sun goes down. (Weber Dep. at 136–37.)

Furthermore, Plaintiffs produce no evidence that Weber instructed his officers to arrest protestors because they were protesting against police brutality. Rather, Weber testified that whether an individual was arrested was decided not by him, but by the supervisor on the scene who would take into account the relevant ordinance and the behavior occurring. (*Id.* at 135, 176.) The balance of the plaintiffs' asserted evidence that the curfew order was in fact enacted because the government disagreed with the content of the plaintiffs' speech is speculation that "Wauwatosa and its leaders" harbored "animus and viewpoint discrimination" against the plaintiffs. (Docket # 286 at 8.) But Plaintiffs point to no evidence connecting this alleged animus to the enactment of the October 2020 curfew. For these reasons, Plaintiffs have not demonstrated that the October 2020 curfew was not content-neutral.

> 1.2     Was the Curfew Narrowly Tailored to Serve a Significant Governmental Interest?

The next question under *Ward* is whether the law was narrowly tailored to serve a significant governmental interest. Plaintiffs argue that the curfew order was neither narrowly tailored nor did it serve a significant governmental interest. (Docket # 286 at 10–16.) While the Supreme Court has specifically "recognized the legitimacy of the government's interests in ensuring public safety and order, promoting the free flow of traffic on streets and sidewalks, [and] protecting property rights," *McCullen v. Coakley*, 573 U.S. 464, 486–87 (2014) (internal quotation and citation omitted), Plaintiffs argue that any threat of civil unrest in Wauwatosa was merely speculative and thus no curfew was warranted. (Docket # 286 at 11.) This same argument was also raised, and rejected, in *Radke*. In *Radke*, the plaintiff argued that the curfew did not actually serve a significant governmental interest because it was not enacted in

11

response to an actual emergency, riot, or disaster. (Docket # 44 at 7 in Case No. 21-CV-247.) In rejecting this argument, Judge Adelman found that plaintiff cited no legal authority that a municipality must wait for a riot or disaster to materialize before taking action to protect public safety. (*Id.*)

The plaintiffs in this case cite to three Supreme Court decisions that they contend stand for the proposition that restrictions on assembly must be supported by imminent threats or a clear and present danger—*Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *Feiner v. New York*, 340 U.S. 315, 321 (1951); and *Terminiello v. City of Chicago*, 337 U.S. 1, 4–5 (1949). (Docket # 286 at 13.) But none of these cases stand for the broad proposition Plaintiffs assert. In *Brandenburg*, the Court was addressing the Ohio Criminal Syndicalism Statute. Such statutes criminalized the actions of individuals or groups who advocated for radical political and economic changes by criminal or violent means. *See* 395 U.S. at 447. The *Bradenburg* Court reiterated that "the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.*

Both *Feiner* and *Terminiello* addressed convictions for disorderly conduct and considered whether the statutes violated the defendant's First Amendment rights. In *Feiner*, the Supreme Court upheld the defendant's conviction for disorderly conduct stating that "[i]t is one thing to say that the police cannot be used as an instrument for the suppression of unpopular views, [it is] another to say that, when as here the speaker passes the bounds of argument or persuasion and undertakes incitement to riot, they are powerless to prevent a breach of the peace." 340 U.S. at 321. Whereas in *Terminiello*, the Court found that the

12

defendant's conviction for disorderly conduct was unconstitutional because "[i]t permitted conviction of petitioner if his speech stirred people to anger, invited public dispute, or brought about a condition of unrest." 337 U.S. at 5. But none of these cases stand for the proposition that a municipality cannot enact a curfew order unless and until a crisis has occurred.

Furthermore, Plaintiffs understate the relevance of the Kenosha protests in evaluating the Wauwatosa officials' actions. Plaintiffs argue:

> Should Defendants' argument carry the day—that civil unrest at other protests in other cities empowers that city to substantially curtail protests—there will be no limiting factor to stop cities from banning all future protests. If the invocation of arson in Kenosha is enough to issue a curfew here, without a credible threat of property destruction, then this is the end of free protest in support of the Black Lives Matter movement across the country.

(Docket # 286 at 13.) But Plaintiffs fail to grapple with the extent of the events in Kenosha, or the proximity of the events in both time and location to the events in Wauwatosa. The demonstrations in Kenosha were prompted by the shooting of a Black man, Jacob Blake, in Kenosha, Wisconsin on August 23, 2020 by a white police officer. (Docket # 44 at 1 in Case No. 21-CV-247.) As Judge Adelman noted in *Radke*, the "violence that occurred during the Kenosha protests was particularly severe. Many buildings were burned to the ground and two protestors were shot and killed, while a third was seriously injured." (*Id.* at 1–2.) Thus, the demonstrations in Kenosha did not simply involve arson as stated by Plaintiffs, but the deaths of two protestors.

And the demonstrations in Kenosha occurred mere weeks before Officer Mensah's charging decision, in a city approximately 45-miles away from Wauwatosa, after similar circumstances, i.e., a law enforcement officer shooting a Black man. Given the proximity in both time and location of the Kenosha protests to the events in Wauwatosa, it is unsurprising that these events informed the actions of Wauwatosa officials. Mayor McBride avers that the

13

curfew's purpose was to protect the people and property of Wauwatosa, "especially after the violence that had occurred in other cities in similar situations," specifically noting the deaths of two protestors during the Kenosha demonstrations. (McBride Decl. ¶ 5.) Mayor McBride avers that he wanted to protect protestors in Wauwatosa from facing similar harm as those protestors who were killed in Kenosha. (*Id.*) On this record, I find that the curfew served a significant governmental interest.

The plaintiffs further argue that the curfew was not narrowly tailored. The curfew was in effect from 7:00 p.m. until 6:00 a.m. for five nights, from Wednesday, October 7, 2020 until Monday, October 12, 2020. (McBride Decl., Ex. A.) The curfew provided exceptions for those going to or from work and government officials, social service workers, and credentialed members of the press acting in their official capacities. (*Id.*) Plaintiffs argue that the curfew was not narrowly tailored because it was enacted city-wide, during non-working hours, and on the day of the charging decision. (Docket # 286 at 14–16.)

The requirement of narrow tailoring is satisfied "so long as the . . . regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." *Ward*, 491 U.S. at 799 (quoting *United States v. Albertini*, 472 U.S. 675, 689 (1985)). Restrictions on the time, place, or manner of protected speech are "not invalid 'simply because there is some imaginable alternative that might be less burdensome on speech.'" *Id.* at 797 (quoting *Albertini*, 472 U.S. at 689). And the restrictions need not be the least restrictive or least intrusive means of doing so. *Id.* at 798.

As to the time limitations, Plaintiffs argue that the curfew "stopped all protests in the entire town of Wauwatosa during the hours in which individuals were not at work." (Docket # 286 at 14.) Plaintiffs argue that for each of the twenty-seven plaintiffs asserting a First

14

Amendment claim, protesting during the time of the curfew was the only time they could protest. (*Id.* at 15.) Assuming, however, that "normal" work hours are from 9:00 a.m. until 5:00 p.m. on Monday through Friday, Plaintiffs do not explain why they could not protest during the day on the two weekend days of the curfew—Saturday, October 10, 2020 and Sunday, October 11, 2020. *See Radke*, Docket # 44 at 9 ("[T]he plaintiff does not explain why protesting during the day on the weekend would not have been an adequate alternative for those who worked 9–5."). In *Radke*, the court took judicial notice of the fact that during early October in Milwaukee County, the sun sets at about 6:30 p.m. and rises at about 7:00 a.m. (*Id.* at 8 n.3.) Weber testified that he suggested beginning the curfew at 7:00 p.m. because it was around sunset and that it "seemed like most of the issues that cities would face would happen after dark." (Weber Dep. at 137.) *See Radke*, Docket # 44 at 8 ("The plaintiff does not explain why daytime protests would not have been adequate alternatives to protests at night, when criminal activity is harder to prevent.").

Plaintiffs further argue that by enacting the curfew on the same day in which the DA "decides to let yet another officer walk free after killing his third young male of color" lessens the impact of the protest. (Docket # 286 at 15–16.) Plaintiffs argue that a "protest on this issue will not be relevant if conducted days or months later." (*Id.* at 16.) But Plaintiffs fail to explain why a protest conducted less than a week after the charging decision, for example, on Tuesday, October 13, 2020, would no longer be relevant. Whereas implementing the curfew on the day of the charging decision when emotions are running particularly high serves the important state interest in protecting the safety of its citizens.

Finally, Plaintiffs argue that enacting the curfew city-wide was unnecessary and that Defendants "engaged in no consideration of whether the interests of public safety could be

achieved with less expansive restrictions." (Docket # 286 at 14.) But again, restrictions on the time, place, or manner of protected speech need not be the least restrictive means. *Ward*, 491 U.S. at 797–98. The city-wide regulation promotes the substantial government interest of protecting its citizens. For these reasons, I find that the curfew was narrowly tailored to serve a significant governmental interest.

### 1.3     Alternative Channels for Protest

The final *Ward* requirement is that the regulation leave open "ample alternative channels of communication." 491 U.S. at 802. Plaintiffs argue that because the curfew was enacted city-wide, it left nowhere in the City of Wauwatosa where people could protest during the curfew. (Docket # 286 at 16.) Plaintiffs argue that Defendants' suggested alternatives of protesting indoors or on private property are ineffective to call the public's attention to the topics being discussed. (*Id.*) But "shouting at a TV" or "rage posting on Facebook," as plaintiffs suggest, are not the only alternative channels for protest as Plaintiffs contend. (*Id.*) Again, the curfew did not prevent protesting during the daytime hours and the curfew included two weekend days that would accommodate those who work 9:00 a.m. to 5:00 p.m. on Monday through Friday. Even if these alternatives were not preferred by the plaintiffs, they have not shown that these alternative channels for protest are inadequate. For these reasons, I find that the final *Ward* requirement for a valid time, place, and manner restriction is met. For these reasons, the defendants are entitled to summary judgment on the plaintiffs' First Amendment challenge to the curfew order.

### 2.     *Title VI Claim*

Plaintiff William Rivera sues the City under Title VI. The City moves for summary judgment in its favor as to this claim. Title VI is a statute that prohibits race discrimination

16

and applies in all programs receiving federal funds. *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 917 (7th Cir. 2012). Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. Title VI was enacted "pursuant to Congress' spending power and operate[s] in the same manner, conditioning an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the government and the recipient of funds." *Parker*, 667 F.3d at 917. For an individual to bring a private action under Title VI, "the plaintiff must be the intended beneficiary of, an applicant for, or a participant in a federally funded program." *Doe on Behalf of Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 418–19 (7th Cir. 1986), *overruled on other grounds by Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487 (7th Cir. 1996).

Rivera avers that he was arrested by an officer who he believes works for the City and that the officer told him that he was being arrested because he is Black. (PPFOF in Opp. ¶¶ 27–28.) Rivera argues that because the City receives certain federal funds through its police department, such as the Department of Transportation Speed Grant, the Alcohol Traffic Enforcement Grant "ATEG," and the DOT Click or Ticket Grant, the City is a "federally funded program or activity" for purposes of Title VI and that as a resident of Wauwatosa, he was the intended recipient of the federal funds. (Docket # 286 at 17.)

Title VI defines "program or activity," in relevant part, as:

all of the operations of—

(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government

17

entity) to which the assistance is extended, in the case of assistance to a State or local government;

42 U.S.C. § 2000d-4a. Multiple courts in this district have found that a city does not fall within the scope of Title VI's coverage because a city is:

> [N]ot an "operation" of "a department, agency, special purpose district, or other instrumentality of a State or of a local government," or of "the entity of such State or local government that distributes such assistance," or of any of the other entities enumerated in § 2000d-4a. Rather, the City is a municipality and, as such, it does not fit within the definition of "program or activity" for purposes of Title VI.

*Hodges by Hodges v. Pub. Bldg. Comm'n of Chicago*, 864 F. Supp. 1493, 1505 (N.D. Ill. 1994); *see also Smith v. City of Chicago*, 143 F. Supp. 3d 741, 758 (N.D. Ill. 2015) (finding City of Chicago did not fall under the scope of Title VI); *House v. City of Milwaukee*, No. 21-CV-0866-BHL, 2022 WL 16715835, at *6 (E.D. Wis. Nov. 4, 2022) (finding that the "City of Milwaukee is exempt because it does not fall within Title VI's definition of a 'program' or 'activity;' it is a full-blown municipality"). I agree under the plain language of the statute, a city cannot be a "a department, agency, special purpose district, or other instrumentality" of itself, nor can it be an "entity" of itself. *See* 42 U.S.C. § 2000d-4a. Thus, the City of Wauwatosa does not fall under the scope of Title VI. For these reasons, Rivera's claim against the City under Title VI fails. Summary judgment is granted in the defendants' favor on this claim.

3.      *Driver's Privacy Protection Act Claims*

Forty-eight of the plaintiffs[1] allege that defendant Ratkowski and forty-nine of the plaintiffs[2] allege that defendant Roy violated the Driver's Privacy Protection Act by allegedly disclosing personal information as defined by the statute for an impermissible purpose. Under the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use" not permitted by the DPPA. 18 U.S.C. § 2722(a). "Personal information" is defined by the statute to include: "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3). A "motor vehicle record" means "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1). An individual whose personal information has been obtained or disclosed in violation of the DPPA may bring a civil action for damages in federal court. 18 U.S.C. § 2724. The DPPA provides, however, for certain permissible uses of personal information,

---

[1] Andrew Aaron, Robert Agnew, Kamila Ahamed, Isaiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Khalil Coleman, Tahudah Cole, Taleavia Cole, Tracy Cole, Steven Conklin, Lauryn Cross, Erik Fanning, Jessica Fenner, Breon Foster, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, Joseph Koepp, John Larry, Alex Larson, Sonora Larson, Vaun Mayes, Molly Nilssen, Shawn Page, Carmen Palmer, C.P., D.P., Oscar Concepcion Rodriguez, Rosalind Rogers, Madeleine Schweitzer, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Gabriella Vitucci, Tristiana Walls, Oscar Walton, Jayden Welch, Briitta Welch, Brandon Wilborn, Trisha Wilson, and Katelyn Wojnar. (Docket # 302 at 3 n.1.)

[2] Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Rebecca Burrell, Raine Cich, Khalil Coleman, Taleavia Cole, Steven Conklin, Anne Delessio-Parson, Rachel Dulay, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Adante Jordan, Mary Kachelski, Sean Kafer, Katheryn Knowlton, Joseph Koepp, John Larry, Alex Larson, Sonora Larson, Lazarito Mathieu, Vaun Mayes, Dana McCormick, Molly Nilssen, Carmen Palmer, C.P., D.P., Leah Porter, Jose Hernandez Ramirez, William Rivera, Hector Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Jayden Welch, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, and Sonja Worthy. (Fourth Am. Compl., Claim 14.)

including "use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." 18 U.S.C. § 2721(b).

To establish a DPPA violation, Plaintiffs must prove that Defendants: (1) knowingly, (2) obtained, disclosed, or used personal information, (3) from a motor vehicle record, (4) for a purpose not permitted. *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015). Both parties move for summary judgment in their favor on Plaintiffs' DPPA claims. I will address the claims against each defendant in turn.

### 3.1     DPPA Claim Against Ratkowski

As stated earlier, forty-eight plaintiffs sue Ratkowski under the DPPA for his alleged creation and distribution of the protestor list or "Target List." Ratkowski does not challenge, for purposes of summary judgment, that he knowingly obtained or disclosed personal information. (Docket # 267 at 14–16; Docket # 283 at 3–5.) Rather, he argues the plaintiffs cannot show that he obtained this personal information from a motor vehicle record for an impermissible purpose.

#### 3.1.1   Did the Information Come from a Motor Vehicle Record?

With the exception of plaintiff Mariah Smith, Defendants argue that the plaintiffs failed to establish any evidence that Ratkowski obtained the information contained in the protestor list from motor vehicle records. (Docket # 283 at 3–4.) The protestor list contains such information as the individual's name, address, photograph, date of birth, race, and sex. (Docket # 272-16.) Ratkowski testified that he obtained people's home addresses through various sources, including "criminal histories, programs like Rate Me," and the "Milwaukee

20

County Land Management Systems." (June Ratkowski Dep. at 98.) Ratkowski also testified

as follows when asked about how he obtained plaintiff Smith's address:

> Question:  Okay. Now, with regards to this list, let's go back to
> it. I know I keep jumping around. Let's focus on
> Mariah Smith, page one. Now, you mentioned before that
> you used the DOT computers to get people's driver's DMV
> records, correct?
>
> Answer:  Correct.
>
> Question:  Okay. And within that system is that how you get people's addresses?
>
> Answer:  Correct.
>
> Question:  Is that how you got Mariah's address on this document?
>
> Answer:  Yes.

(July Ratkowski Dep. at 42.) Ratkowski testified that in addition to the DOT records, he also

obtained addresses and phone numbers from a subscription database called "TLO." (*Id.* at

53, 56.) However, on the protestor list itself, for thirty-seven of the individuals, the entry

contains the notation "DOT" by the address. (Docket # 272-16.)

The defendants argue that the plaintiffs misconstrue Ratkowski's testimony that he

obtained addresses from DOT records, arguing that Ratkowski was only discussing plaintiff

Smith's address, no one else's. (Docket # 283 at 4.) Admittedly, counsel's questions to

Ratkowski are not clear. While counsel tells Ratkowski he is to focus on Mariah Smith,

counsel then asks whether Ratkowski obtained "people's addresses" from DMV records. (July

Ratkowski Dep. at 42.) Based on the way the question was framed and Ratkowski's answer,

a reasonable jury could believe that Ratkowski testified that he obtained multiple plaintiffs'

addresses from the DOT, not just Smith's, especially given the "DOT" notation by the

addresses of thirty-seven of the plaintiffs.

21

Furthermore, for the individuals included on the protestor list with photographs, the photographs on the left appear to be more formal headshots of the individuals, whereas the photographs on the right appear to be less formal "action" shots of the individual, taken, for example, at a protest or a meeting. (Docket # 272-16.) When asked where Ratkowski obtained the photographs of plaintiff Smith, he testified that the photograph on the left was a DOT photo; whereas the photograph on the right was from social media. (July Ratkowski Dep. at 48.) As to the other plaintiffs, however, it does not appear Ratkowski was directly asked where the photographs on the left were obtained. Despite this gap in questioning, when asked whether Roy ever asked him where he obtained the photographs on the left, Ratkowski testified that Roy "asked me maybe about one - - one or two people on here just to verify that those photos came from the DOT. Because I believe he recognize - - he likely recognized the DOT, what a DOT photo looks like." (*Id.* at 54–55.) Given Ratkowski's testimony and the appearance of the photographs on the protest list itself, a reasonable jury could conclude that the photographs were taken from the DOT.

Thus, given that for forty-six of the plaintiffs, their addresses and/or photographs could have reasonably come from DOT records, a question of fact exists as to whether these plaintiffs can meet this element of their claim.

For plaintiffs D.P. and C.P., however, I find the undisputed facts show that Ratkowski did not obtain the information from DOT records. D.P. and C.P. are both juveniles, who appear on the protestor list with their mother, Carmen Palmer. (Docket # 272-16 at 19, 25.) For all three, the list states their address was obtained from their arrests on October 8, 2020. (*Id.*) Unlike for Carmen Palmer, there are no "formal" photographs to the left of the names of the two juveniles that could have come from DOT records. (*Id.*) Plaintiffs argue that a

22

reasonable jury could conclude that because Ratkowski obtained information from the DOT for other plaintiffs, he likely also obtained C.P.'s and D.P.'s information from the DOT. (Docket # 286 at 26.) I disagree. The protestor list states that the addresses of the juveniles and their mother was obtained from their arrests. (Docket # 272-16 at 19, 25.) Thus, there is no record evidence that Ratkowski obtained any of the information regarding the two juvenile plaintiffs from DOT records. For these reasons, I find that defendants' motion for summary judgment is granted as to C.P.'s and D.P.'s claims under the DPPA.

### 3.1.2   Whether the Information was Used for a Permissible Purpose

Defendants further argue that Plaintiffs' DPPA claim against Ratkowski fails because Ratkowski used the list for a permissible purpose under the statute. The DPPA permits law enforcement to use information obtained under the DPPA "in carrying out its functions." 18 U.S.C. §2721(b)(1). In *Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597 (7th Cir. 2012), the Seventh Circuit noted that the DPPA was passed predominantly as a public safety measure and "[n]ot surprisingly, the Act's expanded authority for law enforcement was an important part of the same narrative." *Id.* at 607. The court further noted, however, that in the Congressional records, Senator Harkin qualified that the exception for law enforcement use "is not a gaping loophole in this law." *Id.* (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17, 1993) (statement of Sen. Harkin)). Rather, the exception "'provides law enforcement agencies with latitude in receiving and disseminating this personal information,' when it is done *'for the purpose of deterring or preventing crime or other legitimate law enforcement functions.'" Id.* at 608 (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17, 1993) (statement of Sen. Harkin)) (emphasis in original). Thus, "[g]iven the concern of Congress for these safety and security

issues, the disclosed information actually must be used for the purpose stated in the exception." *Id.* at 609. The court further stated that the language of § 2721(b)(1) means that:

> [T]he actual information disclosed—i.e., the disclosure as it existed in fact—must be information that is used for the identified purpose. When a particular piece of disclosed information is not used to effectuate that purpose in any way, the exception provides no protection for the disclosing party. In short, an authorized recipient, faced with a general prohibition against further disclosure, can disclose the information only in a manner that does not exceed the scope of the authorized statutory exception. The disclosure actually made under the exception must be compatible with the purpose of the exception. Otherwise, the statute's purpose of safeguarding information for security and safety reasons, contained in the general prohibition against disclosure, is frustrated.

*Id.* at 606.

Ratkowski avers that his purpose in creating the protestor list was "to prepare for crime or potential violence by providing a means to identify witnesses, victims and suspects of any potential violence or crime that may came [sic] out of a protest." (Ratkowski Decl. ¶ 4, Docket # 258.) However, Ratkowski also testified, that the criteria for being added to the list was merely attending a protest—the individual need not have engaged in violence or have committed a crime to be included on the list. (June Ratkowski Dep. at 83.) Furthermore, there is other evidence that suggests the list was not specifically focused on identifying potential witnesses, victims, and/or suspects of protest-related crimes. For example, Ratkowski testified that he would place plaintiffs' counsel on the list due to his involvement in the lawsuit, even though he had not attended a protest in Milwaukee. (June Ratkowski Dep. at 123.) Also, when members of TPR sent a letter dated July 9, 2020 to Mayor McBride and the Wauwatosa Common Council, Ratkowski informed members of the WPD that he would "work on IDing all the names at the end of the letter." (Schwab Decl. ¶ 36, Ex. 35, Docket # 294-6.) Finally, Ratkowski emailed the protester list to Brian Conte in Milwaukee County

noting that it was a list of "TPR members he has been working on" and that Conte should feel free to pass it along to anyone who would find it useful. (Motley Decl. ¶ 12, Ex. 10, Docket # 272-8.)

The Seventh Circuit in *Senne* rejected the argument that "as long as [the Village] can identify a subsection of the law under which *some* disclosure is permitted, *any* disclosure of information otherwise protected by the statute is exempt, whether it serves an identified purpose or not." 695 F.3d at 605 (emphasis in original). Rather, the *Senne* court makes clear that if the disclosed information is not used to effectuate a law enforcement purpose in any way, "the exception provides no protection for the disclosing party." 695 F.3d at 606. At the very least, Ratkowski's distribution of the list to Conte with the blessing to "feel free to pass it along" to anyone who might find it useful creates a question of fact as to whether the disclosed information was actually being used for the purpose stated in the statutory exception. For these reasons, with the exception of the two juvenile plaintiffs' claims as explained above, a reasonable jury could conclude Ratkowski violated the DPPA.

### 3.2    DPPA Claim Against Roy

As to Roy, the plaintiffs argue that on January 7, 2021, Roy shared a Dropbox link that contained unredacted documents, which included over 500 pages of police reports, 66 citations, and hours of videos, including that of confidential informants. (Docket # 269 at 18.) Plaintiffs argue that within "that mountain of information Roy disclosed were 49 Plaintiffs' personal information found on the hundreds of pages of police reports and in the 66 pages of WPD citations for Plaintiffs which contained information from their motor vehicle records in violation of the DPPA." (*Id.*) Defendants argue that the plaintiffs cannot establish that Roy knowingly disclosed personal information obtained from motor vehicle records. (Docket #

267 at 17–18.) Defendants do not argue whether Plaintiffs can meet the other elements of the DPPA claim (*id.* at 17–19); thus, I will focus on the knowledge element.

For personal information found on the municipal citations, while Roy testified that information regarding an individual's home address and driver's license number generally auto fills from their DOT record (Motley Decl. ¶ 6, Ex. 2, Deposition of Joseph Roy ("Roy Dep.") at 104–105, Docket # 272-2), he avers that as to twenty-four of the plaintiffs,[3] he would not have known whether the officer generating the citations checked the DOT records to autofill the citation or whether the officer imported the personal information from another source (Declaration of Joseph Roy ("Roy Decl.") ¶ 18, Docket # 259). Roy acknowledges, however, that for these twenty-four individuals, the citations *could* contain information from DOT records. (*Id.*) However, for the citations issued for five of the plaintiffs—Jacqueline Bogenberger, Peter Sparks, Jill Ferguson, Sonora Larson, and Molly Nilseen—Roy avers that the citation itself states that the individual was identified through their Wisconsin picture identification, and thus the information was not gathered from a motor vehicle record. (*Id.* ¶ 17.) Despite the statement on those five citations that the individual was identified through their Wisconsin identification, I find a question of material fact exists as to whether the personal information printed on the citations came from DOT records and whether Roy was aware of that fact. Roy acknowledges that information such as home address and driver's license number generally populates automatically on the citation form from information found in DOT records. Given Roy's testimony as to this process, a reasonable jury could find

---

[3] Andrew Aaron, Kamila Ahmed, Jacqueline Bogenberger, Khalil Coleman, Anne Delessio-Parson, Rachel Dulay, Erik Fanning, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Adante Jordan, Joseph Koepp, Alex Larson, Sonora Larson, Carmen Palmer, Leah Porter, Hector Rodriguez, Nathan Sabel, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Brandon Wilborn, and Sonja Worthy.

that Roy knew the information printed on the citations that he later disclosed was protected information under the DPPA.

Plaintiffs assert that in addition to the individuals Roy lists, plaintiffs Isaiah Baldwin, Mary Kachelski, and Lazarito Matheu also were issued citations containing personal information from their DOT records that was disclosed by Roy. (Docket # 302 at 11 n.4.) For the same reason a question of fact exists for the plaintiffs above, a question of fact remains as to these three plaintiffs as well.

As to the personal information obtained from the police reports, Roy similarly avers that there is no way for him to know the source of the personal information, as it could have come from a variety of sources. (Roy Decl. ¶ 16.) However, as Plaintiffs argue, for ten of the plaintiffs,[4] the police report specifically states that the identifying information was taken from a DOT record. (Docket # 302 at 9–10.) Focusing on the records for John Larry, Jayden Welch, and Sean Kafer (as the other seven plaintiffs' DPPA claims against Roy already survive as explained above), for each of these individuals, the police report specifically states that the individual's "DOT record shows" and then lists the person's height, weight, eye color, and hair color. (Roy Decl. ¶ 4, Ex. A, Docket # 259-2 at 21, 23.) The Seventh Circuit has found that such information as height, weight, hair color, and eye color is considered "personal information" under the DPPA. *See Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 943 (7th Cir. 2015). Thus, although Roy avers that he had no way of knowing the source of the information found in the reports, because the reports themselves state that this

---

[4] Specifically, John Larry, Joseph Hayes, Jayden Welch, Sean Kafer, Khalil Coleman, Alex Larson, Kamila Ahamed, Gabriella Vitucci, Brandon Wilborn, and Adante Jordan.

Case: 23-2135    Document: 1-1    Filed: 06/07/2023    Pages: 178
Case 2:20-cv-00600-NJ    Filed 06/07/23    Page 160 of 178    Document 443
Case 2:20-cv-00600-NJ    Filed 05/08/23    Page 27 of 43

information came from DOT records, a reasonable jury could find that Roy violated the DPPA.[5]

### 3.3    Damages

Defendants assert that Plaintiffs' DPPA claims also fail because they have not suffered any cognizable injury from the alleged DPPA violation. (Docket # 267 at 21–24.) The DPPA provides the following remedies for a violation of the statute: "(1) actual damages, but not less than liquidated damages in the amount of $2,500; (2) punitive damages upon proof of willful or reckless disregard of the law; (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and (4) such other preliminary and equitable relief as the court determines to be appropriate." 18 U.S.C.A. § 2724(b).

Plaintiffs do not dispute that they have no proof of actual damages. (Docket # 286 at 29; Docket # 269 at 28–30.) They argue, however, that they are entitled to statutory liquidated damages. (*Id.*) Defendants argue that Plaintiffs are not entitled to statutory liquidated damages without proof of any actual damages. (Docket # 267 at 21–22.) Although neither party presents any authority from the Seventh Circuit on this issue, other circuits have found that a "plaintiff need not prove a measure of actual damages to recover liquidated damages under the DPPA, and certainly need not prove actual damages to recover the other types of remedies listed in § 2724(b)." *Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209, 1212 (11th Cir. 2005); *see also Pichler v. UNITE*, 542 F.3d 380, 400 (3d Cir. 2008) ("The plain language of the

---

[5] Plaintiffs do not address whether the following plaintiffs' personal information under the DPPA was disclosed by Roy: Robert Agnew, Rebecca Burrell, Raine Cich, Talevia Cole, Steven Conklin, Katheryn Knowlton, Vaun Mayes, Dana McCormack, Juvenile Palmer 1 and 2, Jose Hernandez Ramirez, William Rivera, Rosalind Rogers, William Schroeder, Mariah Smith, Angel Vega, and Katelyn Wojnar. As such, these plaintiffs' DPPA claims against Roy are dismissed.

DPPA, Supreme Court and other precedent, and the common law of privacy all support construing § 2724(b) so as not to require actual damages to recover liquidated damages.").

I agree with the circuits that have found that § 2724(b) does not require a finding of actual damages in order to award statutory damages. The plain language of § 2724(b)(1) indicates the liquidated damages serve as a damages floor—a plaintiff can receive his or her actual damages but should not receive damages less than $2,500. Furthermore, § 2724(b) lists other damages a plaintiff can recover, separate from actual or liquidated damages as stated in § 2724(b)(1). Defendants do not assert that plaintiffs in this case cannot prove any other form of damages under § 2724(b). Thus, Plaintiffs' DPPA claims will not be dismissed due to lack of damages.

### 3.4    Qualified Immunity

Defendants argue that even if Ratkowski and Roy are liable under the DPPA, they are entitled to qualified immunity. (Docket # 267 at 26.) Plaintiffs counter that no Seventh Circuit court has ever recognized the defense of qualified immunity in a DPPA action. (Docket # 286 at 30–31.) As an initial matter, the defendants' qualified immunity argument is wholly underdeveloped. This is reason enough to reject the argument. *See Pond v. Michelin N. Am., Inc.*, 183 F.3d 592, 597 (7th Cir. 1999) (finding arguments raised in a conclusory or underdeveloped manner are waived). The paucity of analysis notwithstanding, I do not find qualified immunity applies to the DPPA claims.

Several circuit courts have addressed the issue of qualified immunity in the DPPA context; however, in those cases, the plaintiff had sued under both the DPPA *and* under 42 U.S.C. § 1983. For example, in *Collier v. Dickinson*, 477 F.3d 1306 (11th Cir. 2007), the Eleventh Circuit found that an aggrieved individual can separately sue for a DPPA violation

under the DPPA itself, but also under § 1983. *Id.* at 1311. The *Collier* court then considered the issue of qualified immunity, but only after having "found that the statutory rights created by the DPPA are enforceable both directly and under Section 1983." *Id.* The *Collier* court concluded, however, that the statutory right to privacy in motor vehicle record information was clearly established at the time of the defendants' alleged conduct, giving them fair notice that their alleged conduct violated federal law, and thus not entitling them to qualified immunity. *Id.* at 1312. Similarly, the Sixth Circuit in *Roth v. Guzman*, 650 F.3d 603 (6th Cir. 2011) also considered the issue of qualified immunity in the context of a DPPA violation brought under the DPPA and § 1983.

Interestingly, the only case in this circuit seemingly addressing this issue ultimately disagreed with the *Collier* court's analysis. *Kraege v. Busalacchi*, 687 F. Supp. 2d 834, 839–40 (W.D. Wis. 2009). After acknowledging that the Seventh Circuit has not considered whether plaintiffs may use § 1983 to enforce their rights under the DPPA, the *Kraege* court found that because the DPPA "has a more restrictive private remedy[,] . . . plaintiffs' § 1983 claim to enforce their rights under the Act is barred." *Id.* Thus, assuming qualified immunity is available in the context of the DPPA, it appears to only be a defense when one's DPPA rights are enforced through § 1983. And it is unclear whether such a cause of action is even permitted in this circuit. Either way, plaintiffs in this case did not sue under § 1983, but directly under the DPPA. As such, Plaintiffs' DPPA claims are not barred by qualified immunity.

Because a reasonable jury could conclude that Ratkowski and Roy violated the DPPA, and because Defendants have not shown Plaintiffs are unable to prove damages or that qualified immunity bars the suit, both parties' motions for summary judgment as to the DPPA claims are denied and the claims will proceed to trial.

4.      *Malicious Prosecution Claims*

Finally, plaintiffs Isaiah Baldwin, Aidali Rivera, and Rosalind Rogers sue Officer Farina for malicious prosecution under Wisconsin state law. Plaintiffs allege that Farina, while acting within the scope of his employment (Fourth Am. Compl. ¶ 92), ticketed the plaintiffs without probable cause, leading to the initiation of judicial proceedings against them that caused them damages (*id.* ¶¶ 1093–1102).

There are "six essential elements" of a claim for malicious prosecution under Wisconsin law:

> (1) [T]here must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff; (2) such former proceedings must have been by, or at the instance of, the defendant; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage resulting to the plaintiff in the former proceedings.

*Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 404, 515 N.W.2d 469, 472 (Ct. App. 1994). If the plaintiff fails to establish any one of these elements, the defendant prevails. *Tower Special Facilities, Inc. v. Investment Club, Inc.*, 104 Wis. 2d 221, 227, 311 N.W.2d 225 (Ct. App. 1981). Defendants argue that Plaintiffs' malicious prosecution claims fail because Plaintiffs cannot show a want of probable cause for issuing the citations, nor can the plaintiffs show Farina acted with malice. (Docket # 267 at 10–11.)

For the element requiring a "want of probable cause for the institution" of the proceedings:

> "It is generally held that whether a defendant sued for malicious prosecution acted on probable cause is a mixed question of law and fact. Where the facts are in dispute, the jury determines the facts under proper instruction of the trial court, and the court determines the question of probable cause from such facts.

> Where the facts are undisputed, the question of probable cause is solely for the court.

*Pollock v. Vilter Mfg. Corp.*, 23 Wis. 2d 29, 41, 126 N.W.2d 602, 609 (1964) (internal citation omitted). And "in the context of a malicious prosecution suit, 'probable cause' shall mean that quantum of evidence which would lead a reasonable layman in the same circumstances to honestly suspect that another person had committed a crime." *Id.* at 42, 126 N.W.2d at 609.

### 4.1    Citations Issued to Baldwin and Rogers

On September 6, 2020, both Baldwin and Rogers were issued municipal citations by Farina for allegedly violating Wauwatosa Ordinance 7.50.030, Special Event Permit Required. (Roy Decl. ¶ 4, Ex. A, Docket # 259-1 at 5; Declaration of Rosalind Rogers ¶¶ 4–6, 13, Docket # 296-53.) Wauwatosa Ordinance 7.50.030 states, in relevant part, that:

> No person or entity acting as an event organizer shall set up for, hold, or conduct a special event, within the municipal boundaries of the city of Wauwatosa without first obtaining a special event permit. The city administrator, or his designee, shall have the exclusive authority to determine whether or not a permit is required for any particular event.

> A "special event" is defined as a:

> [T]emporary gathering of people on public or private property and involving at least one of the circumstances listed below. . . 1. Will involve the closing and exclusive use of a public street, alley, or public right of way; 2. Over 250 people at any one time attending the event on private property, except those situations where a constitutional right is being expressed—marches and public assemblies; 3. City ordinances and rules require public safety support by city employees; 4. Will require extraordinary services by any city department; 5. Hours of the event extend beyond those otherwise adopted in city ordinances; or 6. Alcohol, beverages, food, and/or merchandise will be offered for purchase.

Wauwatosa Ordinance 7.50.020.

On Baldwin's citation, the narrative states that Baldwin was part of a protest group assembled at North 65th Street and Milwaukee Avenue and that the individuals in the group were blocking all lanes of traffic, not allowing vehicular traffic to pass through. (Roy Decl. ¶ 4, Ex. A, Docket # 259-1 at 5.) Farina testified that Baldwin and Rogers were given citations because they were blocking the road, "almost like a block party. If you're gonna have a block party, you need a permit to block off that road. And they were just doing it to do it." (Declaration of Kiley Zellner ¶ 5, Ex. C, Deposition of Jeffrey Farina ("Farina Dep.") at 301–302, Docket # 265-3.)

While both Baldwin and Rogers aver that neither were acting as an "event organizer" and neither were conducting or holding a "special event" (Rogers Decl. ¶¶ 5–6; Declaration of Isaiah Baldwin ¶¶ 5–6, Docket # 296-40), whether they are actually guilty of the offense is not the standard for probable cause. Again, the Wisconsin Supreme Court has said that in the context of a malicious prosecution suit, probable cause means enough evidence which would lead a reasonable lay person in those same circumstances to honestly suspect the person had committed a crime. *See Pollock*, 23 Wis. 2d at 42, 126 N.W.2d at 609. Beyond asserting that they were not, in fact, violating the ordinance, Plaintiffs do not establish that Farina lacked probable cause in issuing the citations. Because Plaintiffs fail to establish all of the elements of their claim, Baldwin's and Rogers' malicious prosecution claims against Farina are dismissed.

### 4.2     Citation Issued to Aidali Rivera

Rivera avers that she was arrested on October 9, 2020 and issued a ticket for violating the curfew order. (Declaration of Aidali Rivera ¶¶ 2–6, Docket # 296-51.) Plaintiffs argue that Rivera was exempt under the curfew order as she was driving her son home from work; thus,

Farina lacked probable cause to issue her a citation. (Docket # 286 at 20–21.) As an initial

matter, Rivera avers that she "believes" she was arrested by Farina. (Rivera Decl. ¶ 2.) In

other words, she is uncertain whether it was, in fact, Farina who arrested her. Farina, for his

part, testified that he did not arrest her. (Farina Dep. at 234.) Even assuming that it was Farina

who arrested her, Rivera does not deny being out during the curfew hours. (Docket # 286 at

20.) Additionally, even accepting that Rivera told Farina that she was exempt from the curfew

because she was driving her son home from work, Farina was not required to credit her

statement in assessing probable cause. Recall that probable cause does not require proof of

guilt beyond a reasonable doubt. Thus, even though Rivera's citation was dismissed, Rivera

cannot establish that Farina lacked probable cause in issuing her a citation for violating the

curfew order. Because Rivera fails to establish all of the elements of her claim, Rivera's

malicious prosecution claim against Farina is dismissed.

### 5. The Parties' Motions to Strike

Both parties have filed motions to strike portions of the other's summary judgment

pleadings. First, Plaintiffs move to strike Ratkowski's February 6, 2023 declaration. (Docket

# 308.) Defendants originally filed Ratkowski's declaration on December 19, 2022 (Docket

# 258); however, the declaration was missing page two, paragraphs five through thirteen. (*Id.*)

Defendants filed the corrected version of Ratkowski's declaration on February 6, 2023, after

Plaintiffs filed their brief in support of partial summary judgment on December 19, 2022.

(Docket # 269.) Plaintiffs allege that the late filing of Ratkowski's corrected declaration

irreparably prejudiced them. (Docket # 308 at ¶ 12.) I disagree. As an initial matter, the

previously omitted statements in Ratkowski's declaration are not new information—his

statements can be found in his two depositions conducted in 2021. Furthermore, the corrected

declaration was submitted prior to Plaintiffs' February 8, 2023 filing of their reply brief in support of their partial summary judgment motion. (Docket # 302.) Given these were not new facts, it is unclear what prejudice Plaintiffs faced. And clearly the updated declaration had no bearing on the DPPA claims against Ratkowski, since they survive summary judgment. As such, Plaintiffs' motion to strike Ratkowski's declaration (Docket # 308) is denied.

Next, Plaintiffs move to strike the declaration of Matthew Martell (Docket # 264), arguing that he was never disclosed as a fact witness. (Docket # 323.) Martell's declaration addresses placing Baldwin and Rogers under arrest and includes his supplemental police report. (Docket # 264.) Defendants argue that Martell is named solely to impeach Plaintiffs' claims that Farina arrested them and thus supplemental disclosure was not required under Fed. R. Civ. P. 26(a)(1). (Docket # 329.) Even so, Defendants argue Plaintiffs were aware of Martell as a witness as he was identified in the Fourth Amended Complaint and in subsequent discovery. (*Id.*) Given that Martell's declaration was unnecessary for deciding the summary judgment motion, and because Defendants named Martell solely for impeachment purposes, the motion to strike (Docket # 323) is denied.

The defendants move to strike Attorney Motley's declaration filed in support of Plaintiffs' motion for partial summary judgment (Docket # 269-1), arguing that substantial portions of her declaration are improper under Fed. R. Civ. P. 56(c)(4), (Docket # 279). Rule 56(c)(4) provides that a declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Defendants argue that

paragraphs two through seventeen and nineteen through twenty-three of the declaration are not based on personal knowledge. (Docket # 280.)

Plaintiffs contend that Defendants are engaging in gamesmanship, hoping that they "could prevail through strict proceduralism." (Docket # 301 at 1.) Plaintiffs argue that as attorney of record in this case, Attorney Motley "clearly has knowledge of the documents produced, *by Defendants*, in this case." (*Id.* at 2.) The rules of evidence and civil procedure should not so casually be cast aside as mere adherence to "strict proceduralism." These rules are fundamental and necessary to the practice of law. And Plaintiffs seem to misunderstand how documents are properly authenticated. One does not gain the ability to properly authenticate a document merely because she is an attorney in a case. Nor does a party producing a document in discovery automatically authenticate the document. As the Seventh Circuit explained:

> *The mere act of producing a document in response to a discovery request based on the content of the document does not amount to an admission of the document's authenticity.* A party's duty to produce documents under Federal Rule of Civil Procedure 34(a) applies to responsive documents in its "possession, custody, or control." They must be produced regardless of their authenticity, accuracy, or reliability, so the act of production does not say anything about authenticity, accuracy, or reliability. Those are matters for follow-up requests for admissions or other discovery tools.

*Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 578–79 (7th Cir. 2015) (emphasis in original). That being said, while the defendants' arguments are well-taken, the defendants do not mount any specific arguments challenging the authenticity of the cited documents, and in fact rely on such evidence as the cited depositions in their own pleadings. *See Woods v. City of Chicago*, 234 F.3d 979, 989 (7th Cir. 2000) (finding that under the specific circumstances of that case, requiring authenticating affidavits would be an "empty formality" because the opposing party had effectively conceded the accuracy by relying on the documents themselves). For these

reasons, Defendants' motion to strike Attorney Motley's declaration (Docket # 279) is denied.

6.     *Plaintiffs' Motions for Sanctions*

Plaintiffs filed two motions for sanctions against Defendants. I will address each in turn.

6.1     Motion for Rule 11 Sanctions (Docket # 326)

To begin, Plaintiffs move for sanctions against Defendants on the grounds that several factual allegations in Defendants' proposed findings of fact (Docket # 266) are allegedly knowingly and deliberately misleading. (Docket # 327.) The crux of Plaintiffs' claims are that the defendants engaged in "verbiage manipulation" of facts in their proposed findings of fact. (*Id.* at 5–7.) For example, Plaintiffs fault the defendants for drafting a proposed finding of fact stating that "Ratkowski only provided the list to other law enforcement agencies . . ." when he actually avers that "I provided the list to the following law enforcement agencies . . ."; plaintiffs argue this somehow indicates that Ratkowski actually provided the list to entities beyond law enforcement agencies. (*Id.* at 3.) I am unclear how Ratkowski's declaration "drastically and substantively change[d] the meaning of the statement," (*id.*) nor does it alter my analysis of these summary judgment motions. Plaintiffs also allege that the defendants set out to deliberately mislead the court by proposing a fact stating that there is no dispute that Aidali Rivera was on the streets of Wauwatosa *in violation of the curfew* when she was arrested when in actuality, Rivera only admitted to being on the street after 7:00 p.m. (i.e., not in violation of the curfew) (*Id.* at 327.) The Court is well aware that although Rivera was out past curfew, she denies violating the curfew order. I was certainly not misled by this statement.

At bottom, what Plaintiffs truly contest is the defendants' proposed findings of fact slipping into argument. Although the plaintiffs' point is well-taken, the Court is well versed in parsing argument from "fact" within parties' proposed findings of fact and reviewing the underlying evidence to do so. Sanctions are not warranted on this basis. The plaintiffs' motion (Docket # 326) is denied.

### 6.2　　Motion for Rule 37 Sanctions (Docket # 246)

Finally, the plaintiffs argue that the defendants willfully destroyed electronic evidence vital to the resolution of this case. (Docket # 246.) Plaintiffs argue that various members of the WPD deleted texts and/or emails containing images, videos, or other electronic information during the curfew enforcement operation dates, or otherwise related to the lawsuit. (Docket # 247.) The plaintiffs argue that the defendants were put on notice to preserve electronic discovery as early as October 11, 2020. (Docket # 247 at 6.) Plaintiffs assert that regardless of this notice, Defendants and their counsel knowingly and deliberately failed to preserve electronically stored information ("ESI") with the intent to deprive Plaintiffs of the evidence. (*Id.*) Regarding failure to take reasonable steps to preserve the ESI, Plaintiffs contend that Defendants received no training and established no routine for preservation of ESI and that communications made only electronically, such as text messages and data and communication applications downloaded to phones and used during the curfew order, were deliberately deleted. (*Id.* at 7.)

Specifically, Plaintiffs allege that Chief Weber testified that he deleted emails related to this lawsuit after forwarding them to the Wauwatosa City Attorney and that since he "probably" communicated with Mayor McBride via text regarding the curfew, it is "reasonable to presume that Weber deleted those texts as well." (*Id.* at 8.) While Weber

believed the texts were stored in the City's server, the City's IT Director, Jalal Ali, testified that texts are not preserved on the City's server. (*Id.* at 9.) Thus, Plaintiffs argue that "innumerable texts and potentially other electronically stored information was intentionally deleted by Mr. Weber and others that would be relevant to this lawsuit. They are now gone forever." (*Id.*)

Plaintiffs further argue that Ratkowski testified that officers would take pictures on their phones of people attending a protest and then forward the images to him. (*Id.*) Plaintiffs argue that Ratkowski "has not provided referenced ESI, such as texts, pictures, videos and other ESI from his phone throughout the duration of this lawsuit." (*Id.* at 10.) Plaintiffs argue that Roy testified that he had the ability to text during the curfew enforcement operations, and when asked if he sent or received text messages regarding protesting or curfews from his fellow officers, Roy testified "not directly that I can recall about curfew." (*Id.*) Plaintiffs argue that Wauwatosa Detective Martin Keck testified that he would use his personal phone to communicate with other operational personnel in a professional capacity via text message and email and that his phone only stores texts for 30 days. (*Id.* at 10–11.) While he testified he texted co-workers, he stated he was never advised to keep texts and thus "they are deleted forever." (*Id.* at 11.)

Plaintiffs assert that WPD Captain Shane Wrucke testified that he would use his cell phone to communicate with other operational personnel in a professional capacity via text message and email; however, the text messages were not kept very long, and he was not advised to keep them. (*Id.*) Officer Gee of the WPD testified that she and her WPD colleagues were instructed to download an application to their phones to capture and forward information electronically for anyone arrested and/or transported by officers during the

curfew. (*Id.* at 12.) Plaintiffs argue that in this case, "the evidence that is now not available to the Plaintiffs is absolutely more than 'minimal,' and has a direct impact on the ability of the Plaintiffs to prosecute some of their claims, as well as having a direct impact on the administration of justice." (*Id.* at 16.)

> Fed. R. Civ. P. 37(e) provides that:
>
> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Rule 37(e)'s requirement that ESI "cannot be restored or replaced through additional discovery" refers to digital backups and the likelihood that electronic documents have multiple versions. *Freidig v. Target Corp.*, 329 F.R.D. 199, 208 (W.D. Wis. 2018). As to text messages, while Plaintiffs assert that IT Director Ali testified that text messages and application used by law enforcement were not archived by his department (Docket # 247 at 7), the excerpt from his deposition does not contain this testimony (Ex. 6, Docket # 247-6). And Chief Weber testified that he forwarded any emails regarding the protest and curfew to the City Attorney before deleting them (Weber Dep. at 108–109) and that emails are preserved

on the server for seven years (*id.* at 110). Thus, it is not clear to me that the allegedly deleted ESI could not have been restored or replaced through additional means.

Even assuming, however, that Plaintiffs could establish that the City failed to take reasonable steps to preserve ESI and that no back-up copies exist, Plaintiffs have not shown that they are prejudiced from the alleged loss of the information. Plaintiffs contend that the lost evidence has a "direct impact" on their ability to prosecute "some of their claims," without articulating what those claims are or how they are impacted. As to the First Amendment claim, the photographs of the protests or emails exchanged during the time of the curfew order in October would not impact the Court's analysis under *Ward* as to whether the order was a reasonable time, place, and manner restriction. Nor would it impact disposition of Rivera's Title VI claim, which turned on a statutory construction issue of whether the City falls within the scope of Title VI's coverage. Nor is it clear how these alleged documents would affect the malicious prosecution claims against Farina. Finally, as to the DPPA claims that survive summary judgment, Plaintiffs do not demonstrate how Ratkowski's receipt of photographs from the protest or Roy's October 2020 text messages, sent prior to his alleged January 2021 disclosure, would assist Plaintiffs' prosecution of these claims. For these reasons, Plaintiffs' motion for sanctions (Docket # 246) is denied.

## CONCLUSION

The plaintiffs sue the defendants under 42 U.S.C. § 1983, Title VI, state law, and the DPPA. The parties filed cross-motions for summary judgment as to the plaintiffs' DPPA claims, and the defendants moved for summary judgment as to the plaintiffs' remaining claims. For the reasons explained above, the plaintiffs' motion for partial summary judgment

is denied and the defendants' motion for summary judgment is granted in part and denied in part.

Summary judgment is granted in favor of the defendants as to the plaintiffs' First Amendment claim pursuant to § 1983. Claim One of the Fourth Amended Complaint is dismissed.

Summary judgment is granted in favor of the defendants as to plaintiff Rivera's Title VI claim. Claim Eleven of the Fourth Amended Complaint is dismissed.

Summary judgment is granted in favor of the defendants as to the plaintiffs' state law claim of malicious prosecution. Claim Thirteen of the Fourth Amended Complaint is dismissed.

Plaintiffs' motion for partial summary judgment as to their DPPA claims against Ratkowski and Roy is denied. Defendants' motion for summary judgment as to the plaintiffs' DPPA claims is granted in part and denied in part. As to plaintiffs D.P.'s and C.P.'s claims against Ratkowski, the defendants' motion for summary judgment is granted. However, the remaining plaintiffs' claims against Ratkowski remain.

Defendants' motion for summary judgment is granted as to the following plaintiffs' claims against Roy: Robert Agnew, Rebecca Burrell, Raine Cich, Talevia Cole, Steven Conklin, Katheryn Knowlton, Vaun Mayes, Dana McCormack, D.P., C.P., Jose Hernandez Ramirez, William Rivera, Rosalind Rogers, William Schroeder, Mariah Smith, Angel Vega, and Katelyn Wojnar, However, the remaining plaintiffs' claims against Roy remain.

With no remaining claims, the following plaintiffs are dismissed from the case: C.P., D.P., Katheryn Knowlton, Dana McCormack, Jose Hernandez Ramirez, William Rivera, William Schroeder, and TPR.

With no remaining claims against them, the following defendants are dismissed from the case: The City of Wauwatosa, Dennis McBride, and Jeffrey Farina.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motion for partial summary judgment (Docket # 268) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket # 257) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties' motions to strike (Docket # 279, Docket # 308, Docket # 323) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motions for sanctions (Docket # 246, Docket # 326) are **DENIED**.

**IT IS FURTHER ORDERED** that the following sealing motions are **GRANTED**: (Docket # 260, Docket # 270, Docket # 276, Docket # 300, Docket # 304, Docket # 307, Docket # 313.)

**FINALLY, IT IS ORDERED** that the defendants' motion for extension of time (Docket # 317) is **MOOT**.

**FINALLY, IT IS ORDERED** that in preparing their final pretrial reports, the parties are instructed to address *only* the remaining claims and parties. They are not to address dismissed claims and parties.

43

Dated at Milwaukee, Wisconsin this 13th day of March, 2023.

BY THE COURT:

_____

NANCY JOSEPH
United States Magistrate Judge

44

# United States District Court

### EASTERN DISTRICT OF WISCONSIN

**ANDREW AARON, ET AL.,**
                            Plaintiffs,

**JUDGMENT IN A CIVIL CASE**

                    v.

Case No. 20-CV-1660

**DOMINICK RATKOWSKI AND JOSEPH ROY,**
                            Defendants.

---

☑      **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**IT IS HEREBY ORDERED AND ADJUDGED** that the remaining named Plaintiffs recover nothing on their claims against the remaining named Defendants, Dominick Ratkowski and Joseph Roy.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** on its merits.

Approved:     _____

NANCY JOSEPH
United States Magistrate Judge

Dated:  May 8, 2023

GINA M. COLLETTI
Clerk of Court

*s/ Evan Romel*
_____
(By) Deputy Clerk